**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. CORNEAL AND<br>SANDRA Y. CORNEAL | CASE NO. 1:00-CV-1192 |
| vs. | |
| JACKSON TOWNSHIP, Huntingdon County, Pennsylvania,<br>W. THOMAS WILSON, Individually and in his Official Capacity as Supervisor of Jackson Township, MICHAEL YODER, Individually and in his Official Capacity as Supervisor of Jackson Township,<br>RALPH WEILER, Individually and in his Official Capacity as Supervisor of Jackson Township, BARRY PARKS, Individually and in His Official Capacity as Sewage Enforcement Officer of Jackson Township, DAVID VAN DOMMELEN, Individually and in his Official Capacity as Building Permit Officer, ANN I. WIRTH, Individually and in her Official Capacity as Secretary of Jackson Township, and | JURY TRIAL DEMANDED<br><br>FILED<br>HARRISBURG<br>JUL 1 2 2002<br>MARY E.<br>Per |

**DEFENDANTS' JACKSON TOWNSHIP, W. THOMAS WILSON,
MICHAEL YODER, RALPH WEILER, BARRY PARKS,
DAVID VAN DOMMELEN AND ANN I. WIRTH'S
CONCISE STATEMENT OF ADMITTED FACTS UNDER LOCAL RULE
OF CIVIL PROCEDURE 56.1**

Local Rule of Civil Procedure 56.1 provides that, "... all material facts set forth in this statement require to be served by the Moving Party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Plaintiffs have not filed a separate, short and Concise Statement

of Material Facts responding to Defendants' numbered paragraphs set forth in their Statement required under Local Rule 56.1. Accordingly, the following material facts outlined in Defendants' Statement of Material Facts are deemed admitted.

In approximately 1997 or 1998, the Board began discussions with regard to the development of subdivision and land development ordinance. A proposed subdivision and land development ordinance was drafted and revised over a two year period with the assistance of Richard Stahl of the Huntingdon County Planning Commission, the Pennsylvania Association of Township Supervisors, and the Township Solicitor, Lawrence Newton. The Jackson Township Board of Supervisors utilized the Township Code and the Municipal Planning Act to formulate the ordinance. The proposed SALDO draft was sent to the Huntingdon County Planning Commission for review prior to its adoption; the County suggested various changes and the final version was sent to Solicitor Lawrence Newton for review. On July 10, 2000, the Jackson Township Board of Supervisors held a meeting, which was advertised prior to July and copies of the proposed SALDO were available at the Daily News, the County Law Library and the office of the Township Secretary, Ann I. Wirth. The SALDO was passed at the July 10, 2000 meeting along with privy and driveway ordinances.

Prior to the adoption of the SALDO, the Jackson Township Board of Supervisors imposed a moratorium on subdivision development at their January 2000 meeting; a copy of the Minutes of the January 2000 meeting reflect this action. Township Solicitor Lawrence Newton advised the Township that he believed that the Township could legally impose a moratorium and further testified that he believed this to be true, even though there was no subdivision ordinance in effect.

In the fall of 1999, Plaintiffs hired Mr. David Simpson to perform a survey of their property and to prepare sewage modules and a subdivision plan. Mr. Simpson advised Mr. Corneal that Mr. Corneal needed to get test pits dug and the Sewage Enforcement Officer involved at the time. When Mr. Corneal purchased the lot, it included an existing house and a barn; there was also a stream that ran across Plaintiffs' property. At the time the test pits were dug, Plaintiffs contemplated subdividing the property into approximately five or six lots. Mr. Simpson testified that Mr. Corneal expressed a desire to lay out approximately nine lots. Mr. Corneal was advised that if he was going to subdivide, Mr. Corneal should do it before the year 2000 because the Township had been working on an ordinance.

On or about January 25, 2000, Mr. Simpson contacted Ms. Wirth to

determine the date of the Township's next monthly meeting. Mr. Simpson advised Mr. Corneal that the Township would be putting a moratorium in place. The earliest plan completed for the Corneal property is February 4, 2000. At the February 2000 Township Board of Supervisors meeting, Mr. Corneal was advised that there was a moratorium on subdivision development.

Corneal then submitted the initial subdivision plans to the Huntingdon County Planning Commission, which was in accordance with the practice and procedure utilized in Huntingdon County. In any subdivision, the Township Supervisors were required by the Pennsylvania DEP to review and approve subdivision plans whether or not they had an ordinance, this was strictly in compliance with the Department of Environmental Protection policies. On February 24, 2000, the Huntingdon County Planning Commission recommended the denial of Plaintiffs' initial plans or sketches.

Mr. Simpson revised Mr. Corneal's plans on or about April 7, 2000, which plans included two proposed lots. One lot contained the existing house and barn and the remainder lot provided for construction of an apartment, garage and/or art studio. On April 3, 2000, at the regular monthly meeting of the Township Supervisors, Mr. Corneal demanded that the Supervisors sign the proposed sewage

modules. However, Mr. Corneal did not provide revised subdivision plans to the Township at that time.

Later, Mr. Corneal requested a privy permit from Mr. Parks. However, Mr. Parks advised Mr. Corneal that the Corneals had piped water on the property and also water under pressure, DEP regulations precluded use of a privy.

On or about April 27, 2000, Corneal requested a building permit from the Township Permit Officer, David Van Dommelen. Mr. Corneal advised Mr. Van Dommelen that he was going to build a garage and a house. The only drawings Mr. Corneal had with him were for a four-stall garage with a second story for a studio, which required septic use. Van Dommelen denied Corneal's request for a building permit because Mr. Corneal did not have proper documentation. Nonetheless, Mr. Corneal began construction of a driveway on his property in April or May of 2000.

Mr. Corneal built a garage and house on his property without first obtaining the requisite permits and/or approval including, but not limited to, septic permits, building permits, driveway access permits, and the modification or correction of the plan that was attached to the sewer module. In July 2000, the Corneals were advised that they were in violation of the Township Building Permit Officer since they had

begun construction on their property without first obtaining the requisite building permits.

                              **MAYERS, MENNIES & SHERR, LLP**

                        BY: _____
                             ANTHONY R. SHERR, ESQUIRE
                             Attorney for Defendants

                             3031 Walton Road, Building A
                             Suite 330, P.O. Box 1547
                             Blue Bell, PA 19422-0440
                             (610) 825-0300
                             Fax (610) 825-6555

## CERTIFICATE OF SERVICE

I, Cheryl Zeigler, hereby certify that on the 12th day of July, 2002, a true and correct copy of Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth's Concise Statement of Admitted Facts Under Local Rule of Civil Procedure 56.1 was served by first class regular mail, postage prepaid upon the following:

Bridget E. Montgomery, Esquire
Adam Sheinvold, Esquire
Eckert, Seamans Cherin & Mellott
213 Market Street, 8th Floor
Harrisburg, PA 17101


BY: _____
Cheryl Zeigler
Legal Assistant to Anthony R. Sherr