● ORIGINAL ●

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID B. CORNEAL and           :      NO. 1:CV-00-1192
SANDRA Y. CORNEAL,             :
                     Plaintiffs :      JURY TRIAL DEMANDED
                                :                      FILED
          v.                    :                 HARRISBURG, PA
                                :      RAMBO, J.
JACKSON TOWNSHIP,              :                    JUL 29 2002
Huntingdon County, Pennsylvania, :
*et al.*,                       :              MARY E. D'ANDREA, CLERK
                                :              Per _____
                     Defendants :                    Deputy Clerk

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## ANSWER TO DEFENDANTS' STATEMENT OF MATERIAL FACTS
## *NUNC PRO TUNC* AND RESPONSE TO DEFENDANTS' "STATEMENT
## OF ADMITTED FACTS"

Plaintiffs, David B. Corneal and Sandra Y. Corneal, through their attorneys,

Eckert Seamans Cherin & Mellott, LLC, submit this, response to defendants'

"Concise Statement of Admitted Facts" and Motion for Leave to File an Answer to

Defendants' Statement of Material Facts *Nunc Pro Tunc*.

1.      This matter is a suit for violation of federal civil rights and pendent

state claims brought pursuant to 42 U.S.C. § 1983.

2.      As a result of various discovery extensions, the Court vacated the

deadline for dispositive motions by Order dated April 26, 2001.

3.      Plaintiffs, desiring to file a motion for summary judgment, but also

aware that defendants likely would be moving for summary judgment as well,

attempted to contact counsel for defendants beginning in approximately February 2002 to coordinate a filing deadline for dispositive motions.

4.      Defendants' counsel, however, refused to cooperate in plaintiffs' efforts to coordinate filing of dispositive motions.

5.      On or about May 22, 2002, without consulting plaintiffs for scheduling or coordination purposes, defendants filed a motion for summary judgment and statement of material facts in support thereof.

6.      The undersigned thereafter communicated with counsel for defendants, who agreed to contact the undersigned so that plaintiffs' cross-motion for summary judgment and supporting papers could be filed the same day as defendants supporting brief and appendix of exhibits, thereby simplifying the schedule for the Court and the parties.

7.      Despite counsel's promise, defendants filed their brief in support of summary judgment and appendix of exhibits on or about June 6, 2002, without any attempt at coordination with plaintiffs.

8.      The undersigned thereafter, again, contacted counsel for the defendants to seek concurrence in the filing of consolidated papers in support of plaintiffs' motion for summary judgment and in opposition to defendants' motion for summary judgment, in an effort to minimize the volume of paper generated by this case.

9. Counsel concurred in that motion, and plaintiffs on June 24, 2002, filed a Motion for Summary Judgment, Consolidated Statement of Undisputed Material Facts in Support of Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment, Brief in Support of Motion for Summary Judgment and in Opposition to Defendants Motion for Summary Judgment, and Appendix of Exhibits in Support of Plaintiffs' Motion for Summary Judgment.

10. Now, despite having concurred in the filing of consolidated papers and despite the Order of this Court dated June 25, 2002, approving such consolidated filing, defendants on July 15, 2002, filed a document titled "Statement of Admitted Facts," which purports to deem admitted all of the "facts" set forth in defendants' Statement of Material Facts.

11. Defendants assert that their statement of material facts must be deemed admitted because plaintiffs filed a consolidated statement of material facts in support of their own motion for summary judgment and in opposition to defendants' motion, rather than admitting or denying *seriatim* each and every paragraph of defendants' statement of material facts in addition to filing a separate statement of undisputed material facts.

12. Aside from elevating form over substance, and flooding the Court with even more unnecessary filings, it simply is spurious for defendants to suggest that their version of the facts should be deemed admitted when plaintiffs have

3

cross-moved for summary judgment and filed their own extensive statement of undisputed material facts.

13.    Local Rule of Civil Procedure 56.1 states, in pertinent part, "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted *unless controverted by the statement required to be served by the opposing party*." L.R. 56.1 (emphasis added).

14.    Even a cursory review of plaintiffs' filings will demonstrate beyond question that they have controverted and do dispute nearly every single one of defendants' purportedly "undisputed" facts.

15.    Moreover, a review of defendants' statement of material facts demonstrates clearly that the vast majority of the "facts" set forth therein are not only disputed, but are immaterial to the claims made by plaintiffs (see, e.g., ¶¶ 7-9 of defendants' statement of material facts; defendant Wilson's level of formal education is completely immaterial to whether he used his public office to intentionally interfere with the Corneals' ability to develop their property).

16.    Nevertheless, since defendants have opted to resort to procedural games in an attempt to bolster their case, plaintiffs will gladly file a point-by-point answer to defendants' statement of material facts if the Court deems it necessary; if that is the case, plaintiffs respectfully move the Court for leave to file the attached proposed Answer to defendants' statement of material facts *nunc pro tunc*. A copy

of plaintiffs' proposed Answer to Defendants' Statement of Material Facts is

attached hereto as Exhibit A.

Wherefore, plaintiffs respectfully request this Court to deny defendants'

"Concise Statement of Admitted Facts" and, if the Court deems it necessary, grant

plaintiffs' leave to file an Answer to Defendants' Statement of Material Facts in

Support of Their Motion for Summary Judgment *nunc pro tunc.*


Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC


Bridget E. Montgomery, Esquire
Supreme Ct. I.D. #56105
Adam M. Shienvold, Esquire
Supreme Ct. I.D. #81941
One South Market Square Building
213 Market Street
Harrisburg, PA 17101
(717) 237-6000

Date:  July 29, 2002          Attorneys for Plaintiffs,
                              David B. and Sandra Y. Corneal

## CERTIFICATE OF SERVICE

I, Adam M. Shienvold, Esquire, hereby certify that I am this day serving a copy of the foregoing document via First Class U.S. Mail, which service satisfies the requirements of the Federal Rules of Civil Procedure and Middle District Local Rules of Court, addressed as follows:

> Anthony R. Sherr, Esquire
> Mayers, Mennies & Sherr, LLP
> 3031 Walton Road, Building A
> Suite 330, P.O. Box 1547
> Blue Bell, PA  19422-0440

_____
Adam M. Shienvold, Esquire

Date:  July 29, 2002        Attorney for Plaintiffs,
                            David B. and Sandra Y. Corneal

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID B. CORNEAL and     :     NO. 1:CV-00-1192
SANDRA Y. CORNEAL,     :
         Plaintiffs   :     JURY TRIAL DEMANDED
     v.     :
      :     RAMBO, J.
JACKSON TOWNSHIP,     :
Huntingdon County, Pennsylvania,     :
*et al.*,     :
         Defendants   :

## PLAINTIFFS' ANSWER TO DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule of Civil Procedure 56.1, plaintiffs, David B. Corneal and Sandra Y. Corneal, through their attorneys, Eckert Seamans Cherin & Mellott, LLC, submit this Answer to the "Statement of Material Facts in Support of Their Motion for Summary Judgment" that defendants filed with this Court on or about July 15, 2002

     1.     Admitted. By way of further answer, the facts recited in this paragraph are immaterial to the pending motions for summary judgment.

     2.     Admitted. By way of further answer, the facts recited in this paragraph are immaterial to the pending motions for summary judgment.

3.    Denied.  This paragraph is a characterization of a written document that speaks for itself.  Furthermore, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

4.    Admitted.

5.    Admitted.

6.    Defendants have failed to include any reference to the part of the record that supports the "facts" alleged in this paragraph.  Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

7.    Defendants have failed to include any reference to the part of the record that supports the "facts" alleged in this paragraph.  Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

8.    Defendants have failed to include any reference to the part of the record that supports the "facts" alleged in this paragraph.  Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

9.    Denied.  Defendant, W. Thomas Wilson (not Mr. Weiler) is the President of Eagle Excavation.  It is admitted that Mr. Wilson performed excavating work for approximately 12 years.  The remaining facts recited in this

paragraph, even if true, are immaterial to the pending motions for summary judgment.

10.    Defendants have failed to include any reference to the part of the record that supports the "facts" alleged in this paragraph. Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

11.    Admitted.

12.    Admitted.

13.    Admitted that Mr. Corneal holds a law degree and also that Mr. Corneal teaches undergraduate classes in business law and entrepreneurship at the Pennsylvania State University. Denied that Mr. Corneal is a practicing attorney. [Corneal Dep. 8:17-9:17] By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

14.    Denied. The averments of this paragraph are too vague and imprecise to be of any value to the Court in evaluating the pending motions for summary judgment. By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

15.    Denied. The record citations referenced do not support the averments of this paragraph. By way of further answer, the averments of this paragraph are

too vague and imprecise to be of any value to the Court in evaluating the pending motions for summary judgment. Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

16.    Denied. The record citations referenced do not support the averments of this paragraph. By way of further answer, the averments of this paragraph are too vague and imprecise to be of any value to the Court in evaluating the pending motions for summary judgment. Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

17.    Denied. The averments of this paragraph are too vague and imprecise to be of any value to the Court in evaluating the pending motions for summary judgment. Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

18.    Admitted that defendant Wirth testified generally as indicated. By way of further answer, the averments of this paragraph are too vague and imprecise to be of any value to the Court in evaluating the pending motions for summary judgment. Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

19.    Denied. The averments of this paragraph are too vague and imprecise to be of any probative value to the Court in evaluating the pending motions for

summary judgment.  Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

20.     Admitted that the July 10, 2000, Jackson Township Board of Supervisors' meeting was advertised.  The record citations referenced do not support the remaining averments of this paragraph.  By way of further answer, it is denied that copies of the proposed subdivision and land development ordinance were available at the Office of the Township Secretary, Ann I. Wirth.  See ¶¶ 89-91 of Plaintiffs' Consolidated Statement of Undisputed Material Facts and record citations contained therein (hereinafter "Plaintiff's Statement").

21.     Admitted.

22.     Denied as stated.  Prior to the adoption of the Subdivision and Land Development Ordinance, the Jackson Township Board of Supervisors purported to impose an unlawful moratorium on all new land development and subdivisions at the January 4, 2000, meeting of the Board of Supervisors.  Moreover, even if the Township were permitted to implement such a moratorium, the Board of Supervisors failed to comply with any aspect of the Second Class Township Code or the Municipalities Planning Code, which govern the enactment of land use ordinances and regulations in the Jackson Township.  See Plaintiffs' Statement at ¶¶ 45-69 and record citations contained therein.

23.    Denied.  The record citations referenced do not support the averments of this paragraph.  By way of further answer, this statement is a mischaracterization of the testimony of Township Solicitor Larry Newton.  To the contrary, Mr. Newton testified that he did not "know prior to the time [the Township] passed the moratorium or attempted to pass it in January 2000 that they were going to do so," [Newton Dep. at 25:14-17], and further testified that none of the defendants ever asked him "whether it was permissible to have a moratorium when there actually wasn't a subdivision ordinance in place."  [Id. at 25:23-26:4]

24.    Admitted.  By way of further answer, the Corneals first contacted Mr. Simpson about subdividing the Property in the spring of 1999. [Simpson Dep. at 13:2-5; Corneal Dep. at 31:1-4]

25.    Admitted.  The facts recited in this paragraph, however, are immaterial to the pending motions for summary judgment.

26.    Admitted.

27.    Admitted.

28.    Admitted.

29.    Denied.  See Plaintiffs' Statement at ¶ 41, and record citations contained therein.

30.    Admitted.  The facts recited in this paragraph, however, are immaterial to the pending motions for summary judgment.

31.    Admitted.

32.    Admitted that Mr. Simpson testified, very equivocally, as indicated. By way of further answer, the averments of this paragraph are too vague and imprecise to be of any value to the Court in evaluating the pending motions for summary judgment.  Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

33.    Admitted.  The facts recited in this paragraph, however, are immaterial to the pending motions for summary judgment.

34.    Denied.  The record citations referenced do not support the averments of this paragraph.  The statement in paragraph 34 is a mischaracterization of the testimony of David Simpson.  The Township claims to have implemented a moratorium at the monthly meeting on January 4, 2000, but such moratorium was substantively and procedurally invalid and ineffective.  See Plaintiffs' Statement at ¶ 43.  Mr. Simpson first communicated with the Township on January 25, 2000, at which time Defendant Wirth informed him that the Township was working on adopting a subdivision ordinance, and also told Mr. Simpson that there was a moratorium on new subdivisions.  [Simpson Dep. at 15:23-16:17]  That conversation with defendant Wirth on January 25, 2000, was the first time that Mr. Simpson had heard about the Moratorium.  [Id. at 16:18-20]  Consequently, it is

impossible that Mr. Simpson "advised Mr. Corneal that the Township would be putting a moratorium in place."

35.     Admitted that Mr. Simpson testified generally as indicated.  The facts recited in this paragraph, however, are immaterial to the pending motions for summary judgment.

36.     Admitted.  By way of further answer, the Township and various defendants were well aware of the Corneals' subdivision plans long before February 4, 2000.  [Wilson Dep. at *passim*, Parks Dep. at *passim*]

37.     Admitted that Mr. Corneal was so advised at the February meeting.  It is expressly denied, however, that the Moratorium was in any sense a valid exercise of the Township's authority.

38.     Admitted that Mr. Corneal submitted his Initial Subdivision Plan to the Huntingdon County Planning Commission at the suggestion of the Township. It is denied that Mr. Corneal was in any way required by law or regulation to submit his Initial Subdivision Plan to the Huntingdon County Planning Commission.

39.     Denied.  The record citations referenced do not support the averments of this paragraph.  The statement in paragraph 39 is a mischaracterization of the testimony of defendant Wirth.  To the contrary, defendant Wirth testified that "to the best of [her] knowledge" every subdivision plan that has been submitted to the

8

Township also has been sent to the Huntingdon County Planning Commission for review.  [Wirth Dep. at 119:10-25]

40.    Denied.  The record citations referenced do not support the averments of this paragraph.  The statement in paragraph 40 is a mischaracterization of the testimony of Township Solicitor Larry Newton.  Mr. Newton did not testify that, in general, the Board was acting in accordance with the practice and procedure utilized in Huntingdon County.  To the contrary, Mr. Newton testified that the Township did not seek his advice with regard to adopting the legal position that construction of a second dwelling on a large tract of land constituted a "subdivision," but that in his opinion the Township acted in accordance with the practice and procedure utilized in Huntingdon County on that precise issue. [Newton Dep. at 89:23-93:11]

41.    Admitted that Simpson testified as quoted in response to the question "what was your understanding at the time that you probably explained to Mr. Corneal [the general process of subdividing a piece of property as best [you] understood it at the time.]"  [Simpson Dep. at 23:6-10].  Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.  Furthermore, defendant Parks did, in fact, review and approve the Corneals' subdivision plan for compliance with DEP regulations in his capacity as Sewage Enforcement Officer for Jackson Township, but the defendants,

9

including defendant Parks, unlawfully interfered with the Corneals' right to use,

enjoy and develop their property by imposing the Moratorium, arbitrarily denying

the Corneals land use and building permits, interfering with the contract of sale of

a portion of the Property, and generally abusing their public offices to undermine

their land development efforts.

42.    Denied.  The letter from the Huntingdon County Planning

Commission is a document that speaks for itself.

43.    Admitted that Mr. Simpson revised the Initial Subdivision Plan to

accommodate the concerns that were raised by the Huntingdon County Planning

Commission and the Township.

44.    Admitted.

45.    Admitted.

46.    Admitted.

47.    Denied as stated.  After being repeatedly frustrated by the defendants'

illegal conduct, and anxious to commence construction of his house, Mr. Corneal

informed the Township at the April 3, 2000, meeting of the Township Board of

Supervisors that he was withdrawing his subdivision application, and merely was

requesting the Township to approve the sewage modules so that the Corneals could

begin construction of their home, garage and art studio on the Property.  That

action was in no way a concession that the defendants were authorized to place the

demands on or issue denials of permits and approvals to plaintiffs. See Plaintiff's Statement at ¶¶ 93-96 and record citations contained therein.

48.    Admitted that defendant Wilson testified as indicated. By way of further answer, the Supervisors told Mr. Corneal that they would not sign the sewer modules at the April 3, 2000, meeting of the Township Board of Supervisors because of the Moratorium, and further refused to sign sewage modules for the art studio or garage. Plaintiffs have always contended and continue to contend that the Defendants acted unlawfully. See Plaintiffs' Statement at ¶¶ 96-100 and record citations contained therein.

49.    Admitted.

50.    Denied. See Plaintiffs' Statement at ¶¶ 103-105 and record citations contained therein.

51.    Denied. See Plaintiffs' Statement at ¶¶ 103-105 and record citations contained therein.

52.    Denied. On or about April 27, 2000, Mr. Corneal requested an application for a building permit from defendant Van Dommelen, and Mr. Van Dommelen refused to provide even the application for a building permit to Mr. Corneal. See Plaintiffs' Statement at ¶¶ 126-130 and record citations contained therein.

53.    Denied.  When Mr. Corneal identified himself to defendant Van Dommelen, Van Dommelen told Mr. Corneal that he could not issue a building permit because the Township Board of Supervisors had instructed him not to give a building permit.  See Plaintiffs' Statement at ¶¶ 126-130 and record citations contained therein.

54.    Denied.  Defendant Van Dommelen denied Mr. Corneal's request for a building permit because the Township Board of Supervisors previously had instructed him not to give a building permit to Mr. Corneal, and because while Mr. Corneal was at defendant Van Dommelen's house seeking a building permit, defendant Van Dommelen telephoned defendant Wilson, who told defendant Van Dommelen "don't you dare issue him a permit."  See Plaintiffs' Statement at ¶¶ 126-130 and record citations contained therein, and Van Dommelen Dep. at 68:1-9.

55.    Denied.  The statement in paragraph 55 is a conclusion of law, and is inappropriate for inclusion in a statement of undisputed material facts pursuant to local rule 56.1.

56.    Denied as stated.  When Mr. Corneal went to defendant Van Dommelen's home to request a building permit, Mr. Corneal had architectural plans for a four-stall garage with an upstairs studio.  [Van Dommelen Dep. at 65:18-20, 66:8-10]  Defendant Van Dommelen testified that he believed that Mr.

12

Corneal's art studio required a septic system, despite that Mr. Van Dommelen also is an artist, and his personal art studio does *not* have a septic system. [Id. at 66:18-19] Furthermore, Defendant Van Dommelen conceded that, assuming Mr. Corneal did not want water in his studio, that he would not need a septic system. [Van Dommelen Dep. at 67:6-9]

57.     Admitted that defendant Van Dommelen testified as indicated. By way of further answer, defendant Van Dommelen made the statement quoted in paragraph 57 in response to a line of questioning about defendant Van Dommelen's handwritten notes on his copy of the Complaint in this action. Mr. Van Dommelen wrote the words "not subdividing" next to paragraph 51 of the Complaint. [Van Dommelen Dep. at 113:2-6] When asked why he wrote those words, defendant Van Dommelen testified that "he was going to subdivide and then he said he wasn't going to subdivide so he was fluctuating back and forth." [Id. at 113:7-10] Van Dommelen then agreed that Mr. Corneal simply had changed his mind about subdividing only after the defendants "told him he couldn't subdivide because there was a moratorium in place" and because "he couldn't get the approvals that he needed." [Id. at 113:11-21]

58.     Denied. In or around April 2000, the Corneals began resurfacing the existing driveway on the Property. [Corneal Dep. at 111:15-18 and 112:1-5]

59.    Admitted that on or about July 28, 2000, Township Solicitor Newton forwarded the letter included in defendants' Appendix as Exhibit 18 to Mr. Corneal. The allegations of the letter itself, however, are denied. By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

60.    Denied that plaintiffs failed to obtain any required permits or approvals before constructing a house or garage on his property. To the contrary, the Corneals had complied with the Building Permit Ordinance, the Municipalities Planning Code and the Second Class Township Code by waiting more than 90 days after submitting their building permit applications, resulting in the permit applications being deemed approved, before commencing construction. By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

61.    Denied.  Plaintiffs are entirely incapable of discerning what was "apparent" to defendants. By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

62.    Denied.  The record citations referenced do not support the averments of this paragraph. To the contrary, the Corneals retained Mr. Williams to "try to solve" the litigation filed by the Township in Huntingdon County, and to work

through the defendants' illegal actions. [Williams Dep. at 14:14-16] By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

63.    Admitted that the Corneals already had commenced construction on the Property at the time they retained Mr. Williams. By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

64.    Denied as stated. On November 14, 2000, Mr. Williams appeared at the Huntingdon County Courthouse to represent the Corneals in a petition for preliminary injunction that had been filed against them by the Township. When Mr. Williams arrived at the courthouse, he had an opportunity to meet with Mr. Newton, as well as defendants Wilson, Weiler, Yoder, Wirth, Parks and Van Dommelen. [Williams Dep. at 13:5-15:20] By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

65.    Admitted that Mr. Williams testified as indicated. The quoted testimony, however, is modified from the original and is presented completely out of context. As set forth in the answer to paragraph 64, above, Mr. Williams' only purpose in being at the Huntingdon County Courthouse on November 14, 2000, was to represent the Corneals in the litigation initiated by the Township.

Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

66.    Denied.  The record citations referenced do not support the averments of this paragraph.  To the contrary, Mr. Williams was concerned that the Township had no legitimate basis for denying Mr. Corneal's permits, but had undertaken an enforcement action that posed a great financial risk to his client, and he had to try to help resolve that threat.  On the basis of his 28 years of experience of dealing with local governmental bodies, Mr. Williams simply attempted to work around and accommodate the Township's demands, rather than litigating the legality of the Township's demands; the Corneals litigated those issues in this lawsuit. [Williams Dep. at 65:8-18]  Furthermore, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

67.    Denied.  The quoted text is not a full and accurate reproduction of Mr. Williams' testimony, and the testimony reproduced is presented out of context.  By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

68.    Admitted that Mr. Williams offered to file an application for a driveway permit on behalf of the Corneals.  Any implication by defendants that Mr. Williams conceded that the Corneals were legally required to file such an application, however, is expressly denied.  To the contrary, Mr. Williams testified

16

that the Corneals were not legally required to file any such application, but that they agreed to do so in an effort to quickly resolve the dispute between the Township and the Corneals relating to the construction of the Corneals' house, garage and art studio. [Williams Dep. at 65:8-18] By way of further answer, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

69.    Admitted. In fact, it is believed, and therefore averred, that the Township agreed to issue various permits to the Corneals because of the instant civil rights litigation.

70.    Admitted. By way of further answer, the facts recited in this paragraph, however, are immaterial to the pending motions for summary judgment.

71.    Denied. The record citations referenced do not support the averments of this paragraph. By way of further answer, the averments of this paragraph are an incomplete and inaccurate recitation of the Mr. Williams' discussion with the SEO. Moreover, the facts recited in this paragraph, even if true, are immaterial to the pending motions for summary judgment.

72.    Admitted that Mr. Williams testified generally as indicated. The facts recited in this paragraph, however, are immaterial to the pending motions for summary judgment.

## Additional Facts in Opposition to Defendants' Statement of Material Facts

73.    Plaintiffs incorporate by reference the Consolidated Statement of Undisputed Material Facts in Support of Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment, as though the same were more fully set forth herein.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Bridget E. Montgomery, Esquire
Supreme Ct. I.D. #56105
Adam M. Shienvold, Esquire
Supreme Ct. I.D. #81941
One South Market Square Building
213 Market Street
Harrisburg, PA 17101
(717) 237-6000

Date:  July 29, 2002          Attorneys for Plaintiffs,
David B. and Sandra Y. Corneal