

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID B. CORNEAL AND
SANDRA Y. CORNEAL

CASE NO. 1:00-CV-1192

vs.

JACKSON TOWNSHIP, Huntingdon
County, Pennsylvania,
W. THOMAS WILSON, Individually and
in his Official Capacity as Supervisor of
Jackson Township, MICHAEL YODER,
Individually and in his Official Capacity as
Supervisor of Jackson Township,
RALPH WEILER, Individually and in his
Official Capacity as Supervisor of Jackson
Township, BARRY PARKS, Individually
and in His Official Capacity as Sewage
Enforcement Officer of Jackson Township,
DAVID VAN DOMMELEN, Individually
and in his Official Capacity as Building
Permit Officer, ANN I. WIRTH,
Individually and in her Official Capacity as
Secretary of Jackson Township, and

JURY TRIAL DEMANDED

FILED
HARRISBURG, PA
FEB 14 2003
MARY E. D'ANDREA, CLERK
Per _____

**DEFENDANTS' JACKSON TOWNSHIP, W. THOMAS WILSON,
MICHAEL YODER, RALPH WEILER, BARRY PARKS,
DAVID VAN DOMMELEN AND ANN I. WIRTH'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
FOR RECONSIDERATION AND IN SUPPORT OF THEIR
CROSS-MOTION FOR RECONSIDERATION**

I. **INTRODUCTION**

On December 23, 2002 this Honorable Court denied, in part, Defendants'

Motion for Summary Judgment on Plaintiffs' substantive due process claim and

Defendants' claim for qualified immunity. This Honorable Court should reconsider this portion of its ruling. The Third Circuit's recent decision in United Artists Theatre v. The Township of Warrington, 316 F.3d 392 presents a change in the controlling law, which bears on these claims.[1] The undisputed facts of record fail to demonstrate that any individual officer's actions "shocked the conscience" and, as such, Defendants' Motion for Summary Judgment on these claims was proper and should have been granted. Since there has been an intervening change in the law, Defendants' Motion for Reconsideration is appropriate and must be granted.

This Honorable Court also entered its Order denying Plaintiffs' Motion for Summary Judgment and granting in part Defendants' Motion for Summary Judgment on Plaintiffs' claim for intentional interference with a contract. Plaintiffs have filed a Motion for Reconsideration on this claim and contend that this Honorable Court erroneously concluded that there was no genuine issue of material fact, which precluded summary judgment. Plaintiffs' Motion in this regard must be denied, since they have failed to present any basis upon which this Court should reconsider its previous Order.

---

1 A true and correct copy of the Opinion is attached hereto as Exhibit "1".

II. **ARGUMENT**

A. **LEGAL STANDARD**

A Motion for Reconsideration may be used to correct a clear error of law or to prevent manifest injustice. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert denied, 476 U.S. 1171 (1986). A Motion for Reconsideration must rely on at least one of three grounds:

1. Intervening change in controlling law,
2. Availability of new evidence not previously available, or
3. Need to correct a clear error of law or to prevent manifest injustice.

Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 215 F.3d 407, 413 (3d Cir. 2000); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 636 (S.D. Miss. 1990).

While there is no appropriate basis for this Court to reconsider Plaintiffs' claim for intentional interference with contract, the intervening change in the law of the appropriate standard in substantive due process claims constitutes an appropriate basis for this Court to reconsider its ruling on Defendants' Motion for Summary Judgment on the substantive due process claim and Defendants' attendant claim of qualified immunity.

B.  **THIS COURT MUST RECONSIDER ITS DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM AND ON DEFENDANTS' CLAIM OF THE ENTITLEMENT OF QUALIFIED IMMUNITY BASED ON A RECENT CHANGE IN THE LAW**

In order to recover under a claim for substantive due process, a Plaintiff must allege and demonstrate that he or she was deprived of a protected property interest by "arbitrary or capricious government action." Taylor Investment Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1290 (3d Cir. 1993). Evidence of "bias, bad faith or improper motive, such as partisan political reasons or personal reasons unrelated to the merits of the Plaintiffs' application," may support a finding of a substantive due process violation. Midnight Sessions Ltd. v. City of Phila., 945 F.2d 667, 682-683 (3d Cir. 1991).

Based on the foregoing standard, this Honorable Court determined that the Corneals adduced sufficient evidence to create a material question of fact as to whether the Township and its employees "deliberately and arbitrarily abused their power ... that is whether their actions ... were motivated by bias, bad faith or improper motive ..." However, since this Court's decision in December, 2002, the Third Circuit has revisited the level of executive abuse of power sufficient to sustain

4

a substantive due process violation.  Essentially, the Third Circuit has rejected the less demanding "improper motive" standard and adopted the "shocks the conscience" standard.  In <u>United Artists Theater, Inc. v. The Township of Warrington, Pa.</u>, 316 F.3d 392 (3d Cir. 2003), an owner and operator of movie theaters brought a §1983 action against the Township and Township Supervisors for alleged due process violations.  Therein, the Township Board of Supervisors allegedly delayed approval of a proposed theater development in order to collect an impact fee offered by a competing developer.  The District Court denied the Supervisors' Motion for Summary Judgment on qualified immunity grounds.  The District Court determined that the theater developer, United Artists, had provided evidence which would permit a fact finder to conclude that the Board intentionally delayed approval in order to receive an impact fee offered by the competing developer.  The District Court further determined that, if proven, the Board's "monetary motivation", was improper, and would constitute a violation of substantive due process.  The District Court addressed the varying standards of "shocks the conscience" and "improper motive" and determined that they were in fact essentially the same.

    On review, the Third Circuit vacated the District Court's decision and

remanded the case for further proceedings. The Third Circuit opined that the proper standard for evaluating the substantive due process claim was whether the Supervisors' actions "shocked the conscience." The Third Circuit further specifically rejected the "improper motive test" originated in Bello v. Walker, 840 F.2d 1124 (3d Cir. 1988) and its progeny and determined that they were no longer good law. United Artists, 316 F. 3d at 400. In this regard, the case of Midnight Sessions Ltd. v. City of Phila., 945 F.2d 667, 682 (3d Cir. 1991), relied on the Bello v. Walker "improper motive test". As such, the Third Circuit has similarly rejected its reliance thereon. United Artists, 316 F.3d at 400. As the Supreme Court observed, in County of Sacramento v. Lewis, 523 U.S. 833, 118 S. Ct. 1708 (1998), "... the core of the concept of due process is protection against arbitrary action and only the most egregious official conduct can be said to be arbitrary in the constitutional sense." (Internal citations omitted). In relying on Lewis, the Third Circuit stated that, "... the 'shocks the conscience' standard encompasses 'only the most egregious official conduct.'" United Artists, 316 F.3d at 400, citing Lewis, 523 U.S. at 846.

Based on this development, the Court must properly reconsider its determination that the Corneals adduced sufficient evidence to create a material fact

6

question as to whether the Township and its employees' actions were motivated by bias, bad faith or improper motive. There is no evidence, which demonstrates that the Defendants' actions shock the conscience. Briefly, as outlined previously, the record evidence demonstrates that the moratorium and SALDO were enacted and put in place for legitimate reasons. Defendants sought the advice of their Solicitor Newton, who advised the Township that he believed that the Township could impose the moratorium. Even in light of the Court's summary of the purportedly undisputed evidence that Defendant, Van Dommelen referred to Mr. Corneal as a "trouble making yuppie" and that he had never before denied an application for a permit until he denied Mr. Corneal's application, along with the other evidence recounted on page 15 of the Court's Memorandum, such evidence is insufficient to shock the conscience. On this basis, this Court must reconsider its ruling on this claim.

Similarly, this Court denied Defendants' Motion for Summary Judgment on qualified immunity grounds. This Court based its denial on the fact that, "... a substantive due process violation is established if Plaintiff demonstrates that 'the decision limiting the intended land use was arbitrarily or irrationally reached.'" As such, the Court determined that since there was a material issue of fact as to the individual Defendants' motivation for taking such an action, summary judgment was

inappropriate. In this regard, since the improper standard was employed with regard to substantive due process claim, Defendants' entitlement to qualified immunity must also be reconsidered.

### C. THERE IS NO BASIS UPON WHICH THIS COURT SHOULD RECONSIDER ITS ORDER WITH RESPECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

As this Court stated in its Opinion, in order to sustain a claim for intentional interference with contractual relations, the Plaintiffs must prove the following:

(1) The existence of a contractual relationship;
(2) An intent on the part of Defendants to harm the Corneals by interfering with their contractual relationship;
(3) The absence of a privilege or justification for such interference; and
(4) Damages resulting from Defendants' conduct.

See Triffin v. Janssen, 626 A.2d 571, 574 (Pa. Super. 1993). Plaintiffs have presented absolutely no basis upon which this Court should reconsider its Order with respect to this claim or its determination that the undisputed material facts of evidence fail to demonstrate an intent on the part of the Defendants to harm the Corneals by interfering with their contractual relationship.

Plaintiffs contend that this Court erroneously concluded that there was no

genuine issue of material fact sufficient to preclude summary judgment on this claim and objects to this Court's reasoning that Plaintiffs, in order to survive summary judgment, had to present some sort of connection between Solicitor Larry Newton's actions and Defendants with respect to the allegation that Defendants caused Hewitt and Smith to terminate their contract with the Corneals. (See Plaintiffs' Brief in Support of Motion for Reconsideration, p. 4). Essentially, Plaintiffs contend that this Court somehow misapprehended their contention that the individual Defendants also sought to interfere with their contract with the Hewitts. Finally, in support of their Motion for Reconsideration, Plaintiffs contend that the undisputed facts presented to the Court on the Cross-Motions for Summary Judgment, "... demonstrate that there was, at a minimum, a sufficient nexus between Newton's actions and the remaining Defendants sufficient to create a genuine issue of material fact which must be submitted to the jury." (Plaintiffs' Brief in Support of Motion for Reconsideration, p. 6). Plaintiffs' argument in support of its Motion for Reconsideration is without merit since this Honorable Court previously considered each of Plaintiffs' arguments during the summary judgment stage. While Plaintiffs suggest that this Court misapprehended its contention that this claim somehow rests solely or primarily on the conduct of Mr. Newton, as Plaintiffs alleged in their

9

Complaint, Plaintiffs original Brief in Support of its Motion for Summary Judgment demonstrates that it has previously made the instant arguments to this Court. Specifically, as a basis for their Motion for Reconsideration, Plaintiffs claim that, "... the Corneals never claimed that Newton was the primary or only Defendant seeking to interfere with their contract with the Hewitts," and further contend that, "... it is readily apparent that the Corneals' claim is that some part of the Defendants' intentions with respect to wrongfully requiring subdivision approval and issuing a moratorium was the intent to interfere with the impending sales of a portion of the house to the Hewitts." (See Plaintiffs' Brief in Support of Motion for Reconsideration, pp. 5-6). Plaintiffs alleged in their original Memorandum of Law in Support of their Motion for Summary Judgment, among other things, that in the course of their unlawful interference with he Corneals' efforts to develop their property, one or more of the Defendants intentionally interfered with the contract for the sale of a portion of the property to the Hewitts. (See Plaintiffs' Memorandum of Law in Support of their Motion for Summary Judgment, p. 34). In support of this conclusion, Plaintiffs recite, in part, the following facts:

> Defendant, Wirth kept Solicitor Newton fully informed about the Corneals' land development efforts throughout the early part of 2000, including the fact that the Supervisors refused to approve, and in fact had no intention of approving, the Corneals subdivision plans or

sewage modules.

(See Plaintiffs' Brief in Support of their Motion for Summary Judgment, pp. 34-35). Based on this fact, and also on the same facts now presented to this Court as a basis for reconsideration, Plaintiffs previously argued that this Court was entitled to infer that Solicitor Newton told Attorney Reeder that the Township had no intention of approving the Corneals' subdivision applicants such that, "... Solicitor Newton, <u>as well as the Defendants</u>, knew that communication of this information to the Hewitts would cause the Hewitts to terminate their contract with the Corneals." (See Plaintiffs' Brief in Support of their Motion for Summary Judgment, pp. 35-36). Based on the foregoing, this Court previously considered Plaintiffs' evidence with regard to the propriety of their claim for intentional interference with contractual relations. The Plaintiffs previously addressed, and this Court necessarily considered the remaining Defendants' actions in relationship to this claim. This Court did not misapprehend Plaintiffs' arguments. There is no basis for reconsideration.

Simply, the Court properly concluded that the Corneals failed to adduce evidence sufficient to prove that the individual Defendants intended to harm the Corneals by interfering with their contractual relationship with the buyers. It is alleged that, "... the fact that Solicitor Newton no longer is a party to the instant

11

litigation is of no moment to the question of whether the Defendants worked together with Solicitor Newton to unlawfully interfere with the Hewitts' performance of their contract with the Corneals." (See Plaintiffs' Brief in Support of their Motion for Reconsideration, p. 9).  In this regard, the Court required only that the Corneals demonstrate some sort of relationship between Newtons' actions and Defendants or, in Plaintiffs' own words, demonstrate that, "... the Defendants worked together with Solicitor Newton to unlawfully interfere with the Hewitts' performance of their contract with the Corneals."  On this basis, the Corneals failed to adduce any such evidence.  This Court has previously considered each of Plaintiffs' arguments with regard to the propriety of this claim and Plaintiffs have presented no new evidence such that this Court should reconsider its previous Order.  In accordance, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion for Reconsideration.

### III. <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion for Reconsideration of the tortious interference with

contract claim and grant Defendants' Motion for Reconsideration with regard to the substantive due process and qualified immunity claim.

> Respectfully submitted,
>
> **MAYERS, MENNIES & SHERR, LLP**
>
> BY: _____
> ANTHONY R. SHERR, ESQUIRE
> Attorney for Defendants
>
> 3031 Walton Road, Building A
> Suite 330, P.O. Box 1547
> Blue Bell, PA 19422-0440
> (610) 825-0300
> Fax (610) 825-6555