

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. CORNEAL AND<br>SANDRA Y. CORNEAL | CASE NO. 1:00-CV-1192 |
| vs. | |
| JACKSON TOWNSHIP, Huntingdon County, Pennsylvania,<br>W. THOMAS WILSON, Individually and in his Official Capacity as Supervisor of Jackson Township, MICHAEL YODER, Individually and in his Official Capacity as Supervisor of Jackson Township,<br>RALPH WEILER, Individually and in his Official Capacity as Supervisor of Jackson Township, BARRY PARKS, Individually and in His Official Capacity as Sewage Enforcement Officer of Jackson Township,<br>DAVID VAN DOMMELEN, Individually and in his Official Capacity as Building Permit Officer, ANN I. WIRTH, Individually and in her Official Capacity as Secretary of Jackson Township, and | Judge Rambo /<br>JURY TRIAL DEMANDED<br><br>FILED<br>HARRISBURG, PA<br><br>FEB 20 2003<br><br>MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

### DEFENDANTS' JACKSON TOWNSHIP, W. THOMAS WILSON, MICHAEL YODER, RALPH WEILER, BARRY PARKS, DAVID VAN DOMMELEN AND ANN I. WIRTH'S MOTION FOR LEAVE TO FILE ANSWER TO PLAINTIFFS' AMENDED COMPLAINT NUNC PRO TUNC

**NOW COMES** Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth by and through their authorized counsel of record, Mayers, Mennies & Sherr, LLP, and moves for leave to file an Answer to Plaintiffs' Amended Complaint nunc pro tunc:

1. On June 30, 2000, Plaintiffs, David B. and Sandra Y. Corneal filed a

Complaint in the United States District Court for the Middle District of Pennsylvania.

2. On August 3, 2000, Defendants filed a Motion to Dismiss alleging in part that Plaintiffs' claims were not ripe; that Plaintiffs failed to demonstrate a taking; that the individual Defendants were entitled to qualified immunity; that the Complaint fails to state a claim for substantive due process violations; and that the Complaint fails to state a claim for the state law violations within Counts I, II and III of the Complaint.

3. Specifically, Defendants move to dismiss Count I allegation of liability under 42 U.S.C. §1983 for violation of Plaintiffs' state constitutional rights; on this basis, Count I was dismissed against all Defendants.

4. Defendants also move to dismiss Count III, Plaintiffs' state law claim of intentional interference with a contractual relationship based on the Governmental Immunity Act, 42 Pa. C.S. §8541 et seq.; Count III was dismissed against the Township.

5. Plaintiffs then moved for leave to amend their Complaint with regard to state law constitutional claims.

6. On October 18, 2001, this Court granted Plaintiffs' Motion.

7. On or about November 6, 2001, Plaintiffs filed an Amended Complaint including a fourth count based on alleged state constitutional claims.

8. In Plaintiffs' Amended Complaint, they allege claims for alleged violations of 42 U.S.C. §1983 based upon alleged procedural and substantive due process violations and three other pendent state law claims, including claims for alleged state law civil conspiracy, alleged state law intentional interference with performance of a contract and alleged state constitutional claims.

9. Subsequently, Plaintiffs and Defendants filed Motions for Summary Judgment.

10. Pursuant to Local Rule of Civil Procedure 56.1, the parties filed separate, proposed concise statements of material facts including responses thereto.

11. On December 23, 2002, this Honorable Court entered an Order and Memorandum with regard to the cross-motions for Summary Judgment.

12. Specifically, this Honorable Court entered its Order denying the Plaintiffs' Motion for Summary Judgment and granting in part Defendants' Motion for Summary Judgment on Plaintiffs' claim for alleged violation of procedural due process and for intentional interference with contractual relations; this Court also granted Defendants' Motion for Summary Judgment on Plaintiffs' state law claim

for civil conspiracy on behalf of the Township based on the Governmental Immunity Act.

13.  Plaintiffs have filed a Motion for Reconsideration with regard to this Court's Order on their claim of intentional interference with contractual relations; Defendants have recently filed a cross-motion for reconsideration based on this Court's denial of its Motion for Summary Judgment on Plaintiffs' substantive due process claim based on a recent change in the governing law.

14.  As a result of clerical error, it was learned that Defendants inadvertently failed to file an Answer to Plaintiffs' Amended Complaint.

15.  The parties have engaged in extensive discovery, and through their dispositive motions, Defendants essentially have denied or admitted the factual averments of Plaintiffs' Complaint.

16.  Also, through the dispositive motions, each party has addressed at length the merits of the other parties' positions and/or defenses.

17.  Plaintiffs' will not be prejudiced by this filing.

18.  Defendants respectfully move this Honorable Court for leave to file the attached Answer to Plaintiffs' Amended Complaint Nunc Pro Tunc.  A copy of

Defendants' Answer to Plaintiffs' Amended Complaint is attached hereto as Exhibit "1".

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant Defendants' Motion for Leave to File the attached Answer to Plaintiffs' Amended Complaint Nunc Pro Tunc.

           **MAYERS, MENNIES & SHERR, LLP**

           BY: _____
           ANTHONY R. SHERR, ESQUIRE
           Attorney for Defendants

           3031 Walton Road, Building A
           Suite 330, P.O. Box 1547
           Blue Bell, PA 19422-0440
           (610) 825-0300
           Fax (610) 825-6555

## CERTIFICATE OF SERVICE

I, Cheryl Zeigler, hereby certify that on the 19th day of February 2003, a true and correct copy of Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth's Motion for Leave to File Answer to Plaintiffs' Amended Complaint Nunc Pro Tunc, was served by first class regular mail, postage prepaid upon the following:

Bridget E. Montgomery, Esquire
Adam M. Shienvold, Esquire
Eckert, Seamans Cherin & Mellott
213 Market Street, 8th Floor
Harrisburg, PA 17101

BY: _____
Cheryl Zeigler
Legal Assistant to Anthony R. Sherr

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. CORNEAL AND<br>SANDRA Y. CORNEAL | CASE NO. 1:00-CV-1192 |
| vs. | |
| JACKSON TOWNSHIP, Huntingdon County, Pennsylvania,<br>W. THOMAS WILSON, Individually and in his Official Capacity as Supervisor of Jackson Township, MICHAEL YODER, Individually and in his Official Capacity as Supervisor of Jackson Township,<br>RALPH WEILER, Individually and in his Official Capacity as Supervisor of Jackson Township, BARRY PARKS, Individually and in His Official Capacity as Sewage Enforcement Officer of Jackson Township,<br>DAVID VAN DOMMELEN, Individually and in his Official Capacity as Building Permit Officer, ANN I. WIRTH, Individually and in her Official Capacity as Secretary of Jackson Township, and | JURY TRIAL DEMANDED |

## CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE

The undersigned hereby certifies that on February 19, 2003, Lori Miller, Esquire contacted the offices of Adam Sheinvold, Esquire, counsel for

Plaintiffs, in order to seek his concurrence in this Motion, but have not received a response.

                              **MAYERS, MENNIES & SHERR, LLP**

                              BY: _____
                                 ANTHONY R. SHERR, ESQUIRE
                                 Attorney for Defendants

                                 3031 Walton Road, Building A
                                 Suite 330, P.O. Box 1547
                                 Blue Bell, PA 19422-0440
                                 (610) 825-0300
                                 Fax (610) 825-6555