2 to G

**ORIGINAL**

FILED
HARRISBURG, PA

MAR 0 3 2003

MARY E. D'ANDREA, CLERK
Per _____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. CORNEAL and SANDRA Y. CORNEAL, | : | NO. 1:CV-00-1192 |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| v. | : | RAMBO, J. |
| JACKSON TOWNSHIP, et al., Defendants | : | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE**

**I.   INTRODUCTION**

This case is a claim arising under 42 U.S.C. § 1983 and state constitutional and common law, in which the Plaintiffs, David B. Corneal and Sandra Y. Corneal, have alleged that the Defendants abused their power as government officials to unlawfully interfere with the Corneals' efforts to develop their land. The Defendants, individually and collectively, improperly passed a moratorium for the sole purpose of preventing the Corneals from developing their property, improperly denied every single application that the Corneals made to the Township, deliberately refused to provide application forms because they "didn't want him to have one" and because he was a "trouble-making yuppie from over the mountain," usurped the authority of supposedly independent township officials, and even filed a baseless lawsuit against the Corneals. Every one of these acts, and

1

many more, were done in deliberate violation of applicable laws and with the specific intent of depriving the Corneals of their constitutionally guaranteed right to use and enjoy their property.

Now before the Court is the Defendants' Motion in Limine, seeking to exclude the testimony of Plaintiffs' expert witnesses, George W. Fasic and Allen G. Heist, on the purported basis that their opinions are not relevant in light of the Court's recent summary judgment Order and Opinion dated December 23, 2002. As more fully set forth below, however, the opinions of Messrs. Fasic and Heist are directly relevant to the essential question before the Court and jury – whether the defendants conduct with regard to the Corneals' land development efforts was so far out of compliance with the applicable law and standards of procedure as to be shocking to the conscience. Accordingly, Defendants' Motion in Limine to exclude the testimony of Messrs. Fasic and Heist must be denied.

## II.   BACKGROUND

The background of this proceeding has been briefed to this Court on numerous occasions during the last two and one-half years. In the interest of brevity, therefore, Plaintiffs will refer the Court to their Statement of Facts set forth in their Brief in Support of Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment, submitted to this Court on or about

June 24, 2002, and their Reply Brief in Support of Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment, submitted to this Court on or about July 29, 2002.

On December 23, 2002, the Court issued its Order and Opinion denying Plaintiffs' Motion for Summary Judgment, and granting in part Defendants' Motion for Summary Judgment. Specifically relevant to Defendants' Motion in Limine, the Court granted Defendants' motion for summary judgment on Plaintiffs' procedural due process claim, but denied Defendants' motion for summary judgment on Plaintiffs' substantive due process claim (which is founded upon the same set of facts as the procedural due process claim).

The Corneals have alleged that the Defendants, individually and collectively, have deprived them of their substantive due process right to use and enjoy their property by, *inter alia*, deliberately and unlawfully violating and perverting the laws and procedures governing land development and use for no purpose other than their malice and ill will toward the Corneals, those "trouble-making yuppie[s] from over the mountain." Specifically, as the record demonstrates: (1) there was no valid subdivision and land development ordinance in Jackson Township when the Corneals submitted their first subdivision application; (2) the Supervisors were aware that the Corneals intended to subdivide the Property long before January 4,

3

{L0262030.1}

2000, the date of their unlawful, unwritten moratorium; (3) despite several opportunities to do so, defendant Wilson never advised Mr. Corneal that the Township was in the process of preparing a subdivision ordinance; (4) the Township implemented the Moratorium without following any of the procedures set forth in the Second Class Township Code (and as a legal issue, there is no legal right to pass an outright subdivision moratorium at all, let alone in the total absence of a subdivision ordinance); (5) with personal animosity toward David Corneal, and without legal authority to do so, the Supervisors directed the Building Permit Officer not to give building permits to the Corneals; (6) with personal animosity towards David Corneal, and without legal authority to do so, the Supervisors directed the Sewage Enforcement Officer not to give any permit or assistance to the Corneals; (7) the Township Secretary denied Mr. Corneal access to public documents, including the proposed subdivision ordinance; and (8) none of the defendants ever consulted with legal counsel to determine if any of their actions were legal. These facts, in addition to the remaining facts of record, demonstrate clearly that the Defendants' actions, individually and collectively, were geared solely toward preventing "that trouble-making yuppie from over the mountain" from using and enjoying his Property, as is his constitutional right.

{L0262030.1}

4

Now, despite the clear allegations and facts of record that demonstrate that the Defendants deprived the Corneals of the constitutionally protected rights through their perversion and disregard of land use laws and procedures, Defendants have submitted their Motion in Limine asserting that the opinions of the Corneals' experts regarding (1) acceptable behavior by township officials in land use determinations and (2) whether the Defendants' conduct in the circumstances presented here was reasonable, are somehow irrelevant.[1] As more fully set forth herein, the expert opinions of Messrs. Heist and Fasic are directly relevant to the ultimate legal issue presented by the Corneals' substantive due process claim: that the Defendants' conduct departed so far from reasonable and accepted practice as to "shock the conscience" and violate substantive due process.

## III. ARGUMENT

A motion in limine to exclude evidence should be granted only when the evidence is clearly inadmissible on all potential grounds. See Koch v. Koch Industries, Inc., 2 F. Supp. 2d 1385, 1387-88 (D. Kan. 1998) (quoting Palmieri v. Defaria, 88 F. 3d 136, 141 (2d Cir. 1996)); Plair v. E. J. Brach & Sons, Inc., 864 F. Supp. 67 (N.D. Ill. 1994). Consequently, the burden is on the movant to establish that the evidence is clearly inadmissible. See Plair at 69. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that

---

[1] It is noteworthy that Defendants have not moved to exclude the experts on any ground other than relevance.

5

{L0262030.1}

questions of foundation, relevancy and potential prejudice may be resolved in the proper context." See Hawthorne Partners v. AT&T Technologies, Inc., 831 F. Supp. 1398 (N.D. Ill. 1993) (citations omitted).

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See F.R.E. 401. Rule 402 provides that "all relevant evidence is admissible," except where prohibited by the constitution laws or other rules of procedure or evidence. See F.R.E. 402.

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F.R.E. 702 (2001).

Under Rule 702, when "faced with a proffer of expert scientific testimony ... the trial judge must determine at the outset ... whether the expert is proposing to testify to (1) scientific [or other specialized] knowledge that (2) will assist the trier

6

{L0262030.1}

of fact to understand or determine a fact in issue." Daubert v. Merrell Dow Pharms., 509 U.S. 579, 592, 113 S. Ct. 2786, 2796 (1993) (footnotes omitted). This gatekeeping function extends beyond scientific testimony to "testimony based on ... 'technical' and 'other specialized' knowledge." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171 (1999). Thus, based on Daubert and Kumho Tire, the Third Circuit has digested the requirements of Rule 702 as embodying "'three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit.'" United States v. Mathis, 264 F.3d 321, 335 (3d Cir. 2001) (quoting Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000)).

In their Motion in Limine, Defendants have not challenged the qualifications or the reliability of the Corneals' experts. The Defendants have challenged only the relevance of the proposed experts' testimony, i.e., the "fit" of the testimony into the case. The "fit" requirement stems from the textual provision that "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." See Mathis, 264 F.3d at 335 (3d Cir. 2001) (quoting F.R.E. 702). Admissibility under this factor turns on "the proffered connection between the [opinions] to be presented and particular disputed factual issues in the case." Oddi v. Ford Motor Co., 234 F.3d 136, 145

7

(3d Cir. 2000). This measure is "not intended to be a high one." Id. On the contrary, the standard for "fit" is similar to the very broad standard of general relevance under the Rules. See Mathis, 264 F.3d at 335. Thus, the advisory committee note to Rule 704 states that: "The basic approach to opinions, lay and expert, in these rules is to admit them when helpful to the trier of fact." Fed. R. Evid. 704, advisory committee notes.

Here, Defendants have not made any showing that the reports or testimony of either Mr. Fasic or Mr. Heist are irrelevant to the Corneals' claims that Defendants violated their substantive due process rights. Defendants' entire motion consists of a general suggestion that, because the Court has dismissed Plaintiffs' procedural due process claims, and because the experts' reports relate to proper procedures for municipal planning and land use and the Defendants departures therefrom, that the opinions are necessarily irrelevant. Defendants have failed to consider, however, that Plaintiffs' claims for violations of substantive due process, and state law constitutional claims, remain viable and are based on the very straightforward assertions and facts that the Defendants so perverted the municipal land use and planning process in their effort to prevent the Corneals from developing their property that they deprived the Corneals of their federal due process rights.

8

{L0262030.1}

As set forth above and in various papers filed with this court over the life of this lawsuit, the Corneals have asserted that Defendants, individually and collectively, ignored the law and procedures governing municipal planning and land use and knowingly and intentionally took those unlawful acts for the sole purpose of depriving the Corneals of their constitutionally protected right to use and develop their property. In order for a jury to consider the Corneals' claims that (1) the Defendants violated the law relating to municipal land use and planning, which violation deprived the Corneals of the right to develop their property, and (2) that Defendants' conduct was intentional and so outrageous as to shock the conscience, the jury first must understand what is accepted and lawful practice for township officials in the context of municipal planning and land use, and the interplay between township, county and state laws regarding development of real estate. Clearly, the accepted standards of conduct for township officials in this context is information that is beyond the knowledge of the average juror. See, e.g., Woodwind Estates v. Gretkowski, 39 F. Supp. 2d 537, 539 (M.D. Pa. 1999) (court relied on expert for interpretation of issues relating to land development and subdivision regulation), rev'd on other grounds, 205 F.3d 118 (3d Cir. 2000), overruled by UA Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392 (3d

9

{L0262030.1}

Cir. 2003) (establishing "shocks the conscience" standard for evaluating substantive due process claims in land-use disputes).

At the end of the day, Mr. Heist's and Mr. Fasic's proposed testimony regarding the accepted standards and procedures for township officials in municipal planning and land use, and that the Defendants knowingly and inexcusably violated those standards and procedures, is directly relevant to the ultimate question to be presented to the jury, and is essential to assist the factfinder in evaluating the evidence, and thus, is proper expert testimony under F.R.E. 702.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to deny Defendants' Motion in Limine.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Bridget E. Montgomery, Esq., 56105
Adam M. Shienvold, Esq., 81941
213 Market Street, 8th Floor
Harrisburg, PA 17101
717-237-6000

Date: 3/3/03

Attorneys for Plaintiffs,
David B. Corneal & Sandra Y. Corneal

10

{L0262030.1}

# CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing document via first-class United States mail, which service satisfies the requirements of the Federal Rules of Civil Procedure and Middle District Local Rules of Court, addressed as follows:

>Anthony R. Sherr, Esq.
>Mayers Mennies & Sherr, LLP
>P. O. Box 1547
>Blue Bell, PA 19422-1547

Date: 3/3/03

Adam M. Shienvold, Esq.
Attorney for Plaintiffs,
David B. & Sandra Y. Corneal

{L0262030.1}