**ORIGINAL**
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
MAR 0 3 2003

| | | |
|---|---|---|
| DAVID B. CORNEAL and<br>SANDRA Y. CORNEAL, | : | NO. 1:CV-00-1192 |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| v. | : | RAMBO, J. |
| JACKSON TOWNSHIP, et al.,<br>Defendants | : | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STRIKE AND IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

I. **INTRODUCTION**

Defendants have filed and briefed a Motion for Reconsideration in this matter. Plaintiffs, David B. Corneal and Sandra Y. Corneal have submitted a Motion to Strike the Defendants' Motion for Reconsideration as untimely. This Brief is submitted in support of the Motion to Strike and in Opposition to Defendants' Motion for Reconsideration.

II. **ARGUMENT**

Defendants seek reconsideration of this Court's December 23, 2002, Memorandum and Order denying Defendants' Motion for Summary Judgment on Plaintiffs' claim for deprivation of federal substantive due process rights. Defendants, however, failed to seek reconsideration within the time allowed by the

Middle District Local Rules or the Federal Rules of Civil Procedure. Indeed, the Defendants filed their Motion for Reconsideration approximately thirty-five days late, and only seven weeks before jury selection is scheduled to begin in this case, and without seeking leave to file out of time or otherwise providing justification or explanation. Consequently, Defendants' Motion for Reconsideration must be stricken as untimely.

This Court's Opinion and Order dated December 23, 2002, denied Defendants' Motion for Summary Judgment on Plaintiffs' claims that Defendants violated their substantive due process rights under the U.S. Constitution. Defendants assert that the Third Circuit Court of Appeals issued controlling authority that overrules the case law relied upon by the Court in reaching its conclusions in the December 23, 2002, Order and Opinion. Defendants, however, failed to raise the issue to the Court until February 14, 2003 – 53 days after the Court issued its Order and Opinion, and only 45 days before jury selection is scheduled to begin in this case.

A Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) is the proper device to call to a Court's attention, *inter alia*, errors of law or fact that led to the Court's decision and to provide the Court the opportunity to correct any such errors before seeking appellate review. See, e.g., Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985). That rule provides:

{L0261729.1}                              2

> **Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Fed. R. Civ. P. 59(e). Middle District Local Rule of Civil Procedure 7.10 provides the specific procedure for seeking reconsideration or reargument. That rule provides:

> Any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment, order or decree concerned.

Local Rule 7.10.

As Defendants themselves note in their motion, "Defendants ... file[] this Motion for Reconsideration of this Honorable Court's Order dated December 23, 2002." Any motion for reconsideration of the Court's Order dated December 23, 2002, was required to be filed no later than January 8, 2003. See Local Rule 7.10, Fed. R. Civ. P. 6(a). Defendants, however, filed their Motion for Reconsideration on February 14, 2003 – 37 days after the deadline had passed – and offer no excuse or justification for their delay.

Moreover, entertaining Defendants' Motion for Reconsideration at this time will undoubtedly disrupt the case management schedule that this Court established by Orders dated December 30, 2002, and January 3, 2003. This case is scheduled for jury selection and trial to begin on April 7, 2003. Defendants delayed until February 14, 2003, to file their Motion for Reconsideration, allowing only 45 days

{L0261729.1}                                   3

for briefing by the parties and consideration by the Court of the issues raised in the Motion. At this stage of the proceedings, it is patently unfair to the Corneals to delay the proceedings yet again and to distract the Corneals from preparation of their case for a trial that is set to begin in fewer than seven weeks. Defendants' motion is untimely, they offer no excuse for their delay, and this Court should strike Defendants' Motion for Reconsideration as untimely.

In any event, the Third Circuit case that Defendants seek to bring to the Court's attention, United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392 (3d Cir. 2003) was issued on January 14, 2003, and was immediately available in the advance reports and on the computerized research services. Thus, it was available well before Defendants filed their motion on February 14, 2003. Furthermore, the United Artists decision did not call for summary judgment in the case before it and does not warrant summary judgment in Defendants' favor at all. It does not change the question at issue – the level of conduct engaged in by the defendants – from a jury question in this case to one that can be decided as a matter of law by the Court. Certainly, the Court here should find that a jury could find that the combined conduct complained of, which has been discussed at length in other briefs in this case, rises to the level of conduct that "shocks the conscience," Accordingly, the United Artists case should not change the Court's denial of summary judgment in this matter.

{L0261729.1}                                          4

### III. CONCLUSION

For the foregoing reasons, Plaintiffs David B. Corneal and Sandra Y. Corneal respectfully request this Court to Strike Defendants' Motion for Reconsideration as untimely, and/or to deny Defendants' Motion for Reconsideration.

    Respectfully submitted,

    ECKERT SEAMANS CHERIN & MELLOTT, LLC

    _____
    Bridget E. Montgomery, Esq.
    Adam M. Shienvold, Esq.
    213 Market Street, Eighth Floor
    P.O. Box 1248
    Harrisburg, PA 17108-1248
    717.237.6000

Date: 3/3/03    Attorneys for Plaintiffs, David B. and Sandra Y. Corneal

{L0261729.1}    5

## CERTIFICATE OF SERVICE

I certify that I delivered a copy of the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

<u>By First Class U.S. Mail</u>
Anthony R. Sherr, Esq.
Mayers, Mennies & Sherr, LLP
P. O. Box 1547
Blue Bell, PA 19422-0440

_____
Adam M. Shiehvold, Esq.

Date: 3/3/03        Counsel for Plaintiffs, David B. and Sandra Y. Corneal

{L0261729.1}