IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID B. CORNEAL AND<br>SANDRA Y. CORNEAL | CASE NO. 1:00-CV-1192 |
| vs. | |
| JACKSON TOWNSHIP, Huntingdon County, Pennsylvania,<br>W. THOMAS WILSON, Individually and in his Official Capacity as Supervisor of Jackson Township, MICHAEL YODER, Individually and in his Official Capacity as Supervisor of Jackson Township, RALPH WEILER, Individually and in his Official Capacity as Supervisor of Jackson Township, BARRY PARKS, Individually and in His Official Capacity as Sewage Enforcement Officer of Jackson Township, DAVID VAN DOMMELEN, Individually and in his Official Capacity as Building Permit Officer, ANN I. WIRTH, Individually and in her Official Capacity as Secretary of Jackson Township, and | JURY TRIAL DEMANDED<br><br>FILED<br>HARRISBURG, PA<br><br>MAR 1 3 2003<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>Deputy Clerk |

DEFENDANTS' JACKSON TOWNSHIP, W. THOMAS WILSON,
MICHAEL YODER, RALPH WEILER, BARRY PARKS,
DAVID VAN DOMMELEN AND ANN I. WIRTH'S
BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' MOTION FOR RECONSIDERATION AND IN REPLY TO
PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION

I.   INTRODUCTION

Plaintiffs filed a Motion for Reconsideration from this Court's Order dated December 23, 2002. After an intervening change in the controlling case law, Defendants filed a Cross-Motion for Summary Judgment simultaneous with

Defendants' Brief in Opposition to Plaintiffs' Motion for Reconsideration. Plaintiffs have filed a Motion to Strike Defendants' Cross-Motion for Reconsideration as untimely. However, the intervening change in the controlling case law occurred after the passage of the 10-day period in which to file a Motion for Reconsideration. Plaintiffs have thus put forth the absurd proposition that Defendants should have asked for reconsideration prior to the Third Circuit's Opinion in United Artists v. Township of Warrington, 316 F. 3d 392 (3d Cir. 2003). As it was impossible for Defendants to comply with this Rule and since Defendants' Motion for Reconsideration is based on an appropriate ground for reconsideration, Plaintiffs' Motion to Strike must be denied. Additionally, Plaintiffs are not prejudiced by Defendants Cross-Motion for Reconsideration since Plaintiffs' Motion is still pending.

## II.  BRIEF PROCEDURAL HISTORY

On December 23, 2002, this Honorable Court denied, in part, Defendants' Motion for Summary Judgment on Plaintiffs' substantive due process claim and Defendants' claim for qualified immunity. This Honorable Court also entered its Order denying Plaintiffs' Motion for Summary Judgment and granting in part Defendants' Motion for Summary Judgment on Plaintiffs' claim for intentional

interference with a contract.

On January 8, 2003, Plaintiffs filed a Motion for Reconsideration on their claim for intentional interference with a contract. On January 17, 2003, this Honorable Court granted the Plaintiffs an extension of time to file a brief in support of their Motion for Reconsideration. Thereafter, on January 30, 2003, Plaintiffs filed their Brief in support of their Motion for Reconsideration, which Defendants received on February 5, 2003. On February 14, 2003, Defendants filed a Cross-Motion for Reconsideration based on an intervening change in the controlling case law. Simultaneous thereto, Defendants filed a memorandum in support their Cross-Motion for Reconsideration and in opposition to Plaintiffs' Motion for Reconsideration. Plaintiffs now have filed a Motion to Strike Defendants' Cross-Motion for Reconsideration as untimely. Plaintiffs have filed a Memorandum of Law in support thereof and in opposition to Defendants' Motion for Reconsideration. All Motions remain pending.

### III. PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' CROSS-MOTION FOR RECONSIDERATION MUST BE DENIED

Essentially, Plaintiffs object that Defendants' Cross-Motion for Reconsideration is untimely and will disrupt the Case Management Schedule.

Initially, Defendants admit that their Motion for Reconsideration was not filed

within 10 days from the date of the entry of this Court's Order dated December 23, 2002. However, Defendants' Motion for Reconsideration was based on an intervening change in the controlling case law, which case was decided in the Third Circuit after the 10-day period for filing motions for reconsideration had lapsed. Contrary to Plaintiffs' assertions, Defendants' Cross-Motion for Reconsideration states that this intervening change in the law occurred after this Court entered its Order and decision and also after the filing of Plaintiffs' Motion for Reconsideration. In this regard, Defendants were unable to comply with the dictates of F.R.C.P. 59(e) and local rule 7.10 since the relevant deadlines had already passed at the time the Third Circuit issued its decision.

The "scope and purpose" of the Federal Rules of Civil Procedure state that, "... they shall be construed and administered to secure the just, speedy and inexpensive determination of every action." F.R.C.P. 1. Consideration of Defendants' Motion at this juncture will effectuate the purpose of the federal rules as stated above. Additionally, F.R.C.P. 60(e) provides for Relief from Judgment or Order as follows:

> On Motion and upon such terms as are just, the Court may relieve a party or a party ... from a final Judgment, Order or proceeding for the following reasons:

4

> (6) Any other reason justifying relief from the operation of the judgment.

In regard to this exception, this federal rule does not dictate a time period in which a Rule 60 Motion must be made. As such, it is appropriate to consider Defendants' Motion for Reconsideration at this juncture. In any regard, it was impossible for Defendants to comply with the 10-day time period outlined in the F.R.C.P. 59(e) and Local Rule 7.10. Accordingly, Plaintiffs' Motion to Strike Defendants' Motion for Reconsideration must be denied.

With regard to Plaintiffs' objection of prejudice, Defendants' Cross-Motion for Reconsideration was filed and briefed in conjunction with Defendants' Brief in Opposition to Plaintiffs' Motion for Reconsideration. Plaintiffs' Motion is still pending and Defendants' Cross-Motion will in no way disrupt the standing Case Management Order. In fact, Plaintiffs sought an extension in which to file their Brief in Support of their Motion for Reconsideration, causing a delay in the process. Again, Plaintiffs initially filed a Motion for Reconsideration, sought an extension in which to file their Brief and their Motion is still pending. Defendants' Cross-Motion for Reconsideration has not and will not cause any further delay. Plaintiffs have not occasioned any prejudice. Since it was impossible for Defendants to comply with

the 10-day rule, due to the fact that the Third Circuit's Opinion was issued after January 8, 2003, this Court must deny Plaintiffs' Motion to Strike Defendants' Motion for Reconsideration and, in fact, reconsider its ruling with regard to Plaintiffs' substantive due process claims.

With regard to Plaintiffs' substantive due process claims, Plaintiffs did not dispute the change in the controlling law pursuant to <u>United Artists Theater Circuit, Inc. v. Township of Warrington</u>, 316 F.3d 392 (3d Cir. 2003). Although Plaintiffs maintain that the <u>United Artists</u> decision, "... does not change the question at issue – the level of conduct engaged in by the Defendants – from a jury question in this case to one that can be decided as a matter of law by the Court," the fact remains that the standard by which Plaintiffs claim must be analyzed has changed. Again, the Third Circuit determined that the proper standard for evaluating a substantive due process claim was whether the Supervisors' actions at issue "shocked the conscience." The Third Circuit further specifically rejected the "improper motive test" employed by this Court. As the Third Circuit stated, "... the 'shocks the conscience' standard encompasses 'only the most egregious official conduct.'" <u>United Artists</u>, 316 F.3d at 400, citing <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846, 118 S.Ct. 1708 (1990). When the actions Plaintiffs complained about are

evaluated under this new standard, there is no question that Defendants are entitled to judgment in their favor. Since the improper standard was employed with regard to the instant substantive due process claim, Defendants' entitlement to qualified immunity must also be reconsidered.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion to Strike Defendants' Motion for Reconsideration, further deny Plaintiffs' Motion for Reconsideration of the tortious interference with contract claim and grant Defendants' Motion for Reconsideration with regard to the substantive due process and qualified immunity claims.

    Respectfully submitted,

    **MAYERS, MENNIES & SHERR, LLP**

BY: _____
    ANTHONY R. SHERR, ESQUIRE
    Attorney for Defendants

    3031 Walton Road, Building A
    Suite 330, P.O. Box 1547
    Blue Bell, PA 19422-0440
    (610) 825-0300
    Fax (610) 825-6555

## CERTIFICATE OF SERVICE

I, Cheryl Zeigler, hereby certify that on the 12th day of March 2003, a true and correct copy of Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth's Reply to Plaintiffs' Motion to Strike Defendants' Motion for Reconsideration and in Reply to Plaintiffs' Brief in Opposition to Defendants' Motion for Reconsideration and Brief, was served by first class regular mail, postage prepaid upon the following:

Bridget E. Montgomery, Esquire
Adam M. Shienvold, Esquire
Eckert, Seamans Cherin & Mellott
213 Market Street, 8th Floor
Harrisburg, PA 17101

BY: _____
Cheryl Zeigler
Legal Assistant to Anthony R. Sherr