IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID B. CORNEAL and SANDRA Y. CORNEAL,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **JACKSON TOWNSHIP, Huntingdon County, Pennsylvania,** *et al.*, : <br> : <br> **Defendants** : | **CIVIL NO. 1:CV-00-1192** |

## **O R D E R**

The background of this order is as follows: Plaintiffs, David and Sandra Corneal ("the Corneals"), filed this case alleging the following: (1) violations of their rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution (Count I); (2) that Defendants engaged in a civil conspiracy in violation of Pennsylvania common law (Count II); (3) that Defendants intentionally interfered with the Corneals' contractual relations (Count III); and (4) that Defendants' actions violated the Pennsylvania Constitution (Count IV). Upon the conclusion of discovery, the parties filed cross-motions for summary judgment.

By an order dated December 23, 2002, the court denied Plaintiffs' motion for summary judgment, but granted, in part, Defendants' motion for summary judgment. Specifically, the court granted summary judgment in favor of Defendants' on Plaintiffs' procedural due process claim in Count I, in addition, to Plaintiffs' state law claim in Count III. The court, however, denied Defendants' summary judgment

motion as to Plaintiffs' substantive due process claim in Count I, in addition to Plaintiffs' state law claims in Counts II and IV.[1]

As to Plaintiffs' substantive due process claim in Count I, the court, relying on *DeBlasio v. Zoning Bd. of Adjustment for the Township of West Amwell*, 53 F.3d 592 (3d Cir. 1995) and *Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667 (3d Cir. 1991), held that a material issue of fact existed as to whether Defendants blocked Plaintiffs' land development plans because Defendants did not like Plaintiffs. On January 14, 2003, the United States Court of Appeals for the Third Circuit issued an opinion overturning *DeBlasio* and *Midnight Sessions. See United Artists v. Township of Warrington*, 316 F.3d 392, 401 (3d Cir. 2003). The court also held that in addressing substantive due process claims in the context of challenges to land use decisions, district courts should apply the "shocks the conscience" test instead of an "improper motive" test. *See id.* at 400 (citing *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)).

Because the court in the instant matter applied *DeBlasio*'s improper motive test in resolving Plaintiffs' substantive due process claim, the court's decision is no longer valid. However, it is not entirely clear whether Plaintiffs' claim would satisfy the "shocks the conscience" test. As a result, the court will vacate that portion of its December 23, 2002 order which denied Defendants' motion for summary judgment. Additionally, the court will require that the parties re-brief the substantive due process issue in light of the *United Artists* case.

---

[1] The court's rulings as to Counts II (civil conspiracy) and IV (Pennsylvania Constitution) were conditioned on the court's holding that a material issue of fact existed as to Plaintiff's claim for violation of substantive due process. *See Corneal v. Jackson Township*, No. CV:00-1192, slip op. at 22-23 and 30-31 (M.D. Pa. Dec. 23, 2002).

Accordingly, **IT IS HEREBY ORDERED THAT**:

(1) The portion of the court's order of December 23, 2002 which denied Defendants' motion for summary judgment is **VACATED**;

(2) No later than April 1, 2003, Plaintiffs shall file a renewed motion for summary judgments regarding Plaintiffs' substantive due process claim and Plaintiffs' state law claims in Counts II and IV;

(3) The court reserves its ruling with regard to Defendants' motion *in limine* and Plaintiffs' motion for reconsideration;

(4) Plaintiffs' motion to compel compliance with pretrial procedures and Defendants' motion for reconsideration are **DEEMED MOOT**;   (5) The pretrial conference, currently scheduled for March 27, 2003 at 11 a.m., is **CANCELED**; and

(6) Jury selection, currently scheduled for April 7, 2003 at 9 a.m. is **CANCELED**.

      s/Sylvia H. Rambo
      SYLVIA H. RAMBO
      United States District Judge

Dated: March 18, 2003.