IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. CORNEAL and SANDRA Y. CORNEAL, | : : | NO. 1:CV-00-1192 |
| Plaintiffs | : : | JURY TRIAL DEMANDED |
| v. | : : | RAMBO, J. |
| JACKSON TOWNSHIP, *et al.*, Defendants | : : : | |

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE
WITH PRETRIAL PROCEDURES**

AND NOW, Plaintiffs David B. Corneal and Sandra Y. Corneal ("Plaintiffs"), by and through their counsel, hereby submit this Motion to Compel Compliance With Pretrial Procedures, and in support thereof, state as follows:

1. Plaintiffs, by letters dated March 11, 12, and 13, 2003, fulfilled their obligation to attempt to arrange an in-person meeting with counsel for Defendants. Counsel for Plaintiffs provided five different dates between March 12 and March 20 when they would be available. A true and correct copy of letters dated March 11, 12, and 13, 2003 are attached hereto as Exhibit A.

2. Counsel for Defendants initially proposed March 13, 2003 as the only date he could meet, but later agreed to March 17, with the caveat that he could only meet from 10:30 a.m. to 2:00 p.m.

{L0262763.1}                              1

3.      Prior to the March 17, 2003, meeting, counsel for Plaintiffs invested approximately 15 hours of time in preparation of a detailed list of proposed stipulations, as well as a list of exhibits and witnesses. Counsel for Plaintiffs invested the overwhelming majority of that time in preparing the stipulations for the purpose of complying with the obligation of the parties to submit a comprehensive statement of undisputed facts with their pretrial memorandum on March 21, 2003. Counsel for Plaintiffs thoroughly reviewed the statements of undisputed facts and responses submitted in the summary judgment proceedings by both parties, and the deposition transcripts and documents exchanged in this case, all in an effort to identify admissions or those facts as to which neither party could dispute in good faith. Counsel for Plaintiffs efforts were undertaken in light of the express directives in the Middle District Pretrial Memorandum form requiring that stipulations be entered where neither party intends to present opposing evidence or challenge the fact on credibility, and with particular emphasis on the fact that the Court's recent order providing a date certain for trial made it clear that the trial in this matter must be concluded within seven business days, and there are many facts in this case that are not truly disputed and need not require testimony of witnesses or introduction of exhibits.

4. Counsel for Plaintiffs believes and explained to opposing counsel that if they put in the appropriate effort in good faith to arrive at stipulations, the trial could be finished in far fewer days than currently scheduled.

5. In addition, counsel for Plaintiffs invested the time in an effort to save attorneys' fees on witness preparation, where such witnesses and exhibits would not be necessary if the stipulation process was fully utilized in good faith.

6. On March 17, 2003, counsel for Defendants appeared at the office of counsel for Plaintiffs for the mandatory pretrial conference between attorneys pursuant to Local Rule 16.3.

7. Counsel for Defendants did not have a list of proposed stipulations and, therefore, counsel for both parties worked from the list of proposed stipulations prepared by Plaintiffs' counsel.

8. In the course of over three hours, counsel for Defendants refused a number of stipulations as to facts that were undisputed on the record, and as to which no reasonable credibility challenge could be made and as to which he conceded he would present no contrary evidence. When counsel for Plaintiffs tried to compromise and suggest substitute language to appease counsel for Defendants, he refused even those compromises. Moreover, counsel for Defendants clearly was not conversant with the testimony of the various witnesses, as counsel for Plaintiffs repeatedly had to point out to him why it was not appropriate for him to

refuse to agree to certain stipulations or to agree to substitute language that might persuade him to reach the stipulation desired, and only then would he agree to certain stipulations.

9. At approximately 1:30 p.m., when it became clear that the parties would not be able to complete the effort to arrive at stipulations by the end of the time allotted by Defendants' counsel, counsel for Defendants suggested that the parties exchange the witness lists and exhibit lists that each had prepared, and then to continue with as much time as was left thereafter to work on the stipulations until 2:00 p.m., when he indicated he had to leave.

10. Counsel for Plaintiffs agreed, and excused themselves to go to the undersigned's private office to run off copies of those lists from their computer, and to make copies of the lists provided by counsel for Defendants. Plaintiffs' witness list was part of the pretrial memorandum, as required by the local rules, which memorandum was in draft form in her computer system and the exhibit list was in a form that was on the computer system. Counsel for Plaintiffs had prepared their list of exhibits and witnesses, with the caveat that they may alter them slightly as may be appropriate after final stipulations reached in the meeting between counsel.

11. Counsel for Defendants was asked to wait in the conference room in which the conference of attorneys was being held, but instead within several

minutes left the conference room and came into the doorway of the private office of counsel for Plaintiffs and demanded the witness and exhibit lists immediately.

12. The private office of counsel for Plaintiffs is down three long hallways from and on the entire other side of the building from the conference room and, therefore, Plaintiffs' counsel was provoked that Defendants' counsel had taken it upon himself to wander unescorted through their offices and enter her private office without permission.

13. Accordingly, Plaintiffs' counsel demanded that Defendants' counsel remove himself from her office and return to the conference room.

14. Defendants' counsel refused to remove himself from her private office and, instead, took a step further inside and again demanded Plaintiffs' witness and exhibit lists and accused Plaintiffs' counsel of not having those lists prepared.

15. Plaintiffs' counsel then explained that the exhibit list is entered into the computer system and that her colleague, who also was present in the office, was printing it off of her computer at that moment and would copy it for him and that the witness list was part of the draft Pretrial Memorandum and that her colleague was cutting it from that memorandum and was printing that out as well.

16. Since Defendants' counsel refused to leave the undersigned's private office, she then attempted to close her door to exclude Defendants' counsel from her private office and again requested that he return to the conference room but he

refused and pushed open the door and entered her office and stood over her desk and tried to read what was on her computer screen.

17. Ultimately, after repeated requests to remove himself from her office, and Defendants' counsel continued refusal to do so, and his increasingly loud demands and accusations about the witness and exhibit lists, Plaintiffs' counsel called building security.

18. At that point, Defendants' counsel did return to the conference room on the other side of the office and at 1:40 p.m., Plaintiffs' counsel delivered the exhibit list and the witness list attached hereto as Exhibit B.

19. Plaintiffs' counsel then requested that they continue the effort to arrive at stipulations as they had not gotten very far in preparing final stipulations but Defendants' counsel refused to continue the meeting, although he had stated that he was available until 2:00 p.m. in his letter dated March 12, 2003, which is attached hereto as Exhibit C.

20. Plaintiffs' counsel therefore asked for an alternative date or a telephone conference when they could complete the stipulations and impressed upon Defendants' counsel the obligation to narrow the issues as much as possible to save trial time for the Court and to save the jury the effort of deciding factual issues to which there was really no dispute.

21. Defendants' counsel refused to provide another date or to commit to continuing the stipulation process.

22. Accordingly, Plaintiffs' counsel has been forced to file this Motion to Compel Compliance with Pretrial Procedures and to request an Order pursuant to Local Rule 16.5, for a special pretrial order requiring that Defendants' counsel make himself available for another meeting or a telephone conference prior to the date when the Pretrial Memorandum is due on Friday, March 21, 2003.

23. In addition, counsel for Defendants has not responded to two telephone calls requesting his position on settlement and did not arrive at the Pretrial Memoranda prepared to discuss any meaningful settlement.

24. Accordingly, counsel for Plaintiffs placed in writing a settlement offer this very day and handed it to counsel and offered to allow him to fax it from her office to his clients' insurance carrier, who he has stated has settlement authority in this matter, but counsel for Defendants declined that offer.

25. Therefore, counsel for the parties were unable to engage in any meaningful settlement discussions at the mandatory conference of attorneys this day.

26. Accordingly, counsel for Plaintiffs further requests that counsel for Defendants be ordered to deliver the settlement letter dated March 17, 2003, to the individual with settlement authority for his clients and provide proof of said

delivery to the Court and, further, to engage in a meaningful settlement discussion with Plaintiffs' counsel prior to the Pretrial Conference of this matter.

27. In light of the urgency of this matter, which arises from the due date for the pretrial memorandum on March 21, 2003, and the need to work out the stipulations, as well as the possibility that the matter may be settled, Plaintiffs further respectfully request that they be excused from filing a supporting brief pursuant to Middle District Local Rule 7.5.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order substantially in the form set forth herein, compelling counsel for Defendants to comply with mandatory pretrial procedures pursuant to the local rules of the Middle District Court of Pennsylvania.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*Bridget E. Montgomery*
Bridget E. Montgomery, Esq.
Adam M. Shienvold, Esq.
213 Market Street, Eighth Floor
P.O. Box 1248
Harrisburg, PA 17108-1248
717.237.6000

Date: 3/17/03

Attorneys for Plaintiffs, David B. and Sandra Y. Corneal