ORIGINAL

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID B. CORNEAL AND : 
SANDRA Y. CORNEAL : CASE NO. 1:00-CV-1192
:
: *J. Rambo*
vs. :
:
JACKSON TOWNSHIP, Huntingdon :
County, Pennsylvania, : **JURY TRIAL DEMANDED**
W. THOMAS WILSON, Individually and :
in his Official Capacity as Supervisor of :
Jackson Township, MICHAEL YODER, :
Individually and in his Official Capacity as :
Supervisor of Jackson Township, :
RALPH WEILER, Individually and in his : **FILED**
Official Capacity as Supervisor of Jackson : HARRISBURG, PA
Township, BARRY PARKS, Individually :
and in His Official Capacity as Sewage : MAR 1 8 2003
Enforcement Officer of Jackson Township, :
DAVID VAN DOMMELEN, Individually : MARY E. D'ANDREA, CLERK
and in his Official Capacity as Building : Per ⟋ ⟍ Deputy Clerk
Permit Officer, ANN I. WIRTH, :
Individually and in her Official Capacity as :
Secretary of Jackson Township, and :

**DEFENDANTS' JACKSON TOWNSHIP, W. THOMAS WILSON,
MICHAEL YODER, RALPH WEILER, BARRY PARKS,
DAVID VAN DOMMELEN AND ANN I. WIRTH'S MOTION FOR LEAVE
TO FILE ANSWER TO PLAINTIFFS' AMENDED COMPLAINT
OUT OF TIME *NUNC PRO TUNC***

**NOW COMES** Defendants, Jackson Township, W. Thomas Wilson, Michael

Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth by and

through their authorized counsel of record, Mayers, Mennies & Sherr, LLP, and

moves for leave to file an Answer to Plaintiffs' Amended Complaint out of time

*nunc pro tunc*:

1.     On June 30, 2000, Plaintiffs, David B. and Sandra Y. Corneal filed a Complaint in the United States District Court for the Middle District of Pennsylvania.

2.     On August 3, 2000, Defendants filed a Motion to Dismiss alleging in part that Plaintiffs' claims were not ripe; that Plaintiffs failed to demonstrate a taking; that the individual Defendants were entitled to qualified immunity; that the Complaint fails to state a claim for substantive due process violations; and that the Complaint fails to state a claim for the state law violations within Counts I, II and III of the Complaint.

3.     Specifically, Defendants move to dismiss Count I allegation of liability under 42 U.S.C. §1983 for violation of Plaintiffs' state constitutional rights; on this basis, Count I was dismissed against all Defendants.

4.     Defendants also move to dismiss Count III, Plaintiffs' state law claim of intentional interference with a contractual relationship based on the Governmental Immunity Act, 42 Pa. C. S. §8541 et seq.; Count III was dismissed against the Township.

5.     Plaintiffs then moved for leave to amend their Complaint with regard to state law constitutional claims.

6.    On October 18, 2001, this Court granted Plaintiffs' Motion.

7.    On or about November 6, 2001, Plaintiffs filed an Amended Complaint including a fourth count based on alleged state constitutional claims.

8.    In Plaintiffs' Amended Complaint, they allege claims for alleged violations of 42 U.S.C. §1983 based upon alleged procedural and substantive due process violations and three other pendent state law claims, including claims for alleged state law civil conspiracy, alleged state law intentional interference with performance of a contract and alleged state constitutional claims.

9.    Subsequently, Plaintiffs and Defendants filed Motions for Summary Judgment.

10.    Pursuant to Local Rule of Civil Procedure 56.1, the parties filed separate, proposed concise statements of material facts including responses thereto.

11.    On December 23, 2002, this Honorable Court entered an Order and Memorandum with regard to the cross-motions for Summary Judgment.

12.    Specifically, this Honorable Court entered its Order denying the Plaintiffs' Motion for Summary Judgment and granting in part Defendants' Motion for Summary Judgment on Plaintiffs' claim for alleged violation of procedural due process and for intentional interference with contractual relations; this Court also

granted Defendants' Motion for Summary Judgment on Plaintiffs' state law claim for civil conspiracy on behalf of the Township based on the Governmental Immunity Act.

13.    Plaintiffs have filed a Motion for Reconsideration with regard to this Court's Order on their claim of intentional interference with contractual relations; Defendants have recently filed a cross-motion for reconsideration based on this Court's denial of its Motion for Summary Judgment on Plaintiffs' substantive due process claim based on a recent change in the governing law.  These motions are pending.

14.    As a result of clerical error, it was learned that Defendants inadvertently failed to file an Answer to Plaintiffs' Amended Complaint.

15.    The parties have engaged in extensive discovery, and through their dispositive motions, Defendants essentially have denied or admitted the factual averments of Plaintiffs' Complaint.

16.    Also, through the dispositive motions, each party has addressed at length the merits of the other parties' positions and/or defenses.

17.    Plaintiffs will not be prejudiced by this filing.

18.    Defendants respectfully move this Honorable Court for leave to file the

attached Answer to Plaintiffs' Amended Complaint Out of Time *Nunc Pro Tunc*. A

copy of Defendants' Answer to Plaintiffs' Amended Complaint is attached hereto as

Exhibit "1".

**WHEREFORE**, Defendants respectfully request that this Honorable Court

grant Defendants' Motion for Leave to File the attached Answer to Plaintiffs'

Amended Complaint Out of Time *Nunc Pro Tunc*.

**MAYERS, MENNIES & SHERR, LLP**

BY: _____

ANTHONY R. SHERR, ESQUIRE
Attorney for Defendants

3031 Walton Road, Building A
Suite 330, P.O. Box 1547
Blue Bell, PA 19422-0440
(610) 825-0300
Fax (610) 825-6555

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. CORNEAL AND<br>SANDRA Y. CORNEAL | : | CASE NO. 1:00-CV-1192 |
| | : | |
| vs. | : | |
| | : | |
| JACKSON TOWNSHIP, Huntingdon<br>County, Pennsylvania,<br>W. THOMAS WILSON, Individually and<br>in his Official Capacity as Supervisor of<br>Jackson Township, MICHAEL YODER,<br>Individually and in his Official Capacity as<br>Supervisor of Jackson Township,<br>RALPH WEILER, Individually and in his<br>Official Capacity as Supervisor of Jackson<br>Township, BARRY PARKS, Individually<br>and in His Official Capacity as Sewage<br>Enforcement Officer of Jackson Township,<br>DAVID VAN DOMMELEN, Individually<br>and in his Official Capacity as Building<br>Permit Officer, ANN I. WIRTH,<br>Individually and in her Official Capacity as<br>Secretary of Jackson Township, and | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | JURY TRIAL DEMANDED |

### DEFENDANTS' JACKSON TOWNSHIP, W. THOMAS WILSON, MICHAEL YODER, RALPH WEILER, BARRY PARKS, DAVID VAN DOMMELEN AND ANN I. WIRTH'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE ANSWER TO PLAINTIFFS' AMENDED COMPLAINT OUT OF TIME *NUNC PRO TUNC*

## I.    INTRODUCTION

In this matter, Plaintiffs filed an Amended Complaint.  As a result of clerical

error, it was learned that Defendants inadvertently failed to file an Answer thereto.

However, the parties have engaged in extensive discovery and each have filed

dispositive motions including proposed Concise Statements of Undisputed Material

Facts with responses thereto. Based on the foregoing, Plaintiffs will not be prejudiced by this filing. Accordingly, Defendants respectfully request that this Honorable Court grant Defendants' Motion for Leave to File the Attached Answer.

## II.  PROCEDURAL HISTORY

On June 30, 2000, Plaintiffs, David B. and Sandra Y. Corneal filed a Complaint in the United States District Court for the Middle District of Pennsylvania.

On August 3, 2000, Defendants filed a Motion to Dismiss alleging in part that Plaintiffs' claims were not ripe; that Plaintiffs failed to demonstrate a taking; that the individual Defendants were entitled to qualified immunity; that the Complaint fails to state a claim for substantive due process violations; and that the Complaint fails to state a claim for the state law violations within Counts I, II and III of the Complaint. Specifically, Defendants move to dismiss Count I allegation of liability under 42 U.S.C. §1983 for violation of Plaintiffs' state constitutional rights; on this basis, Count I was dismissed against all Defendants. Defendants also move to dismiss Count III, Plaintiffs' state law claim of intentional interference with a contractual relationship based on the Governmental Immunity Act, 42 Pa. C. S. §8541 et seq.; Count III was dismissed against the Township.

2

Plaintiffs then moved for leave to amend their Complaint with regard to state law constitutional claims.  On October 18, 2001, this Court granted Plaintiffs' Motion. On or about November 6, 2001, Plaintiffs filed an Amended Complaint including a fourth count based on alleged state constitutional claims.  In Plaintiffs' Amended Complaint, they allege claims for alleged violations of 42 U.S.C. §1983 based upon alleged procedural and substantive due process violations and three other pendent state law claims, including claims for alleged state law civil conspiracy, alleged state law intentional interference with performance of a contract and alleged state constitutional claims.

Subsequently, Plaintiffs and Defendants filed Motions for Summary Judgment.  Pursuant to Local Rule of Civil Procedure 56.1, the parties filed separate, proposed concise statements of material facts including responses thereto. On December 23, 2002, this Honorable Court entered an Order and Memorandum with regard to the cross-motions for Summary Judgment.  Specifically, this Honorable Court entered its Order denying the Plaintiffs' Motion for Summary Judgment and granting in part Defendants' Motion for Summary Judgment on Plaintiffs' claim for alleged violation of procedural due process and for intentional interference with contractual relations; this Court also granted Defendants' Motion

3

for Summary Judgment on Plaintiffs' state law claim for civil conspiracy on behalf of the Township based on the Governmental Immunity Act.

Plaintiffs have filed a Motion for Reconsideration with regard to this Court's Order on their claim of intentional interference with contractual relations; Defendants have recently filed a cross-motion for reconsideration based on this Court's denial of its Motion for Summary Judgment on Plaintiffs' substantive due process claim based on a recent change in the governing law. These motions are pending.

## II.  **ARGUMENT**

As a result of clerical error, it was learned that Defendants inadvertently failed to file an Answer to Plaintiffs' Amended Complaint. However, the parties have engaged in extensive discovery, and through their dispositive motions, including Defendants' Motion to Dismiss and Motion for Summary Judgment, Defendants essentially have denied or admitted the factual averments of Plaintiffs' Complaint. Pursuant to Local Rule 56.1, Defendants and Plaintiffs each prepared a Concise Statement of Proposed Undisputed Material Facts in conjunction with their respective Motions for Summary Judgment. Each party also prepared and filed a response to the other parties' Concise Statement. Finally, through the dispositive

4

motions, and motions for reconsideration each party has addressed at length the merits of the other parties' positions and/or defenses.  Based on the foregoing, Plaintiffs will not be prejudiced by this filing.  Additionally, pursuant to F.R.C.P. 8(f), "... all pleadings shall be so construed as to do substantial justice."  F.R.C.P. 8(f).

Accordingly, Defendants respectfully move this Honorable Court for leave to file the attached Answer to Plaintiffs' Amended Complaint out of time *nunc pro tunc*.  A copy of Defendants' Answer to Plaintiffs' Amended Complaint is attached hereto as Exhibit "1".

## IV.    <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that this Honorable

Court grant Defendants' Motion for Leave to File the attached Answer to Plaintiffs'

Amended Complaint Out of Time *Nunc Pro Tunc*.

Respectfully submitted,

**MAYERS, MENNIES & SHERR, LLP**

BY:_____

ANTHONY R. SHERR, ESQUIRE
Attorney for Defendants

3031 Walton Road, Building A
Suite 330, P.O. Box 1547
Blue Bell, PA 19422-0440
(610) 825-0300
Fax (610) 825-6555

6

# CERTIFICATE OF SERVICE

I, Cheryl Zeigler, hereby certify that on the 18th day of March 2003, a true and correct copy of Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth's Brief in Support of Motion for Leave to File Answer to Plaintiffs' Amended Complaint Nunc Pro Tunc, was served by first class regular mail, postage prepaid upon the following:

Bridget E. Montgomery, Esquire
Adam M. Shienvold, Esquire
Eckert, Seamans Cherin & Mellott
213 Market Street, 8th Floor
Harrisburg, PA 17101

BY: _Cheryl Zeigler_

Cheryl Zeigler
Legal Assistant to Anthony R. Sherr

# EXHIBIT "1"

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID B. CORNEAL AND        :
SANDRA Y. CORNEAL        :     CASE NO. 1:00-CV-1192
       :
       :
vs.        :
       :
       :
JACKSON TOWNSHIP, Huntingdon     :
County, Pennsylvania,        :     JURY TRIAL DEMANDED
W. THOMAS WILSON, Individually and   :
in his Official Capacity as Supervisor of   :
Jackson Township, MICHAEL YODER,   :
Individually and in his Official Capacity as :
Supervisor of Jackson Township,      :
RALPH WEILER, Individually and in his :
Official Capacity as Supervisor of Jackson :
Township, BARRY PARKS, Individually   :
and in His Official Capacity as Sewage   :
Enforcement Officer of Jackson Township, :
DAVID VAN DOMMELEN, Individually   :
and in his Official Capacity as Building   :
Permit Officer, ANN I. WIRTH,       :
Individually and in her Official Capacity as :
Secretary of Jackson Township, and     :

### DEFENDANTS' JACKSON TOWNSHIP, W. THOMAS WILSON,
### MICHAEL YODER, RALPH WEILER, BARRY PARKS,
### DAVID VAN DOMMELEN AND ANN I. WIRTH'S ANSWER TO
### AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

**NOW COMES** Defendants, Jackson Township, W. Thomas Wilson,

Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I.

Wirth by and through their authorized counsel of record, Mayers, Mennies & Sherr,

LLP, and in response to Plaintiffs' Amended Complaint incorporates herein by

reference all pleadings and Motions it has filed or will file in this matter, and further states:

## I.     INTRODUCTION

## II.    PARTIES

1.     Denied.  Answering Defendants, after reasonable investigation are without sufficient information to form a belief as to the truth of the averments and on that basis they are denied.

2.     Denied.  Answering Defendants, after reasonable investigation are without sufficient information to form a belief as to the truth of the averments and on that basis they are denied.

3.     Admitted.

4.     Denied as stated.  It is admitted that Defendant, W. Thomas Wilson is a member of the Board of Supervisors of the Township.  It is denied that he resides at RD 1, Box 730, Petersburg, Pennsylvania, to the contrary, Mr. Wilson resides at RD 1, Box 420, Petersburg, Pennsylvania.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted.

2

9.    Admitted.

10.    Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and, therefore, require no response by Answering Defendant.

11.    Denied.  The allegations contained in ¶11 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

12.    Denied. The allegations contained in ¶12 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

## III.

## JURISDICTION AND VENUE

13.    Denied.  The allegations contained in ¶13 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

14.    Denied.  The allegations contained in ¶14 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

## IV.

## BACKGROUND

15.    Admitted.

16.    Admitted in part and denied in part.  It is admitted that the Corneals

hired a surveyor to perform a survey of their property and to prepare a subdivision plan. The remaining allegations in ¶16 are denied after reasonable investigation, Answering Defendant are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

17.    Admitted in part and denied in part. It is admitted that the Corneals contacted Defendant, Parks, the Sewage Enforcement Officer of Jackson Township in order to perform tests to identify those portions of their property, if any which were suitable for an on-lot septic tank. The remaining allegations of ¶17 are denied as conclusions of law to which no responsive pleading is necessary, by way of further response and to the extent the allegations are deemed to be other than conclusions of law it is admitted that Parks certified some sites as being suitable for an on-lot septic system.

18.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

19.    Admitted in part and denied in part. It is admitted that after Defendant, Parks identified those portions of the property which potentially were suitable sites

4

for the percolation tests, the Corneals contacted Defendant, Wilson and engaged Defendant, Wilson's private business, Eagle Excavating to dig the test pits at the property.    The remaining allegations in ¶19 are denied after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

20.    Admitted in part and denied in part.   It is admitted that an initial subdivision plan was prepared.  The remaining allegations in ¶20 are denied.   After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

21.    Denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

22.    Admitted in part and denied in part.  It is admitted that a copy of the contract purportedly between John Hewitt, Jr. and Joann Smith and the Plaintiffs is attached to Plaintiffs' Amended Complaint as Exhibit "A".    The remaining

allegations are denied in that they attempt to characterize a legal writing, i.e. the contract attached as Exhibit "A", which speaks for itself.

23.    Denied.  The allegations of this paragraph are legal conclusions and, therefore, require no response by Answering Defendants.  By way of further response, to the extent the allegations contained in ¶23 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

24.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

25.    Admitted in part and denied in part.  It is admitted that the Corneals proffered a plan to the Township Supervisors on February 7, 2000.  The remaining allegations in ¶25 are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments,

which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

26.    Admitted in part and denied in part.  It is admitted only that the Corneals were advised that the Township had enacted a moratorium on new development after the January 2000 meeting.  It is specifically denied that the Corneals were advised that they were prohibited from subdividing the property.

27.    Denied.  The allegations contained in ¶27 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response to the extent the allegations contained in ¶27 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

28.    Denied.  The allegations contained in ¶28 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

29.    Denied.  The allegations contained in ¶29 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶29 are deemed

7

other than conclusions of law they are denied. The remaining allegations in ¶29 attempt to characterize a legal writing which speaks for itself and it attached to Plaintiffs' Complaint as Exhibit "B" and on this basis those characterizations are denied.

30.     Denied.  The allegations contained in ¶30 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

31.     Denied.  The allegations contained in ¶31 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶31 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

32.     Denied.  The allegations contained in ¶32 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

33.     Denied.  The allegations contained in ¶33 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

34.     Denied.  The allegations contained in ¶34 constitute a conclusion of law

to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶34 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

35.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

36.    Denied.  The allegations contained in ¶36 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶36 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

37.    Denied.  The allegations contained in ¶37 constitute a conclusion of law

to which no responsive pleading is required and on that basis, they are denied.

38.    Denied.  The allegations contained in ¶38 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

39.    Denied.  The allegations contained in ¶39 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

40.    Denied.  The allegations contained in ¶40 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶40 are deemed other than conclusions of law they are denied.  The allegations contained in ¶40 attempt to characterize a legal writing which speaks for itself and is attached to Plaintiffs' Amended Complaint as Exhibit "C" and on this basis, Plaintiffs' characterizations thereof are denied.

41.    Denied.  The allegations contained in the corresponding paragraphs do not pertain to Answering Defendants but rather pertain to an entity not named as a party and, therefore, requires no response by Answering Defendants.  By way of further response, to the extent the allegations contained in ¶41 are deemed to pertain to Answering Defendants, they are denied as a conclusion of law to which no responsive pleading is required.  To the extent the allegations contained in ¶41 are

deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

42.    Denied. The allegations contained in the corresponding paragraphs do not pertain to Answering Defendants but rather pertain to an entity not named as a party and, therefore, requires no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶42 are deemed to pertain to Answering Defendants, they are denied as a conclusion of law to which no responsive pleading is required. To the extent the allegations contained in ¶42 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

43.    Denied. The allegations contained in ¶43 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

44.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments,

which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

45.    Denied. As the "revised plan" referred to by Plaintiffs in ¶45 is in writing, Plaintiffs' characterization of the writing is denied.

46.    Denied as stated.  It is admitted only that some of the plan was resubmitted to the County Planning Commission for review.

47.    Denied.  The allegations contained in ¶47 attempt to characterize a legal writing which speaks for itself, and is attached to Plaintiffs' Amended Complaint as Exhibit "D"; Plaintiffs' characterizations of the legal writing are therefore denied.

48.    Admitted in part and denied in part.  It is admitted only that Mr. Corneal was told that as a result of the moratorium, the submission of his plan would be delayed until a new land development ordinance was passed.  The remaining allegations in this paragraph are denied.

49.    Denied.  The allegations contained in ¶49 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

50.    Denied.  The allegations contained in ¶50 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

51.    Denied.  The allegations contained in ¶51 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response to the extent the allegations contained in ¶51 are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

52.    Denied.  The allegations contained in ¶52 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

53.    Admitted in part and denied in part.  It is admitted that a building permit was requested.  It is denied that Mr. Corneal informed the Township as to his plans for the property or that he was entitled to a permit.  The remainder of this paragraph is denied on the basis that Answering Defendants after reasonable investigation are without sufficient information to form a belief as to the truth of the allegations and on that basis they are denied.

54.    Denied.  It is specifically denied that Mr. Parks was directed not to assist the Corneals in any way.  By way of further response, the remaining allegations in ¶54 are specifically denied.

55.    Admitted in part and denied in part.  It is admitted only that Defendant, Ann I. Wirth is the Secretary of the Township and in that capacity is actively involved in the day to day operations of the Township.  It is specifically denied that Defendant, Wirth functions as a "Township Manager."

56.    Denied as stated.  It is admitted only that Mr. Corneal contacted Defendant, Parks for the privy permit.

57.    Denied.  It is specifically denied that Defendant, Parks was "directed" by Defendant, Wirth not to issue any permits to the Corneals and not to provide any help to the Corneals.  The remaining allegations in ¶57 are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

58.    Denied.  The allegations contained in ¶58 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

59.    Denied.  The allegations contained in ¶59 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

60.    Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by

14

Answering Defendants.

61.     Admitted in part and denied part.  It is admitted that the Corneals commenced the construction of a driveway through their property.  The remaining allegations contained in ¶61 are denied as conclusions of law to which no responsive pleading is required.  By way of further response to the extent the allegations contained in ¶61 are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

62.     Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants.  By way of further response, to the extent the allegations contained in ¶62 are deemed directed to Answering Defendants, they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

63.     Denied.  The allegations contained in ¶63 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

64.    Denied.  The allegations contained in ¶64 do not pertain to Answering Defendants and therefore require no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶64 are deemed directed to Answering Defendants, they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

65.    Denied as stated.  It is admitted only that Mr. Corneal requested a building permit from the Township Permit Officer, David Van Dommelen.

66.    Denied.  The allegations contained in ¶66 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶66 are deemed other than conclusions of law, they are denied, the allegations contained in ¶66 attempt to characterize a legal writing, that is Section 3.02A of the Building Permit Ordinance which speaks for itself and on this basis, Plaintiffs' characterizations of the same are denied.

67.    Denied. After reasonable investigation, Answering Defendants are without sufficient information upon which to form a belief as to the truth of the

16

assertions and on that basis they are denied.

68.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

69.    Denied.  To the contrary, it was explained to Mr. Corneal that the Township did not understand what his plans were for the property.

70.    Denied.  The allegations contained in ¶70 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

71.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

72.    Denied.  The allegations contained in ¶72 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

73.    Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants.

74.    Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶74 are deemed directed to Answering Defendants, they are denied. The allegations contained in ¶74 attempt to characterize a legal writing, which speaks for itself, and therefore Plaintiffs' characterizations of the same are denied.

75.    Denied.  The allegations contained in ¶75 attempt to characterize a legal writing which speaks for itself and is attached to Plaintiffs' Amended Complaint as Exhibit "E"; Plaintiffs' characterizations of the same are therefore denied.

76.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

77.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

18

78.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

79.    Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants.

80.    Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶80 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶80 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

81.    Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by

Answering Defendants. By way of further response, to the extent the allegations contained in ¶81 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.

82.    Denied. The allegations contained in ¶82 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

83.    Denied. The allegations contained in ¶83 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶83 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶83 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

84.    Denied. The allegations contained in ¶84 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶84 are deemed directed to Answering Defendants, they are denied as conclusions of law to which

no responsive pleading is required. To the extent the allegations contained in ¶84 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

85.    Denied. The allegations contained in ¶85 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

86.    Denied. The allegations contained in ¶86 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

87.    Denied. The allegations contained in ¶87 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶87 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶87 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

88.     Denied.  The allegations contained in ¶88 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

89.     Denied.  The allegations contained in ¶89 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

90.     Denied.  The allegations contained in ¶90 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

91.     Denied.  The allegations contained in ¶91 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

92.     Denied.  The allegations contained in ¶92 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

93.     Denied.  The allegations contained in ¶93 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶93 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶93 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and

strict proof thereof is demanded at the time of trial.

## COUNT I

## VIOLATION OF 42 U.S.C. §1983

94.    Answering Defendants answers to Paragraphs 1 through 93 of Plaintiffs' Amended Complaint are incorporated as though more fully set forth herein by reference.

95.    Denied.  The allegations contained in ¶95 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

96.    Denied.  The allegations contained in ¶96 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

97.    Denied.  The allegations contained in ¶97 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

98.    Denied.  The allegations contained in ¶98 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶98 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶98 are deemed other than conclusions of law, they are specifically denied as follows:

The Defendants have not deprived the Corneals of their procedural and substantive due process rights: (1) through the flagrant abuse of office; (2) by enforcing ordinances in an arbitrary and selective manner; (3) by refusing to issue permits to the Corneals where the Corneals are in compliance with all provisions of all applicable ordinances; (4) by taking action through the abuse of their office to impede the development of the property where the Defendants have not enacted a subdivision and land development ordinance to regulate the same; (5) by interfering with the contractual relationship between the Corneals and Hewett and Smith, which Contract involved significant property interest; (6) by abusing their office and engaging in conduct so as to deceive the Corneals into believing that subdivision approval was required; and (7) by depriving the Corneals of an avenue to appeal their unlawful action by refusing to even review the Initial Plan or to even provide necessary applications for permits.

99. Denied. The allegations contained in ¶99 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

100. Denied. The allegations contained in ¶100 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

101. Denied. The allegations contained in ¶101 constitute a conclusion of

law to which no responsive pleading is required and on that basis, they are denied.

102.  Denied.  The allegations contained in ¶102 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

103.  Denied.  The allegations contained in ¶103 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

104.  Denied.  The allegations contained in ¶104 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

**WHEREFORE**, Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth respectfully request that this Honorable Court deny all relief requested by Plaintiffs as set forth in their Wherefore clause (a) through (h) as it appears on page 21 of their Amended Complaint, and enter judgment in favor of Defendants on these counts.

## COUNT II

## STATE LAW CIVIL CONSPIRACY

105.  Answering Defendants answers to Paragraphs 1 through 104 of Plaintiffs' Amended Complaint are incorporated as though more fully set forth herein by reference.

106. Denied. It is specifically denied that Defendant, Parks was instructed not to assist the Corneals in any way.

107. Denied.

108. Denied as stated. Van Dommelen was instructed that the Township needed more information from Corneal as to his plans for the property and structures thereupon.

109. Denied. Van Dommelen informed Corneal that the Township needed more information.

110. Denied. The allegations contained in ¶110 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶110 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶110 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

111. Denied. The allegations contained in ¶111 constitute a conclusion of

law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶111 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶111 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

112. Denied. The allegations contained in ¶112 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

113. Denied. The allegations contained in ¶113 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

114. Denied. The allegations contained in ¶114 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶114 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶114 are deemed other than conclusions of law they are denied. After reasonable

investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

115. Denied. The allegations contained in ¶115 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

116. Denied. The allegations contained in ¶116 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

117. Denied. The allegations contained in ¶117 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

118. Denied. The allegations contained in ¶118 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

**WHEREFORE**, Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth respectfully request that this Honorable Court deny all relief requested by Plaintiffs including the specific request for relief enumerated in Paragraphs (a) through (e) on page 23 of their Amended Complaint, and enter judgment in favor of Defendants on these counts.

## COUNT III

## STATE LAW INTENTIONAL INTERFERENCE WITH PERFORMANCE OF CONTRACT

119. Answering Defendants answers to Paragraphs 1 through 118 of Plaintiffs' Amended Complaint are incorporated as though more fully set forth herein by reference.

120. Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. To the extent the allegations contained in ¶120 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

121. Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. To the extent the allegations contained in ¶121 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof

is demanded at the time of trial.

122.    Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. To the extent the allegations contained in ¶122 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

123.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

124.    Denied.  The allegations contained in ¶124 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶124 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶124 are deemed other than conclusions of law they are denied. After reasonable

30

investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

125.  Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

126.  Admitted in part and denied in part.  It is admitted that the Defendants believed that they had enacted a proper moratorium on subdivision development from January 2001 until the adoption of their SALDO in July 2001.  The remaining allegations in ¶126 are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

127.  Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

128. Denied. The allegations contained in ¶128 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

129. Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶129 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶129 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

130. Denied. The allegations contained in ¶128 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶130 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶130 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a

belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

131. Denied. The allegations contained in ¶131 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

132. Denied. The allegations contained in ¶132 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

**WHEREFORE**, Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth respectfully request that this Honorable Court deny all relief requested by Plaintiffs in their Amended Complaint, and enter judgment in favor of Defendants.

## COUNT IV

## STATE CONSTITUTIONAL CLAIMS

133. Answering Defendants answers to Paragraphs 1 through 132 of Plaintiffs' Amended Complaint are incorporated as though more fully set forth herein by reference.

134. Denied. The allegations contained in ¶134 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

135. Denied. The allegations contained in ¶135 constitute a conclusion of

law to which no responsive pleading is required and on that basis, they are denied.

136. Denied. The allegations contained in ¶136 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

137. Denied. The allegations contained in ¶137 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶137 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶137 are deemed other than conclusions of law they are denied. Defendants have not deprived the Corneals of their state procedural and substantive due process rights: (1) through the flagrant abuse of office; (2) by enforcing ordinances in an arbitrary and selective manner; (3) by refusing to issue permits to the Corneals where the Corneals are in compliance with all provisions of all applicable ordinances; (4) by taking action through the abuse of their office to impede the development of the property where the Defendants have not enacted a subdivision and land development ordinance to regulate the same; (5) by interfering with the contractual relationship between the Corneals and Hewett and Smith, which Contract involved significant property interest; (6) by abusing their office and engaging in

34

conduct so as to deceive the Corneals into believing that subdivision approval was required; and (7) by depriving the Corneals of an avenue to appeal their unlawful action by refusing to even review the initial plan or to even provide necessary applications for permits.

138.  Denied.  The allegations contained in ¶139 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

139.  Denied.  The allegations contained in ¶139 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

140.  Denied.  The allegations contained in ¶140 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

141.  Denied.  The allegations contained in ¶141 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

**WHEREFORE**, Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth respectfully request that this Honorable Court deny the relief requested by Plaintiffs in their Amended Complaint, and enter judgment in favor of Defendants including denying an award of damages against the Plaintiffs in the amount of

$150,000.00 plus interest and other compensatory damages as requested by Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the provisions of the Pennsylvania Governmental Immunity Act, 42 Pa. C.S. §8541.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no common law or statutory cause of action against Defendants.

## THIRD AFFIRMATIVE DEFENSE

The instant lawsuit is not within any statutory exception to immunity enumerated at 42 Pa. C.S. §8542(b).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred and/or limited by the provisions of the Pennsylvania Governmental Immunity Act, 42 Pa. C.S. §8541 et seq.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The individual Defendants are entitled to legislative immunity.

## EIGHTH AFFIRMATIVE DEFENSE

The individual Defendants are entitled to qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a deprivation of a federally protected right.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to avail themselves of available due process.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a deprivation of any state constitutional protected right.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to secure applicable permits before beginning construction on their property.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with applicable ordinances prior to construction on their property.