# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. CORNEAL and | : | NO. 1:CV-00-1192 |
| SANDRA Y. CORNEAL, | : | |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | RAMBO, J. |
| | : | |
| JACKSON TOWNSHIP, *et al.*, | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

APR 1 4 2003

MARY E. D'ANDREA, CLERK
Per _____

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER

## I.      INTRODUCTION

Before the Court is Defendants' "Motion for Leave to File Answer to Plaintiffs' Amended Complaint Out of Time *Nunc Pro Tunc* [sic]."  Defendants claim that they should be permitted to file an Answer to Plaintiffs' Amended Complaint nearly 18 months late, and the sole basis on which Defendants should be permitted to make such a late filing is their belief that Plaintiffs will not be prejudiced by the late filing.  As more fully set forth below, however, Defendants' proposed filing is made in bad faith and, if permitted, would prejudice the Plaintiffs unfairly, and the Court should not permit the Plaintiffs to make the proposed filing.

{L0264013.1}

1

## II.   <u>ARGUMENT</u>

Defendants seek to file an Answer to Plaintiffs' Amended Complaint nearly 18 months late, and more than 32 months after Plaintiffs filed their initial Complaint in this matter.  Defendants assert that their failure to file an Answer in the first instance was due to "clerical error."  The Defendants then suggest that they should be permitted to file their Answer out of time because the parties have completed discovery and filed cross motions for summary judgment including statements of undisputed fact and answers thereto as required by Local Rule of Civil Procedure 56.1.  Thus, Plaintiffs' argument is that there is no prejudice or surprise to the admissions or denials of fact contained in Defendants' Proposed Answer, neither is there any surprise in their proposed Affirmative Defenses.  That argument, however, fails because Defendants have failed to admit or deny a substantial number of the factual averments contained in the Complaint, and have attempted to plead Affirmative Defenses that never have been briefed or, in some cases, already have been rejected by this Court, and thereby seek to circumvent the Plaintiffs' ability to discover the basis for their denials and affirmative defenses.

Despite Defendants' claim that the parties have "engaged in extensive discovery," and "through their Dispositive Motions, … Defendants essentially have denied or admitted the factual averments of Plaintiffs' Complaint," the proposed Answer that is attached to Defendants' Motion contains few such

admissions or denials.  To the contrary, out of the 141 paragraphs of the Amended

Complaint, Defendants denied 48 of the paragraphs by stating that "After

reasonable investigation, answering Defendants are without sufficient information

to form a belief as to the truth of these averments, which are therefore deemed

denied and strict proof thereof is demanded at the time of trial."  Moreover,

Defendants propose to deny 81 of the 141 paragraphs of the Amended Complaint

as "conclusions of law to which no response is required."

The ridiculousness of Defendants' proposed Answer is highlighted by just a

few exemplary paragraphs.  Paragraph 1 of the Amended Complaint states, "David

B. Corneal is an adult individual who resides at 505 East Fairmount Avenue, State

College, PA  16801."  The Defendants propose to deny this allegation because

after reasonable investigation, they are without sufficient information to form a

belief as to the truth of the averments.  The Defendants, however took the

deposition of the David Corneal on February 22, 2001.  In his deposition, counsel

for the Defendants asked Mr. Corneal:  "Q:  Where do you currently reside?  A:

5205 East Fairmount, F-A-I-R-M-O-U-N-T, Avenue, State College,

Pennsylvania." (Tr. of Dep. of David B. Corneal, Feb. 22, 2001, at 7.  A true and

correct copy of excerpts of Mr. Corneal's deposition transcript is submitted

herewith as Exhibit A).  Thus, Defendants' assertion of insufficient knowledge or

information is blatantly disingenuous, and not made in good faith, as required by Rule 8(b).

Similarly, Plaintiffs propose to deny that portion of paragraph 19 of Plaintiffs' Amended Complaint that alleges that the Corneals compensated Defendant Wilson's private business, Eagle Excavating, for the services it performed for the Corneals. Defendant Wilson gave a deposition in this matter on May 18, 2001. At his deposition, Defendant Wilson testified as follows: "Q: Did Mr. Corneal pay you for doing the work on his property, pay Eagle Excavation for doing that work? A: Yes. Q: He paid all of his bills? A: Yes." (Tr. of Dep. of W. Thomas Wilson, May 18, 2001, at 54. A true and correct copy of excerpts from Defendant Wilson's deposition transcript is submitted herewith as Exhibit B).

By way of yet another example, Defendants propose to deny paragraph 21 in full on the basis that they lack sufficient information to form a belief as to the truth of the averments contained therein. Paragraph 21 of the Amended Complaint states that, "In August-September, 1999, the Corneals commenced the marketing of one of the lots, a twenty-five (25) acre tract of land, upon which a house and barn were situate." At the meeting of counsel required by Local Rule of Civil Procedure 16.3(b), counsel for the Defendants stipulated that "In August-September, 1999, the Corneals put out feelers to find a buyer for one of the lots, a twenty-six (26) acre tract of land, upon which a house and barn were situate."

As is clear from the foregoing examples, few, if any, of the denials set forth in Defendants' proposed Answer to the Amended Complaint are made in good faith. Where a party attempts to utilize the pleading permitted by Rule 8(b) in bad faith or to make the pleading evasive, the pleading should be deemed ineffective. See 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1262 (2d Ed. 1990)(Supp. 2003); Fid. & Guar. Ins. Co. v. Keystone Contractors, Inc., No. 02-CV-1328, 2002 LEXIS 15403, *8 (E.D. Pa. Aug. 14, 2002) (denying motion to vacate default judgment because defendant's failure to comply in good faith with basic federal pleading rules belied existence of meritorious defense to claims asserted).[1] To allow Defendants, at this late date, to file a pleading of record with such unjustified denials of undisputed fact will cause undue prejudice to the Plaintiffs if the Defendants' Answer is to have any legal import or effect.

In addition to its repeated and unjustified denials of the factual allegations that are largely undisputed, Plaintiffs have proposed to submit with its Answer 18 Affirmative Defenses to the Plaintiffs' Complaint. Several of these affirmative defenses never have been raised in either Motions to Dismiss or Motions for Summary Judgment. Moreover, certain of the Affirmative Defenses raised already have been addressed by the parties in the Court, and thus have been judicially

---

[1] A true and correct copy of Fid. & Guar. Ins. Co. v. Keystone Contractors is

determined.  Consequently, permitting the Defendants to raise these Affirmative

Defenses at this time will prejudice the Plaintiffs.

In this litigation, the parties briefed extensively both Motions to Dismiss

pursuant to Rule 12(b) and Motions for Summary Judgment pursuant to Rule 56.

In Defendants' Motion to Dismiss, Defendants raised the following defenses:

(1) Plaintiffs' claims are not ripe; (2) Plaintiffs fail to demonstrate a taking;[2] (3) the

individual Defendants are entitled to qualified immunity; (4) the Complaint fails to

state a claim for substantive process violations; and (5) the Complaint fails to state

a claim for the state law violations.  (Corneal v. Jackson Township, et al., No.

1:CV-00-1192, Slip Op. at 6 (March 29, 2001)).  Defendants later filed a Motion

for Summary Judgment in which they argued that the Plaintiffs had not been

deprived of their substantive due process rights; but the individuals Defendants are

entitled to absolute and/or qualified immunity in that Plaintiffs have failed to prove

their entitlement to recovery on their state law claims of conspiracy, intentional

interference with contract and violation of the Pennsylvania State Constitution.

Notably, Plaintiff never has raised, in any pleading, any issue regarding the

applicable statute of limitations (Sixth Affirmative Defense), or that Plaintiffs have

failed to avail themselves of available due process (Tenth Affirmative Defense).

---

submitted herewith as Exhibit C.
[2] Although Defendants raised this matter, the Court never addressed it because
neither the Complaint nor the Amended Complaint make any allegations of taking.

{L0264013.1}                                    6

Consequently, Affirmative Defenses Six and Ten are new theories that never have been raised in any pleading, and should be considered waived pursuant to Federal Rule of Civil Procedure 8(c). Moreover, the Court already has concluded as a matter of law that the individual Defendants are not entitled to legislative immunity (Seventh Affirmative Defense), that the Plaintiffs have alleged a deprivation of a federally protected right (Ninth Affirmative Defense), that Plaintiffs have alleged a deprivation of a state constitutional right (Eleventh Affirmative Defense), that Plaintiffs' Complaint does state a claim upon which relief can be granted (Fourth Affirmative Defense), that the lawsuit is not barred by the Pennsylvania Governmental Immunity Act (First, Third and Fifth Affirmative Defenses) and that the Plaintiffs do have common-law and statutory causes of action against the Defendants (Second Affirmative Defense). Thus, on at least eight of Defendants' proposed affirmative defenses, they are seeking relief that the Court already has determined is not available to the Defendants.

There is no basis on which the Defendants should be permitted to boot-strap the record and their case in the manner that they propose. The pleadings, including the Answer and Affirmative Defenses, are an essential component in framing the issues for litigation, including the disputed facts, if any, on which Plaintiffs rely further claims and the legal defenses, if any, to Plaintiffs' claims set forth in the Complaint. Plaintiffs and Defendants each tailor their discovery and strategy

based upon the claims made and the defenses raised in the pleadings.  It is

incredibly unfair to Plaintiffs to allow Defendants nearly three years to consider

the facts and legal merits of the case pleaded against them before they raise

purported denials of fact or purported legal defenses to the claims asserted.

Because of the extraordinary delay of Defendants in responding to Plaintiffs'

Amended Complaint, and because of their clear bad faith in presenting denials of

fact, they should be prohibited from denying the well-pleaded facts in the

Complaint or raising any Affirmative Defenses to the Plaintiffs' Complaint.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny

Defendants' Motion for Leave to Answer to Plaintiffs' Amended Complaint, and

issue its Order deeming all of the well-pleaded allegations of Plaintiffs' Complaint

and that all of Defendants' proposed Affirmative Defenses are waived.


Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC


Bridget E. Montgomery, Esq.
Adam M. Shienvold, Esq.
213 Market Street, Eighth Floor
P.O. Box 1248
Harrisburg, PA 17108-1248
717.237.6000

# CERTIFICATE OF SERVICE

I certify that I delivered a copy of the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

First Class U.S. Mail
Anthony R. Sherr, Esq.
Mayers, Mennies & Sherr, LLP
P. O. Box 1547
Blue Bell, PA 19422-0440

Adam M. Shienvold, Esq.

Date: 4/14/03

Counsel for Plaintiffs, David B. and Sandra Y. Corneal

{L0264013.1}