# ORIGINAL ᔓ-⁊⁄ ℯ⁄

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID B. CORNEAL AND
SANDRA Y. CORNEAL

**FILED**
HARRISBURG, PA

CASE NO. 1:00-CV-1192

vs.

APR 2 8 2003

(JUDGE RAMBO)

JACKSON TOWNSHIP, et al.

MARY E. D'ANDREA, CLERK

Per _____ Deputy Clerk

JURY TRIAL DEMANDED

## DEFENDANTS, JACKSON TOWNSHIP, W. THOMAS WILSON, MICHAEL YODER, RALPH WEILER, BARRY PARKS, DAVID VAN DOMMELEN AND ANN I. WIRTH'S BRIEF IN OPPOSITION TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER AND IN REPLY TO PLAINTIFFS' OPPOSITION

## I. INTRODUCTION

Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth filed a Motion for Leave to File an Answer to Plaintiffs' Amended Complaint Out of Time *nunc pro tunc* and filed a Brief in support thereof on the same day. While Plaintiffs did not timely file a response thereto, Plaintiffs have filed a Motion *nunc pro tunc* for enlargement of time to file a brief in response to Defendants' Motion for Leave to File an Answer and at the same time filed a Brief in Opposition to Defendants' Motion for Leave to File an Answer.

Plaintiffs' response demonstrates that based on the extensive pretrial discovery and dispositive motion practice, Plaintiffs will not be prejudiced by the filing of

Defendants' Answer to their Amended Complaint. On this basis, Defendants' Motion for Leave to File an Answer to Plaintiffs' Amended Complaint Out of Time *nunc pro tunc* should be granted.

## II.  <u>PROCEDURAL HISTORY</u>

On February 20, 2003, Defendants filed a Motion for Leave to File an Answer to Amended Complaint *nunc pro tunc*. At that time of the filing of that Motion, Defendants believed such Motion was a Motion for enlargement of time pursuant to Local Rule of Civil Procedure 7.5 and on that basis, did not file a Brief in support thereof. On or about March 14, 2003, this Honorable Court issued an Order deeming Defendants' Motion withdrawn for failure to file a Brief in support thereof, pursuant to Local Rule of Civil Procedure 7.5.

Thereafter, Defendants filed a Motion for Leave to File Answer to Plaintiffs' Amended Complaint Out of Time *nunc pro tunc* and simultaneously filed a Brief in support thereof.

Plaintiffs failed to timely file a response to Defendants' Motion for Leave to File an Answer to Plaintiffs' Amended Complaint in which they alleged that due to this Court's Order dated March 18, 2003 directing the Defendants to file a renewed Motion for Summary Judgment regarding Plaintiffs' substantive due process claim

and state law claims, that they failed to recognize that the Defendants' instant Motion for Leave to File an Answer was neither stayed nor deemed moot.

On or about April 14, 2003, Plaintiffs filed a Motion *nunc pro tunc* for enlargement of time to file a Brief in response to Defendants' Motion for Leave to File an Answer. Plaintiffs have not filed a Brief in support of the present Motion. They wrongfully allege that they are not required to do so pursuant to Local Rule of Civil Procedure 7.5. At the same time, Plaintiffs' filed their Brief in opposition to Defendants' Motion for Leave to File an Answer. The Certificate of Service for each of Defendants' filings is dated April 14, 2003. However, the postal meter stamp accompanying Plaintiffs' filings is dated April 15, 2003. Service was affected through the mail.

Defendants now file a Brief in response to Plaintiffs' Brief in opposition to Defendants' Motion for Leave to File an Answer.

## III.  ARGUMENT

Plaintiffs' Brief in opposition to Defendants Motion for Leave to File an Answer does not demonstrate that Plaintiffs will be prejudiced by the filing of Defendants' Answer to the Amended Complaint. Plaintiffs concede that the parties in this matter have extensively briefed both Motions to Dismiss and Motions for

Summary Judgment.  Plaintiffs' claimed prejudice if the proposed Answer is filed

amounts to misstatements regarding pleading rules.  For instance, with regard to

legal conclusions in Plaintiffs' Amended Complaint, Defendants are entitled to deny

them pursuant to the Federal Rules of Civil Procedure.  Certain factual allegations

contained in Plaintiffs' Amended Complaint were denied, and many other

paragraphs of Plaintiffs' separately numbered paragraphs were admitted.[1]  Such

minor inconsistencies cannot be the basis of a claim of prejudice by Plaintiffs.  The

record evidence to date, which is admitted and/or stipulated to by the parties is

binding.  Any denial will necessarily be viewed and/or scrutinized pursuant to these

admissions, stipulations and/or other record evidence presented to this Court.

Accordingly, Plaintiffs will not be prejudiced by the filing of Defendants' Answer to

their Amended Complaint.

With regard to Defendants' affirmative defenses, as Plaintiffs point out, the

parties have extensively briefed both Motions to Dismiss and Motions for Summary

---

[1] Plaintiffs take pains to point out two or three minor inconsistencies with respect to denial of factual allegations. To the extent, Defendants denied, at least in part, any factual allegation, which is controverted elsewhere in discovery, such denial was an inadvertent oversight, not made in bad faith, nor intended to create any misrepresentation. It goes with the nature of factual denials, a denial may turn on the definition, or lack thereof of a word within the factual allegation. For instance, in paragraph 21 of the Amended Complaint, which Plaintiffs highlight, it is alleged that the Corneals commenced the "marketing" of one of the lots…"  While Defendants denied that allegation, Plaintiffs now object because Defendants later stipulated to the fact that the Corneals put out "feelers" to find a buyer for one of the lots…" (See Page 4 of Plaintiffs' Brief in Opposition to Defendants' Motion). In this regard, the term marketing is undefined by Plaintiffs and encompasses many more activities than "putting out feelers to find a buyer."  In any regard, (as well as Plaintiffs' address, see paragraph 1 of Amended Complaint) and the Plaintiffs' payment to Eagle Excavation (see paragraph 19 of Plaintiffs' Amended Complaint) are not material to the remaining issues in this matter.

4

Judgment and in these Briefs have raised many of the affirmative defenses alleged in their Answer. As Plaintiffs observe, these issues have already been raised before this Court in dispositive Motions, the Court has disposed of certain of the proposed affirmative defenses, and has determined that they are not available to the Defendants. In this regard, to the extent the Court has addressed and disposed of such defenses, such is the law of this case and Defendants are bound thereby. For example, with regard to the defenses of legislative and governmental immunity, for purposes of the trial of this matter, the Court has ruled that Defendants are not entitled to such absolute immunity. Based on the foregoing, as Plaintiffs have pointed out, defenses are no longer available to Defendants to the extent a trial ensues and on that basis, Plaintiffs will not be prejudiced by the filing of Defendants' Answer to Plaintiffs' Amended Complaint.

With regard to the affirmative defenses of statute of limitations, and Plaintiffs' failure to avail themselves of available due process, contrary to Plaintiffs' position, Defendants did previously raise those in other dispositive motions, with regard to Plaintiffs' failure to pursue the legality of the subdivision moratorium. To the other affirmative defenses addressed above, this Court has established the law of the case with regard to Plaintiffs' procedural due process claims and those attendant

affirmative defenses.  On this basis, again, Plaintiffs would not be prejudiced by Defendants' filing of an Answer to Plaintiffs' Amended Complaint.  Accordingly, Defendants' Motion for Leave to File an Answer to Plaintiffs' Amended Complaint out of Time must be granted.

## IV.  CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant Defendants' Motion for Leave to File an Answer to Plaintiffs' Amended Complaint out of Time *nunc pro tunc*.

Respectfully submitted,

**MAYERS, MENNIES & SHERR, LLP**

BY _____

ANTHONY R. SHERR, ESQUIRE
Attorney for Defendants

3031 Walton Road, Building A
Suite 330, P.O. Box 1547
Blue Bell, PA 19422-0440
(610) 825-0300
Fax (610) 825-6555

6

## CERTIFICATE OF SERVICE

I, Cheryl Zeigler, hereby certify that on the 28th day of April 2003, a true and correct copy of Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth's Brief in Opposition to Plaintiffs' Brief in Opposition to Defendants' Motion for Leave to File Answer and in Reply to Plaintiffs' Opposition, was served by first class regular mail, postage prepaid upon the following:

Bridget E. Montgomery, Esquire
Adam M. Shienvold, Esquire
Eckert, Seamans Cherin & Mellott
213 Market Street, 8th Floor
Harrisburg, PA 17101

BY: _____
Cheryl Zeigler
Legal Assistant to Anthony R. Sherr