IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID B. CORNEAL and SANDRA Y. CORNEAL,** | **CIVIL NO. 1:CV-00-1192** |
| **Plaintiffs** | |
| v. | |
| **JACKSON TOWNSHIP, Huntingdon County, Pennsylvania,** *et al.*, | |
| **Defendants** | |

**O R D E R**

The background of this order is as follows: On June 30, 2000, Plaintiffs filed a complaint in the captioned matter. On July 24, 2000, Defendants filed a motion to dismiss the complaint. By an order dated March 29, 2001, the court granted that motion in part and denied that motion in part.[1] On July 27, 2001, Plaintiffs filed a motion for reconsideration of the portion court's March 29, 2001 which granted Defendants' motion to dismiss.[2] On September 12, 2001, the court issued an order denying Plaintiffs' motion for reconsideration. Because Plaintiffs alternatively requested leave to amend the complaint, the court also issued a rule to show cause on Defendants why Plaintiffs should not be allowed leave to amend their complaint. After considering Defendants' response to the rule, the court issued an order, dated October 18, 2001, granting Plaintiffs' motion to file an amended complaint. On November 6, 2001, Plaintiffs filed an amended complaint accusing

---

[1] Plaintiffs listed Larry Newton as a Defendant in their original complaint. In its March 29, 2001 order, the court dismissed Plaintiffs' claims against Defendant Newton.

[2] Plaintiffs originally filed their motion for reconsideration on April 12, 2001. On April 26, 2001, the court stayed that motion pending the taking of several depositions in the matter. Accordingly, Plaintiffs' motion for reconsideration, filed on July 27, 2001, was timely and denominated an amended motion for reconsideration.

Defendants of the following: (1) violating Plaintiffs' rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution (Count I); (2) engaging in a civil conspiracy in violation of Pennsylvania common law (Count II); intentionally interfering with Plaintiffs' contractual relations (Count III); and (4) violating Plaintiffs' rights under the Pennsylvania Constitution (Count IV).  Defendants, however, never filed an answer to Plaintiffs' amended complaint.

After the completion of discovery, the parties filed cross motions for summary judgment.  By order dated December 23, 2002, the court denied Plaintiffs' motion for summary judgment.  Additionally, the court granted in part and denied in part Defendants' motion for summary judgment.  Relevant to this order, the court denied Defendants' motion for summary judgment as to Plaintiffs' claim that Defendants violated their substantive due process rights.  After the Third Circuit Court of Appeals issued an opinion which might affect the outcome of Plaintiffs' substantive due process claim, the court vacated the portion of the court's December 23, 2002 order which denied Defendants' motion for summary judgment.  The court also granted Defendants leave to file a renewed motion for summary judgment.

At this point, Defendants apparently discovered that they had failed to file an answer to the amended complaint. On March 18, 2003, Defendants filed for leave to file an answer *nunc pro tunc*.  Attached to that motion, Defendants included a copy of their proposed answer.  Plaintiffs did not concur in the motion and did not file a brief in response until April 14, 2003 – seven days late.[3]

---

[3]Ironically, Plaintiffs filed a motion for leave to file their response *nunc pro tunc* to Defendants' motion to file an answer *nunc pro tunc*.  As stated below, the court's resolution of Defendants' motion to file an answer *nunc pro tunc* renders moot Plaintiffs' motion to file, *nunc pro tunc*, a brief in response to

(continued...)

The court has considered counsels' argument and has determined that the most equitable resolution of this problem is to allow Defendants to file their answer. However, the court will strike the sixth affirmative defense from Defendants' proposed answer. Defendants did not present any argument regarding the statute of limitations in any of its dispositive motions. Therefore, it would be unfair to require Plaintiffs to address this affirmative defense this late in the game.[4] All of the remaining seventeen affirmative defenses have been raised, at one point or another, throughout the course of this case. To the extent any matter that Defendants assert in their answer is inconsistent with any court ruling, the court's ruling will govern.

Accordingly, **IT IS HEREBY ORDERED THAT**:

(1) Defendants' motion for leave to file an answer to the amended complaint *nunc pro tunc* (Doc. 110) is **GRANTED**. Defendants shall file their answer no later than May 9, 2003. However, Defendants may not list the statute of limitations as an affirmative defense in that document;

(2) Plaintiffs' motion for extension of time, *nunc pro tunc*, to file a brief in response to Defendants motion for leave to file an answer to the amended complaint *nunc pro tunc* (Doc. 116) is **DEEMED MOOT**; and

---

[3](...continued)
Defendants' motion to file an answer *nunc pro tunc*.

[4] Additionally, the court notes that Defendants' claim regarding the statute of limitations is without merit. Plaintiffs' claims arise from Defendants' enactment of a land development moratorium in Jackson Township, Pennsylvania. It is undisputed that Defendants' enacted the moratorium during a meeting in January of 2000. Plaintiffs' filed suit on June 30, 2000, no more than seven months later. All of Plaintiffs' claims are governed by Pennsylvania's two year statute of limitations for intentional torts. *See* 42 Pa. Cons. Stat. § 5524; *see also Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985) (holding that the statute of limitations period for § 1983 claims is that which governs claims for personal injury in the state in which the case is filed); *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993). Thus, Plaintiffs timely filed the complaint in this matter.

(3) The court will not entertain any motions for reconsideration of this order.

s/Sylvia H. Rambo

Sylvia H. Rambo
United States District Judge

Dated: April 30, 2003.