# ORIGINAL 2 to 4

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID B. CORNEAL AND : 
SANDRA Y. CORNEAL : CASE NO. 1:00-CV-1192
 : 
vs. : 
 : 
JACKSON TOWNSHIP, Huntingdon : 
County, Pennsylvania, : 
W. THOMAS WILSON, Individually and : JURY TRIAL DEMANDED
in his Official Capacity as Supervisor of : 
Jackson Township, MICHAEL YODER, : 
Individually and in his Official Capacity as : 
Supervisor of Jackson Township, : 
RALPH WEILER, Individually and in his : 
Official Capacity as Supervisor of Jackson : **FILED**
Township, BARRY PARKS, Individually : HARRISBURG, PA
and in His Official Capacity as Sewage : 
Enforcement Officer of Jackson Township, : MAY 0 2 2003
DAVID VAN DOMMELEN, Individually : 
and in his Official Capacity as Building : MARY E. D'ANDREA, CLERK
Permit Officer, ANN I. WIRTH, : Per _____
Individually and in her Official Capacity as : 
Secretary of Jackson Township, and :

## DEFENDANTS' JACKSON TOWNSHIP, W. THOMAS WILSON,
## MICHAEL YODER, RALPH WEILER, BARRY PARKS,
## DAVID VAN DOMMELEN AND ANN I. WIRTH'S ANSWER TO
## PLAINTIFFS' AMENDED COMPLAINT
## WITH AFFIRMATIVE DEFENSES

**NOW COMES** Defendants, Jackson Township, W. Thomas Wilson, Michael

Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth by and

through their authorized counsel of record, Mayers, Mennies & Sherr, LLP, and in

response to Plaintiffs' Amended Complaint incorporates herein by

reference all pleadings and Motions it has filed or will file in this matter, and further states:

## I.  INTRODUCTION

## II.  PARTIES

1.  Denied.  Answering Defendants, after reasonable investigation are without sufficient information to form a belief as to the truth of the averments and on that basis they are denied.

2.  Denied.  Answering Defendants, after reasonable investigation are without sufficient information to form a belief as to the truth of the averments and on that basis they are denied.

3.  Admitted.

4.  Denied as stated.  It is admitted that Defendant, W. Thomas Wilson is a member of the Board of Supervisors of the Township.  It is denied that he resides at RD 1, Box 730, Petersburg, Pennsylvania, to the contrary, Mr. Wilson resides at RD 1, Box 420, Petersburg, Pennsylvania.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

2

9.     Admitted.

10.    Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and, therefore, require no response by Answering Defendant.

11.    Denied.  The allegations contained in ¶11 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

12.    Denied.  The allegations contained in ¶12 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

## III.

## JURISDICTION AND VENUE

13.    Denied.  The allegations contained in ¶13 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

14.    Denied.  The allegations contained in ¶14 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

## IV.

## BACKGROUND

15.    Admitted.

16.    Admitted in part and denied in part.  It is admitted that the Corneals

3

hired a surveyor to perform a survey of their property and to prepare a subdivision plan. The remaining allegations in ¶16 are denied after reasonable investigation, Answering Defendant are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

17. Admitted in part and denied in part. It is admitted that the Corneals contacted Defendant, Parks, the Sewage Enforcement Officer of Jackson Township in order to perform tests to identify those portions of their property, if any which were suitable for an on-lot septic tank. The remaining allegations of ¶17 are denied as conclusions of law to which no responsive pleading is necessary, by way of further response and to the extent the allegations are deemed to be other than conclusions of law it is admitted that Parks certified some sites as being suitable for an on-lot septic system.

18. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

19. Admitted in part and denied in part. It is admitted that after Defendant, Parks identified those portions of the property which potentially were suitable sites

for the percolation tests, the Corneals contacted Defendant, Wilson and engaged Defendant, Wilson's private business, Eagle Excavating to dig the test pits at the property.  The remaining allegations in ¶19 are denied after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

20.    Admitted in part and denied in part.  It is admitted that an initial subdivision plan was prepared.  The remaining allegations in ¶20 are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

21.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

22.    Admitted in part and denied in part.  It is admitted that a copy of the contract purportedly between John Hewitt, Jr. and Joann Smith and the Plaintiffs is attached to Plaintiffs' Amended Complaint as Exhibit "A".  The remaining

5

allegations are denied in that they attempt to characterize a legal writing, i.e. the contract attached as Exhibit "A", which speaks for itself.

23.   Denied.   The allegations of this paragraph are legal conclusions and, therefore, require no response by Answering Defendants.   By way of further response, to the extent the allegations contained in ¶23 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

24.   Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

25.   Admitted in part and denied in part.   It is admitted that the Corneals proffered a plan to the Township Supervisors on February 7, 2000.   The remaining allegations in ¶25 are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments,

which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

26.     Admitted in part and denied in part.   It is admitted only that the Corneals were advised that the Township had enacted a moratorium on new development after the January 2000 meeting.   It is specifically denied that the Corneals were advised that they were prohibited from subdividing the property.

27.     Denied.  The allegations contained in ¶27 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response to the extent the allegations contained in ¶27 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

28.     Denied.  The allegations contained in ¶28 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

29.     Denied.  The allegations contained in ¶29 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response to the extent the allegations contained in ¶29 are deemed

other than conclusions of law they are denied. The remaining allegations in ¶29 attempt to characterize a legal writing which speaks for itself and it attached to Plaintiffs' Complaint as Exhibit "B" and on this basis those characterizations are denied.

30.     Denied.  The allegations contained in ¶30 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

31.     Denied.  The allegations contained in ¶31 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶31 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

32.     Denied.  The allegations contained in ¶32 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

33.     Denied.  The allegations contained in ¶33 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

8

34.    Denied.  The allegations contained in ¶34 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶34 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

35.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

36.    Denied.  The allegations contained in ¶36 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶36 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

37.    Denied.  The allegations contained in ¶37 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

38.    Denied.  The allegations contained in ¶38 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

39.    Denied.  The allegations contained in ¶39 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

40.    Denied.  The allegations contained in ¶40 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶40 are deemed other than conclusions of law they are denied.  The allegations contained in ¶40 attempt to characterize a legal writing which speaks for itself and is attached to Plaintiffs' Amended Complaint as Exhibit "C" and on this basis, Plaintiffs' characterizations thereof are denied.

41.    Denied.  The allegations contained in the corresponding paragraphs do not pertain to Answering Defendants but rather pertain to an entity not named as a party and, therefore, requires no response by Answering Defendants.  By way of further response, to the extent the allegations contained in ¶41 are deemed to pertain to Answering Defendants, they are denied as a conclusion of law to which no

10

responsive pleading is required.  To the extent the allegations contained in ¶41 are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

42.    Denied.  The allegations contained in the corresponding paragraphs do not pertain to Answering Defendants but rather pertain to an entity not named as a party and, therefore, requires no response by Answering Defendants.  By way of further response, to the extent the allegations contained in ¶42 are deemed to pertain to Answering Defendants, they are denied as a conclusion of law to which no responsive pleading is required.  To the extent the allegations contained in ¶42 are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

43.    Denied.  The allegations contained in ¶43 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

44.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

45.    Denied. As the "revised plan" referred to by Plaintiffs in ¶45 is in writing, Plaintiffs' characterization of the writing is denied.

46.    Denied as stated.   It is admitted only that some of the plan was resubmitted to the County Planning Commission for review.

47.    Denied.  The allegations contained in ¶47 attempt to characterize a legal writing which speaks for itself, and is attached to Plaintiffs' Amended Complaint as Exhibit "D"; Plaintiffs' characterizations of the legal writing are therefore denied.

48.    Admitted in part and denied in part.  It is admitted only that Mr. Corneal was told that as a result of the moratorium, the submission of his plan would be delayed until a new land development ordinance was passed.  The remaining allegations in this paragraph are denied.

49.    Denied.  The allegations contained in ¶49 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

50. Denied. The allegations contained in ¶50 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

51. Denied. The allegations contained in ¶51 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response to the extent the allegations contained in ¶51 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

52. Denied. The allegations contained in ¶52 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

53. Admitted in part and denied in part. It is admitted that a building permit was requested. It is denied that Mr. Corneal informed the Township as to his plans for the property or that he was entitled to a permit. The remainder of this paragraph is denied on the basis that Answering Defendants after reasonable investigation are without sufficient information to form a belief as to the truth of the allegations and on that basis they are denied.

54.     Denied.  It is specifically denied that Mr. Parks was directed not to assist the Corneals in any way.   By way of further response, the remaining allegations in ¶54 are specifically denied.

55.     Admitted in part and denied in part.  It is admitted only that Defendant, Ann I. Wirth is the Secretary of the Township and in that capacity is actively involved in the day to day operations of the Township.  It is specifically denied that Defendant, Wirth functions as a "Township Manager."

56.     Denied as stated.   It is admitted only that Mr. Corneal contacted Defendant, Parks for the privy permit.

57.     Denied. It is specifically denied that Defendant, Parks was "directed" by Defendant, Wirth not to issue any permits to the Corneals and not to provide any help to the Corneals.  The remaining allegations in ¶57 are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

58.     Denied.  The allegations contained in ¶58 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

59.    Denied.  The allegations contained in ¶59 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

60.    Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants.

61.    Admitted in part and denied part.  It is admitted that the Corneals commenced the construction of a driveway through their property.  The remaining allegations contained in ¶61 are denied as conclusions of law to which no responsive pleading is required.  By way of further response to the extent the allegations contained in ¶61 are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

62.    Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants.  By way of further response, to the extent the allegations contained in ¶62 are deemed directed to Answering Defendants, they are denied.  After reasonable investigation, Answering Defendants are without sufficient

information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

63.     Denied.  The allegations contained in ¶63 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

64.     Denied.  The allegations contained in ¶64 do not pertain to Answering Defendants and therefore require no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶64 are deemed directed to Answering Defendants, they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

65.     Denied as stated.  It is admitted only that Mr. Corneal requested a building permit from the Township Permit Officer, David Van Dommelen.

66.     Denied.  The allegations contained in ¶66 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶66 are deemed other than conclusions of law, they are denied, the allegations contained in ¶66 attempt to characterize a legal writing, that is Section 3.02A of the Building Permit

16

Ordinance which speaks for itself and on this basis, Plaintiffs' characterizations of the same are denied.

67.    Denied. After reasonable investigation, Answering Defendants are without sufficient information upon which to form a belief as to the truth of the assertions and on that basis they are denied.

68.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

69.    Denied.  To the contrary, it was explained to Mr. Corneal that the Township did not understand what his plans were for the property.

70.    Denied.  The allegations contained in ¶70 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

71.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

72.     Denied.  The allegations contained in ¶72 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

73.     Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants.

74.     Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶74 are deemed directed to Answering Defendants, they are denied. The allegations contained in ¶74 attempt to characterize a legal writing, which speaks for itself, and therefore Plaintiffs' characterizations of the same are denied.

75.     Denied.  The allegations contained in ¶75 attempt to characterize a legal writing which speaks for itself and is attached to Plaintiffs' Amended Complaint as Exhibit "E"; Plaintiffs' characterizations of the same are therefore denied.

76.     Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

77.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

78.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

79.    Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants.

80.    Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶80 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶80 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient

information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

81.   Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶81 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.

82.   Denied. The allegations contained in ¶82 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

83.   Denied. The allegations contained in ¶83 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶83 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶83 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

84.    Denied.  The allegations contained in ¶84 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in ¶84 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶84 are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

85.    Denied.  The allegations contained in ¶85 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

86.    Denied.  The allegations contained in ¶86 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

87.    Denied.  The allegations contained in ¶87 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in ¶87 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶87

are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

88.     Denied.  The allegations contained in ¶88 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

89.     Denied.  The allegations contained in ¶89 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

90.     Denied.  The allegations contained in ¶90 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

91.     Denied.  The allegations contained in ¶91 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

92.     Denied.  The allegations contained in ¶92 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

93.     Denied.  The allegations contained in ¶93 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶93 are deemed directed to Answering Defendants, they are denied as conclusions of law to which

no responsive pleading is required. To the extent the allegations contained in ¶93 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

### COUNT I

### <u>VIOLATION OF 42 U.S.C. §1983</u>

94.    Answering Defendants answers to Paragraphs 1 through 93 of Plaintiffs' Amended Complaint are incorporated as though more fully set forth herein by reference.

95.    Denied. The allegations contained in ¶95 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

96.    Denied. The allegations contained in ¶96 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

97.    Denied. The allegations contained in ¶97 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

98.    Denied. The allegations contained in ¶98 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By

way of further response, to the extent the allegations contained in ¶98 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required. To the extent the allegations contained in ¶98 are deemed other than conclusions of law, they are specifically denied as follows: The Defendants have not deprived the Corneals of their procedural and substantive due process rights: (1) through the flagrant abuse of office; (2) by enforcing ordinances in an arbitrary and selective manner; (3) by refusing to issue permits to the Corneals where the Corneals are in compliance with all provisions of all applicable ordinances; (4) by taking action through the abuse of their office to impede the development of the property where the Defendants have not enacted a subdivision and land development ordinance to regulate the same; (5) by interfering with the contractual relationship between the Corneals and Hewett and Smith, which Contract involved significant property interest; (6) by abusing their office and engaging in conduct so as to deceive the Corneals into believing that subdivision approval was required; and (7) by depriving the Corneals of an avenue to appeal their unlawful action by refusing to even review the Initial Plan or to even provide necessary applications for permits.

99. Denied. The allegations contained in ¶99 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

100. Denied. The allegations contained in ¶100 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

101. Denied. The allegations contained in ¶101 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

102. Denied. The allegations contained in ¶102 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

103. Denied. The allegations contained in ¶103 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

104. Denied. The allegations contained in ¶104 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

**WHEREFORE**, Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth respectfully request that this Honorable Court deny all relief requested by Plaintiffs as set forth in their Wherefore clause (a) through (h) as it appears on page 21 of their Amended Complaint, and enter judgment in favor of Defendants on these counts.

## COUNT II

## STATE LAW CIVIL CONSPIRACY

105.   Answering Defendants answers to Paragraphs 1 through 104 of Plaintiffs' Amended Complaint are incorporated as though more fully set forth herein by reference.

106.   Denied.  It is specifically denied that Defendant, Parks was instructed not to assist the Corneals in any way.

107.   Denied.

108.   Denied as stated.  Van Dommelen was instructed that the Township needed more information from Corneal as to his plans for the property and structures thereupon.

109.   Denied. Van Dommelen informed Corneal that the Township needed more information.

110.   Denied.  The allegations contained in ¶110 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶110 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in

¶110 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

111.  Denied.  The allegations contained in ¶111 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶111 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶111 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

112.  Denied.  The allegations contained in ¶112 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

113.  Denied.  The allegations contained in ¶113 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

114.   Denied.  The allegations contained in ¶114 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶114 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶114 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

115.   Denied.  The allegations contained in ¶115 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

116.   Denied.  The allegations contained in ¶116 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

117.   Denied.  The allegations contained in ¶117 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

118.   Denied.  The allegations contained in ¶118 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

**WHEREFORE**, Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth respectfully request that this Honorable Court deny all relief requested by Plaintiffs including the specific request for relief enumerated in Paragraphs (a) through (e) on page 23 of their Amended Complaint, and enter judgment in favor of Defendants on these counts.

## COUNT III

## STATE LAW INTENTIONAL INTERFERENCE WITH PERFORMANCE OF CONTRACT

119. Answering Defendants answers to Paragraphs 1 through 118 of Plaintiffs' Amended Complaint are incorporated as though more fully set forth herein by reference.

120. Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. To the extent the allegations contained in ¶120 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

121.   Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. To the extent the allegations contained in ¶121 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

122.   Denied. The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. To the extent the allegations contained in ¶122 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

123.   Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

124.   Denied.  The allegations contained in ¶124 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶124 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶124 are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

125.   Denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

126.   Admitted in part and denied in part.  It is admitted that the Defendants believed that they had enacted a proper moratorium on subdivision development from January 2001 until the adoption of their SALDO in July 2001.  The remaining allegations in ¶126 are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these

averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

127.  Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

128.  Denied.  The allegations contained in ¶128 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

129.  Denied.  The allegations contained in the corresponding paragraph do not pertain to Answering Defendants and therefore require no response by Answering Defendants. By way of further response, to the extent the allegations contained in ¶129 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶129 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

130.  Denied.  The allegations contained in ¶128 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶130 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶130 are deemed other than conclusions of law they are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of these averments, which are therefore deemed denied and strict proof thereof is demanded at the time of trial.

131.  Denied.  The allegations contained in ¶131 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

132.  Denied.  The allegations contained in ¶132 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

**WHEREFORE**, Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth respectfully request that this Honorable Court deny all relief requested by Plaintiffs in their Amended Complaint, and enter judgment in favor of Defendants.

# COUNT IV

## STATE CONSTITUTIONAL CLAIMS

133.  Answering Defendants answers to Paragraphs 1 through 132 of Plaintiffs' Amended Complaint are incorporated as though more fully set forth herein by reference.

134.  Denied.  The allegations contained in ¶134 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

135.  Denied.  The allegations contained in ¶135 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

136.  Denied.  The allegations contained in ¶136 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

137.  Denied.  The allegations contained in ¶137 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied. By way of further response, to the extent the allegations contained in ¶137 are deemed directed to Answering Defendants, they are denied as conclusions of law to which no responsive pleading is required.  To the extent the allegations contained in ¶137 are deemed other than conclusions of law they are denied. Defendants have not deprived the Corneals of their state procedural and substantive due process rights:

(1) through the flagrant abuse of office; (2) by enforcing ordinances in an arbitrary and selective manner; (3) by refusing to issue permits to the Corneals where the Corneals are in compliance with all provisions of all applicable ordinances; (4) by taking action through the abuse of their office to impede the development of the property where the Defendants have not enacted a subdivision and land development ordinance to regulate the same; (5) by interfering with the contractual relationship between the Corneals and Hewett and Smith, which Contract involved significant property interest; (6) by abusing their office and engaging in conduct so as to deceive the Corneals into believing that subdivision approval was required; and (7) by depriving the Corneals of an avenue to appeal their unlawful action by refusing to even review the initial plan or to even provide necessary applications for permits.

138.   Denied.  The allegations contained in ¶139 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

139.   Denied.  The allegations contained in ¶139 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

140.   Denied.  The allegations contained in ¶140 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

141.   Denied.   The allegations contained in ¶141 constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

**WHEREFORE**, Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth respectfully request that this Honorable Court deny the relief requested by Plaintiffs in their Amended Complaint, and enter judgment in favor of Defendants including denying an award of damages against the Plaintiffs in the amount of $150,000.00 plus interest and other compensatory damages as requested by Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the provisions of the Pennsylvania Governmental Immunity Act, 42 Pa. C.S. §8541.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no common law or statutory cause of action against Defendants.

## THIRD AFFIRMATIVE DEFENSE

The instant lawsuit is not within any statutory exception to immunity enumerated at 42 Pa. C.S. §8542(b).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred and/or limited by the provisions of the
Pennsylvania Governmental Immunity Act, 42 Pa. C.S. §8541 et seq.

## SIXTH AFFIRMATIVE DEFENSE

The individual Defendants are entitled to legislative immunity.

## SEVENTH AFFIRMATIVE DEFENSE

The individual Defendants are entitled to qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a deprivation of a federally protected right.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to avail themselves of available due process.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege a deprivation of any state constitutional
protected right.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to secure applicable permits before beginning construction on their property.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with applicable ordinances prior to construction on their property.

## THIRTEENTH AFFIRMATIVE DEFENSE

At the time of its enactment, subdivision moratoriums were valid.

## FOURTEENTH AFFIRMATIVE DEFENSE

Historically, all subdivision proposals were sent to the Huntingdon County Planning Commission.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants did not act in concert nor enter into any agreement, which deprived the Plaintiffs of any constitutional right, including one to use and to develop their property.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not interfere with the performance of any contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have developed their property as desired.

**MAYERS, MENNIES & SHERR, LLP**

BY: _____

ANTHONY R. SHERR, ESQUIRE
Attorney for Defendants

3031 Walton Road, Building A
Suite 330, P.O. Box 1547
Blue Bell, PA 19422-0440
(610) 825-0300
Fax (610) 825-6555

## CERTIFICATE OF SERVICE

I, Cheryl Zeigler, hereby certify that on the 1st day of May 2003, a true and correct copy of Defendants, Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen and Ann I. Wirth's Answer to Plaintiffs' Amended Complaint with Affirmative Defenses, was served by first class regular mail, postage prepaid upon the following:

Bridget E. Montgomery, Esquire
Adam M. Shienvold, Esquire
Eckert, Seamans Cherin & Mellott
213 Market Street, 8th Floor
Harrisburg, PA 17101

BY: _Cheryl Zeigler_
Cheryl Zeigler
Legal Assistant to Anthony R. Sherr