IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. CORNEAL and SANDRA Y. CORNEAL, | : : | NO. 1:CV-00-1192 |
| Plaintiffs | : : | JURY TRIAL DEMANDED |
| v. | : : | RAMBO, J. |
| JACKSON TOWNSHIP, *et al.,* Defendants | : : : | |

**MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

AND NOW, Plaintiffs David B. Corneal and Sandra Y. Corneal (the Corneals") submit this motion for leave to file a sur-reply brief in opposition to Defendants' Motion for Summary Judgment to correct certain mischaracterizations of fact and law in Defendants Reply Brief in Support of Summary Judgment, and in support thereof, state:

1.  On or about March 18, 2003, the Court ordered the Defendants to file a renewed motion for summary judgment, addressing in particular the effect of the Third Circuit's recent decision in <u>United Artists Theatre Circuit, Inc. v. Twp. of Warrington</u>, 316 F.3d 392 (3d Cir. 2003) on Plaintiffs' claims under 42 U.S.C. § 1983 for violation of their substantive due process rights.

2. On or about April 1, 2003, Defendants filed their "Motion for Summary Judgment on Plaintiffs' Substantive Due Process and State Law Claims" ("Second Motion for Summary Judgment") and supporting papers.

3. On or about April 18, 2003, Defendants filed their Brief in Opposition to Defendants' Motion for Summary Judgment, as well as an Answer to Defendants Statement of Material Facts in Support of Motion for Summary Judgment that included Additional Undisputed Material Facts in Opposition to Defendants' Statement of Material Facts, and an Appendix of Exhibits in support thereof.

4. Defendants thereafter filed a "Reply Memorandum of Law In Support of Their Motion for Summary Judgment" on or about May 12, 2003, along with a "Response" to Defendants' Additional Undisputed Material Facts.

5. Defendants, in their Reply Brief, have made several characterizations of law and fact that are completely unsupportable, and Plaintiffs' therefore request an opportunity to file a short sur-reply to correct those inaccuracies.

6. For example, on pages 5-6 of their Reply Memorandum, Defendants argue that they are entitled to summary judgment because "there is no evidence to support Plaintiffs' allegation that the SALDO was adopted to prevent the Corneals from developing their property." (Defs.' Reply Br. at 5-6). Even a cursory review of the pleadings and summary judgment papers will reveal that Plaintiffs never

have alleged that the Defendants enacted the Subdivision and Land Development Ordinance to prevent the development of their property; to the contrary, the Plaintiffs have alleged that the Defendants took extensive and continuous actions, including enacting the illegal moratorium in January 2000, refusing to issue applications, permits or approvals, filing meritless complaints, and various other actions to prevent the Corneals from developing their property.

7. Similarly, Defendants argue in their Reply Brief that the courts of the Commonwealth of Pennsylvania "endorsed moratoriums." (Defs.' Reply Br. at 6). Again, that is a plain misreading of the law. In 2000, at the time the Defendants purported to pass the "Moratorium" despite their complete and utter failure to abide by a single requirement of the Second Class Township Code, 53 P.S. § 66601, the Commonwealth Court of Pennsylvania had not "endorsed" blanket moratoria of indefinite duration on land development. In Naylor v. Twp. of Hellam, 717 A.2d 629 (Pa. Commw. 1998), rev'd 773 A.2d 770 (Pa. 2001), the question presented to the court was whether the Municipalities Planning Code ("MPC"), 53 P.S. § 10101, et seq., prohibited the implementation of moratoria. The Commonwealth Court noted that the MPC did not, by its terms, expressly authorize the imposition of moratoria, but neither did it prohibit moratoria. Consequently, the court (incorrectly) concluded that, based on the pending ordinance doctrine, a municipality may impose a temporary moratorium on

development "*while land use regulations are in the process of being revised.*" Id. at 633 (emphasis added). In the present case, unlike in Naylor, the Moratorium was imposed in the absence of any land use regulations whatsoever – there were no land use regulations to revise, the pending ordinance doctrine therefore was inapplicable, and no authority existed for implementation of any type of moratorium on land development.

8. Moreover, throughout their entire Reply Memorandum, Defendants continually have attempted to confuse the court with regard to the Corneals' attempts to comply with the law as it then existed in Jackson Township and with Defendants' capricious demands. For example, Defendants attempt to make an issue of the fact that the Corneals began improving an existing road on the property in Spring 2000. Defendants, however, mischaracterize the activity as "commenc[ing] construction of a driveway on their property" despite the fact that the road already existed. (Defs.' Reply Br. at 9). Moreover, Defendants casually neglect to inform the court that Jackson Township did not have a driveway ordinance in spring 2000 – the Driveway Ordinance was not passed until July 2000. (Pl.'s Answer to Defs.' Statement of Mat. Facts at ¶ 35, 37).

9. In light of these and other mischaracterizations or law and fact in Defendants' Reply Memorandum, Plaintiffs respectfully request leave to file a

short sur-reply brief for the very limited purpose of correcting inaccuracies of law and fact that are present in Defendant's Reply Memorandum.

WHEREFORE, Plaintiffs respectfully request the Court to enter its Order granting Plaintiffs leave to file a Sur-Reply Brief in Opposition to Defendants' Motion for Summary Judgment within 10 days

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

s/Adam M. Shienvold
Bridget E. Montgomery, Esq.
Pa. S. Ct. I.D. 56105
Adam M. Shienvold, Esq.
Pa. S. Ct. I.D. 81941
213 Market Street, Eighth Floor
P.O. Box 1248
Harrisburg, PA 17108-1248
717.237.6000

Date: May 23, 2003    Attorneys for Plaintiffs

## CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE

I certify that I contacted Lori Miller, Esq., to obtain her concurrence in the foregoing motion pursuant to Middle District Local Rule 7.1, and that Ms. Miller was unavailable, and her concurrence therefore is deemed denied.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

s/Adam M. Shienvold
Adam M. Shienvold, Esq.

Date:            Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that I delivered a copy of the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

<u>By First Class Mail</u>
Anthony R. Sherr, Esquire
Mayers, Mennies & Sherr, LLP
P. O. Box 1547
Blue Bell, PA  19422-0440


    s/Adam M. Shienvold
    Adam M. Shienvold

Date:  May 23, 2003    Counsel for Plaintiffs