IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. CORNEAL and SANDRA Y. CORNEAL, | : : | NO. 1:CV-00-1192 |
| Plaintiffs | : : | JURY TRIAL DEMANDED |
| v. | : : | RAMBO, J. |
| JACKSON TOWNSHIP, *et al.,* Defendants | : : | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' RESPONSE TO PLAINTIFFS ADDITIONAL UNDISPUTED MATERIAL FACTS IN OPPOSITION TO SUMMARY JUDGMENT**

AND NOW, Plaintiffs, David B. Corneal and Sandra Y. Corneal ("the Corneals") submit the following Motion To Strike Defendants' Response to Plaintiffs Statement of Additional Undisputed Facts in Opposition to Summary Judgment, and in support thereof, state:

1. On or about March 18, 2003, the Court ordered the Defendants to file a renewed motion for summary judgment, addressing in particular the effect of the Third Circuit's recent decision in United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392 (3d Cir. 2003) on Plaintiffs' claims under 42 U.S.C. § 1983 for violation of their substantive due process rights.

2. On or about April 1, 2003, Defendants filed their "Motion for Summary Judgment on Plaintiffs' Substantive Due Process and State Law Claims" ("Second Motion for Summary Judgment") and supporting papers.

3. On or about April 18, 2003, Defendants filed their Brief in Opposition to Defendants' Motion for Summary Judgment, as well as an Answer to Defendants Statement of Material Facts in Support of Motion for Summary Judgment that included Additional Undisputed Material Facts in Opposition to Defendants' Statement of Material Facts, and an Appendix of Exhibits in support thereof.

4. Defendants thereafter filed a "Reply Memorandum of Law In Support of Their Motion for Summary Judgment" on or about May 12, 2003, along with a "Response" to Defendants' Additional Undisputed Material Facts.

5. Local Rule of Civil Procedure 56.1, relating to Motions for Summary Judgment, requires that "statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements."  L.R. 56.1.

6. Defendants' "Response" to Plaintiffs' Additional Undisputed Material Facts does not contain a single reference to the parts of the record that support any of Defendants' denials or counterstatements of fact.

7. Defendants' "Response," therefore, fails completely to comply with the requirements of Local Rule 56.1 to support any statements by reference to the record and should be stricken.

WHEREFORE, Plaintiffs respectfully request this Court to enter its Order striking Defendants' Response to the Additional Undisputed Material Facts Filed by Plaintiffs.

        Respectfully submitted,

        ECKERT SEAMANS CHERIN & MELLOTT, LLC

        s/Adam M. Shienvold
        Bridget E. Montgomery, Esq.
        Pa. S. Ct. I.D. 56105
        Adam M. Shienvold, Esq.
        Pa. S. Ct. I.D. 81941
        213 Market Street, Eighth Floor
        P.O. Box 1248
        Harrisburg, PA 17108-1248
        717.237.6000

Date: May 23, 2003        Attorneys for Plaintiffs

## **CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE**

I certify that I contacted Lori Miller, Esq. to obtain her concurrence in the foregoing motion pursuant to Middle District Local Rule 7.1, and that Ms. Miller was unavailable, and concurrence is deemed denied.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

s/Adam M. Shienvold
Adam M. Shienvold, Esq.

Date: May 23, 2003         Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I certify that I delivered a copy of the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

By First Class Mail

Anthony R. Sherr
Mayers, Menneis & Sherr, LLP
3031 Walton Road, Building A
Suite 330, PO Box 1547
Blue Bell, PA 19422-0440


s/Adam M. Shienvold
Adam M. Shienvold

Date:  May 23, 2003          Counsel for Plaintiffs