IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. CORNEAL and SANDRA Y. CORNEAL, | : : | NO. 1:CV-00-1192 |
| Plaintiffs | : : | JURY TRIAL DEMANDED |
| v. | : : | RAMBO, J. |
| JACKSON TOWNSHIP, *et al.,* Defendants | : : | Electronically Filed |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' RESPONSE TO PLAINTIFFS ADDITIONAL UNDISPUTED MATERIAL FACTS IN OPPOSITION TO SUMMARY JUDGMENT**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

Before the Court is the Plaintiffs' Motion to Strike Defendants "Response" to Defendants' Additional Undisputed Material Facts in Opposition to Defendants' Motion for Summary Judgment for failure to comply with Local Rule 56.1. Defendants' "Response" contains absolutely no citations to the record and, therefore, fails to comply with Rule 56.1 and provides no value whatsoever to the Court in evaluating the facts of this case.

**II.   PROCEDURAL HISTORY**

By Order dated March 18, 2003, the Court directed Plaintiffs to submit a renewed Motion for Summary Judgment, addressing in particular the effect of the Third Circuit's recent decision in <u>United Artists Theatre Circuit, Inc. v. Twp. of Warrington</u>, 316 F.3d 392 (3d Cir. 2003), on Plaintiffs' claims under 42 U.S.C. §

1983 for violation of their substantive due process rights. Defendants filed their "Motion for Summary Judgment on Plaintiffs' Substantive Due Process and State Law Claims" ("Second Motion for Summary Judgment") and supporting papers on April 1, 2003. On or about April 18, 2003, Plaintiffs filed their Brief in Opposition to Defendants' Motion for Summary Judgment, as well as an Answer to Defendants Statement of Material Facts in Support of Motion for Summary Judgment that included Additional Undisputed Material Facts in Opposition to Defendants' Statement of Material Facts, and an Appendix of Exhibits in support thereof.

On or about May 12, 2003, Defendants filed a "Reply Memorandum of Law In Support of Their Motion for Summary Judgment" along with a "Response" to Defendants' Additional Undisputed Material Facts. Defendants' "Response" purports to be their answer to the Plaintiffs' Additional Undisputed Material Facts in Opposition to Summary Judgment, but fails to include a single reference to the testimony or exhibits of record to support any denial or counterstatement of fact.

On or about May 23, 2003, Plaintiffs filed their Motion to Strike Defendants' Response to Plaintiffs Additional Undisputed Facts, and now submit this brief in support thereof.

### III.  ARGUMENT

Local Rule of Civil Procedure 56.1, relating to Motions for Summary Judgment, requires that "statements of material facts in support of, or in opposition to, a motion <u>shall include references to the parts of the record that support the statements.</u>"  L.R. 56.1 (emphasis added).  Defendants' "Response" to Plaintiffs' Additional Undisputed Material Facts does not contain a single reference to the parts of the record that support any of Defendants' denials or counterstatements of fact.  Defendants' "Response," therefore, fails completely to comply with the requirements of Local Rule 56.1 to support any statements by reference to the record.

The very essence of summary judgment proceedings requires that any assertion or denial of fact be supported by the record.  Federal Rule of Civil Procedure 56 states:

> The judgment sought shall be rendered forthwith if the <u>pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact</u> and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  As Local Rule 56.1 makes abundantly clear, it is the obligation of the parties, not the Court, to examine the record and present the evidence that establishes or disputes the material facts relied upon in a motion for summary judgment.

3

Defendants, contrary to the Rules, have declined to carry their burden of pointing to any evidence of record to support their denials and/or counterstatements of fact. Essentially, Defendants are asking this Court to take this case away from the jury and to decide it as a matter of law, all without ever providing to the Court the information it needs to determine whether there exists any "genuine issue as to any material fact." Indeed, it is a fair presumption that Defendants' failure to identify record evidence to contradict Plaintiffs' statement results because the record does not, in fact, support their denials or counterstatements.

Defendants simply cannot be permitted to submit their "Response" in support of their motion for summary judgment. Plaintiffs provided an extensive, and painstakingly documented statement of undisputed material facts in opposition to summary judgment. Each and every one of Plaintiffs' statements are supported by deposition testimony or documentary evidence. Rule 56 and Local Rule 56.1 require the parties to demonstrate, by reference to the evidence of record, the absence of any genuine issue of material fact. The very essence of Federal Rule 56 and Local Rule 56.1 will be undermined if Defendants are permitted to support their summary judgment motion with completely unsupported denials and counterstatements of "fact."

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to enter its Order striking Defendants' Response to the Additional Undisputed Material Facts Filed by Plaintiffs.

                Respectfully submitted,

                ECKERT SEAMANS CHERIN & MELLOTT, LLC

                s/Adam M. Shienvold
                Bridget E. Montgomery, Esq.
                Pa. S. Ct. I.D. 56105
                Adam M. Shienvold, Esq.
                Pa. S. Ct. I.D. 81941
                213 Market Street, Eighth Floor
                P.O. Box 1248
                Harrisburg, PA 17108-1248
                717.237.6000

Date:  May 29, 2003        Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that I delivered a copy of the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

By First Class Mail

Anthony R. Sherr
Mayers, Menneis & Sherr, LLP
3031 Walton Road, Building A
Suite 330, PO Box 1547
Blue Bell, PA 19422-0440

s/Adam M. Shienvold
Adam M. Shienvold

Date: May 29, 2003    Counsel for Plaintiffs