# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. CORNEAL and<br>SANDRA Y. CORNEAL,<br>　　　Plaintiffs<br>　　　　v.<br><br>JACKSON TOWNSHIP, et al.,<br>　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 1:CV-00-1192<br><br>RAMBO, J.<br><br>JURY TRIAL DEMANDED<br><br>ELECTRONICALLY FILED |

## SURREPLY IN OPPOSITION TO SUMMARY JUDGMENT

　

Date: July 3, 2003

ECKERT SEAMANS CHERIN & MELLOTT, LLC
Bridget E. Montgomery, Esq.
Pa. S. Ct. I.D. 56105
Adam M. Shienvold, Esq.
Pa. S. Ct. I.D. 81941

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. RELEVANT PROCEDURAL HISTORY ...........................................................1

III. ARGUMENT ..........................................................................................................3

    A.    Defendants Have Misstated and Mischaracterized the Undisputed Material Facts. ................................................................3

    B.    Defendants Have Again Mischaracterized the Legal Background Against Which The Defendants' Actions Must Be Evaluated. ...........................................................................................7

IV. CONCLUSION .....................................................................................................12

i

I.  **INTRODUCTION**

Pursuant to this Court's Order dated June 23, 2003, Plaintiffs David B. Corneal and Sandra Y. Corneal (the "Corneals") submit this Surreply Brief in Opposition to Defendants' Motion for Summary Judgment to correct certain mischaracterizations of fact and law in Defendants' Reply Brief in Support of Summary Judgment.

II.  **RELEVANT PROCEDURAL HISTORY**

By Order dated March 18, 2003, the Court directed the Defendants to file a renewed motion for summary judgment, addressing in particular the effect of the Third Circuit's recent decision in <u>United Artists Theatre Circuit, Inc. v. Twp. of Warrington</u>, 316 F.3d 392 (3d Cir. 2003), on Plaintiffs' claims under 42 U.S.C. § 1983 for violation of their substantive due process rights.  On or about April 1, 2003, Defendants filed their "Motion for Summary Judgment on Plaintiffs' Substantive Due Process and State Law Claims" (hereinafter "Second Motion for Summary Judgment") and supporting papers.  On or about April 18, 2003, Defendants filed their Brief in Opposition to Defendants' Motion for Summary Judgment, as well as an Answer to Defendants Statement of Material Facts in Support of Motion for Summary Judgment that included Additional Undisputed Material Facts in Opposition to Defendants' Statement of Material Facts, and an Appendix of Exhibits in support thereof.  Defendants thereafter filed a "Reply

Memorandum of Law In Support of Their Motion for Summary Judgment" on or about May 12, 2003, along with a "Response" to Plaintiffs' Additional Undisputed Material Facts.  Defendants' "Response" purports to be their answer to the Plaintiffs' Additional Undisputed Material Facts in Opposition to Summary Judgment, but fails to include a single reference to the testimony or exhibits of record to support any denial or counterstatement of fact in violation of Local Rule 56.1.  Moreover, Defendants' Reply Brief contains several characterizations of law and fact that are completely unsupportable by the record.

In light of the deficiencies of Defendants' Reply Brief and "Response" to Plaintiffs' Statement of Additional Undisputed Material Facts, on May 23, 2003, Defendants filed a Motion to Strike Defendants' "Response" and a Motion for Leave to File a Surreply Brief in Opposition to Summary Judgment.  After consideration of the parties submissions, the Court denied Plaintiffs' Motion to Strike Defendants' Response and granted leave to file a surreply brief.  Plaintiffs now submit this Surreply Brief in Opposition to Summary Judgment to respond to the inaccurate characterizations of law and fact presented in Defendants' Reply Brief.

## III. ARGUMENT

### A. Defendants Have Misstated and Mischaracterized the Undisputed Material Facts.

Throughout their Reply Brief, Defendants mischaracterize the material facts upon which Plaintiffs' claims are based. First, Defendants repeatedly have attempted to characterize Plaintiffs' claims as based on the allegation that the Defendants enacted the Jackson Township Subdivision and Land Development Ordinance to prevent the Corneals from developing their property. (Defs.' Reply Br. at 5-6). A comprehensive review of the pleadings and papers filed in this case, however, reveals that the Corneals never have asserted that the Defendants enacted the Subdivision Ordinance to prevent the development of the Property. To the contrary, the Corneals have alleged that the Defendants have interfered with the development of their property by imposing an unlawful moratorium, refusing to issue appropriate permits to which the Corneals were legally entitled, usurping the supposedly independent authority of the Sewage Enforcement Officer and the Building Permit Officer, denying the Corneals access to public records, initiating frivolous administrative and judicial complaints against the Corneals, interfering with the prospective sale of the farmhouse and barn, and imposing regulatory burdens on the Corneals that were not applied to any other resident of Jackson Township. The Corneals never have challenged the right of the Township to enact a subdivision ordinance, the Corneals have challenged the unlawful acts

undertaken by the defendants in the *absence* of a valid subdivision and land development ordinance.

Among the other factual misstatements in Defendants' Reply Brief is the allegation that the Moratorium was in effect one month before the Corneals' first proposed subdivision was even drafted. (Defs.' Reply Br. at 6). First, the *completion* date, not the *draft* date, of the Initial Subdivision Plan is February 4, 2000. (Simpson Dep. at 17; App. 8 to Pls.' Br. in Opp. to Summ. J.). Second, this assertion presumes that the Moratorium ever was effective – as more fully set forth in Plaintiffs' Brief in Opposition to the Second Motion for Summary Judgment, the Moratorium never was or could have been effective because it was contrary to Pennsylvania law both procedurally and substantively. Finally, the Defendants knew as early as summer 1999 that the Corneals intended to subdivide the property. It is of no moment when the subdivision plan finally was fully drafted – Defendants Wilson and Parks had been an integral part of the planning of the subdivision in 1999 because his Defendant Wilson's private excavation company and Defendant Parks performed all of the test work for on-site septic locations for each of the proposed lots. (Wilson Dep. at 46, App. 1 to Pls.' Br. in Opp. to Summ. J.; Parks Dep. at 44, App. 6 to Pls.' Br. in Opp. to Summ. J.). Consequently, Defendants' suggestion that the Moratorium was in place well

before the Corneals proposed to subdivide the Property is patently disingenuous and misleading.

The Defendants similarly misrepresent all of the Corneals' efforts to comply with the Defendants' arbitrary requests. Attempting to suggest that the Corneals refused to even attempt to cooperate with the Township, Defendants allege that "[a]t all times, Mr. Corneal's plans included a proposed subdivision." That allegation is completely false. At the April 3, 2000, meeting of the Township Board of Supervisors, Mr. Corneal publicly stated that he would forego subdividing the Property if the Supervisors simply would approve the sewage modules for the home he intended to construct on the property. (Wilson Dep. at 120-27, App. 1 to Pls.' Br. in Opp. to Summ. J.; Stipulation ¶ 93; App. 34 to Pls.' Br. in Opp. To Summ. J.). Indeed, even after Mr. Corneal announced that he would forego subdivision, the Defendants still refused to approve his sewer modules. (Id.).

Furthermore, the Defendants suggest that the Corneals were deliberately and willfully ignoring the appropriate procedures for improving their property. For example, Defendants suggest that by "commenc[ing] construction of a driveway on their property in the spring of 2000" the Corneals were somehow doing something inappropriate. (Defs.' Reply Br. at 9). Nothing could be further from the truth. Jackson Township had no Driveway Ordinance prior to July 10, 2000. (Jackson

5

Township Ordinance 2000-2 ("Driveway Ordinance"), July 10, 2000, App. 25 to Pls.' Br. in Opp. to Summ. J.; Williams Dep. at 31, App. 20 to Pls.' Br. in Opp. to Summ. J.). Moreover, the driveway that the Corneals allegedly were "construct[ing]" was a pre-existing road on the property; the Corneals merely were resurfacing the existing roadway with the *intention* of using it as a driveway. (Corneal Dep. at 111-12, App. 7 to Pls.' Br. in Opp. Summ. J.).

Similarly, the Defendants argue that "Mr. Corneal ultimately did construct an apartment on top of the garage, without the requisite permits and/or approval." (Defs.' Reply Br. at 9). That statement simply is unsupported by the record. Indeed, the record citations provided by Defendants support only the conclusion that the Corneals sought approval to build a garage on the property.

Defendants' next allegation, that "Corneal did not seek to comply with the requisite ordinances even with the expiration of the moratorium until the Solicitor sent him a cease and desist request on July 28, 2000," is so absurd that it is laughable – this entire lawsuit is based upon Mr. Corneal's attempts to comply with the requirements of a renegade Board of Supervisors and the Defendants' deliberate and unconscionable refusal to comply with law or procedure. Mr. Corneal was rebuffed with every attempt to follow the regulations – the Board improperly denied sewage modules, improperly interfered with and denied building permits, improperly denied subdivision approval, improperly instituted

regulatory complaints, improperly initiated civil litigation, and did everything it could imagine to prevent the Corneals from using and enjoying their property as is their fundamental right.  Indeed, Mr. Corneal even attempted to comply with the new regulations that were not in effect at the time that he initially sought to subdivide then build, even after he initiated this lawsuit, simply as a means to mitigate his own damages and to resolve this dispute amicably.  The Defendants, however, responded with a completely inappropriate denial of the Corneals' building permit applications – despite the fact that neither the building permit officer nor the solicitor had ever seen the applications – and a subsequent civil lawsuit to enjoin the construction on his property.

In sum, Defendants' Reply Brief demonstrates beyond any dispute that their Motion for Summary Judgment is based upon an entirely skewed presentation of facts in this matter.  Indeed, Defendants' "liberties" with the facts of this matter demonstrate the frailty of their position, and compel no conclusion other than that this case must be presented to a jury for final determination.

    **B.**    **Defendants Have Again Mischaracterized the Legal Background Against Which The Defendants' Actions Must Be Evaluated.**

The very first overt act by the Defendants material to this case is the imposition of the unlawful Moratorium in January 2000.  Defendants claim that, at the time the Township attempted to enact the Moratorium, "the Pennsylvania Courts endorsed moratoriums."  (Defs.' Reply Br. at 6, citing Naylor v. Township

7

of Hellam, 717 A.2d 629, 633 (Pa. Commw. 1998), rev'd 773 A.2d 770 (Pa. 2001)). That assertion is a plain misreading of the law. In 2000, at the time the Defendants purported to pass the "Moratorium" despite their complete and utter failure to abide by a single requirement of the Second Class Township Code, 53 P.S. § 66601, the Commonwealth Court of Pennsylvania had not "endorsed" blanket moratoria of indefinite duration on land development. In Naylor v. Township of Hellam, 717 A.2d 629 (Pa. Commw. 1998) ("Naylor I"), the question presented to the court was whether the Municipalities Planning Code ("MPC"), 53 P.S. § 10101, et seq., prohibited the implementation of moratoria. The Commonwealth Court noted that the MPC did not, by its terms, expressly authorize the imposition of moratoria, but neither did it prohibit moratoria. Consequently, the court (incorrectly) concluded that, based on the pending ordinance doctrine, a municipality may impose a temporary moratorium on development "*while land use regulations are in the process of being revised.*" Id. at 633 (emphasis added). In the present case, unlike in Naylor I, the Moratorium was imposed in the absence of any land use regulations whatsoever – there were no land use regulations to revise, the pending ordinance doctrine therefore was inapplicable, and no authority existed for implementation of any type of moratorium on land development. Moreover, the land development ordinance that the Township was preparing, by the Defendants' own assertions, had been "in the

8

works" for over two years – yet the Defendants only attempted to implement the Moratorium when the Corneals were about to present a subdivision plan that would result in the Corneals subdividing and selling a portion of Defendant Wilson's grandfather's farm.

Defendants also state in their Reply Brief that "While Plaintiffs object to Defendants' entitlement to qualified immunity based largely on the alleged improprieties and the imposition of the moratorium, such is no longer at issue in this case." (Defs.' Reply Br. at 12). Certainly, Plaintiffs acknowledge that the Court granted summary judgment in favor of the Defendants on Plaintiffs' claim for violation of procedural due process rights. See Corneal v. Jackson Township, No. CV:00-1192, slip op. at 11-12 (M.D. Pa. Dec. 23, 2002). That determination, however, is immaterial to the question of whether the Defendants violated clearly established statutory rights or constitutional rights of which a reasonable person would have known. See Turiano v. Schnarrs, 904 F. Supp. 400, 414 (M.D. Pa. 1995) (Rambo, C.J.). Indeed, this Court already determined in its Opinion dated December 23, 2002, that a material question of fact remained as to the Defendants' motivations for taking the acts relating to the moratorium that prevented summary judgment. Although the applicable standard for determining whether the Defendants' actually violated the Corneals' civil rights has changed from

9

"improper motive" to "shocks the conscience," Plaintiffs respectfully submit that, in the circumstances presented in this case, where Defendants

> had "time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations. When such extended opportunities to do better are teamed with protracted failure even to care, indifference is truly shocking."

Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 853, 118 S. Ct. 1708, 1720 (1998)). In other words, the Defendants in this case carried out a series of deliberate, arbitrary acts over a period of more than ten months which they knew, as any reasonable person would know, would deprive the Corneals of the right and ability to use and enjoy their property. It is inconceivable, therefore, that the Defendants would be entitled to qualified immunity on Plaintiffs' substantive due process claims merely because this Court already granted judgment on the procedural due process claim. The new standard for evaluation of the substantive due process claim does not alter the inescapable conclusion that the Corneals are entitled to present their claims to a jury for a determination of whether the Defendants' deliberate and arbitrary acts which deprived them of their fundamental right to use and enjoy their property were "shocking to the conscience."

Moreover, contrary to Defendants' assertion, the Corneals' claims are based on far more than the procedural improprieties surrounding the Moratorium.

10

Certainly, it is undisputed that the Defendants enacted the Moratorium in the absence of any land use ordinances, and without observing any of the procedural guidelines of the Second Class Township Code.  Beyond that, however, the Board directed the Building Permit Officer and the Sewage Enforcement Officer not to assist the Corneals to develop their property.  The Township Secretary deliberately denied Mr. Corneal access to public records.  Defendant Wilson filed a baseless complaint with the Department of Environmental Protection and Corps of Engineers.  Defendants Van Dommelen and Parks abdicated their supposedly independent roles and refused to issue appropriate documents or permits to the Corneals at the direction of the Board.  Defendant Van Dommelen admitted that he refused to give even an application for a building permit to that "trouble-making yuppie from over the mountain" simply because he "didn't want him to have one." Clearly, there is far more to the Corneals claim than procedural "improprieties" relating to the imposition of the Moratorium.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiffs' Brief in Opposition to Summary Judgment, this Court should deny the Defendants' Motion for Summary Judgment, and set this case for trial.

                                          Respectfully submitted,

                                          ECKERT SEAMANS CHERIN & MELLOTT, LLC

                                          s/Adam M. Shienvold
                                          Bridget E. Montgomery, Esq.
                                          Pa. S. Ct. I.D. 56105
                                          Adam M. Shienvold, Esq.
                                          Pa. S. Ct. I.D. 81941
                                          213 Market Street, Eighth Floor
                                          P. O. Box 1248
                                          Harrisburg, Pennsylvania 17108-1248
                                          Telephone:  717.237.6000

Date:  July 3, 2003                    Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I certify that I delivered a copy of the forgoing document upon the persons in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

>Anthony R. Sherr
>Mayers, Mennies & Sherr, LLP
>3031 Walton Road, Building A
>Suite 330, PO Box 1547
>Blue Bell, PA 19422-0440

|  |  |
|---|---|
|  | s/Adam M. Shienvold |
|  | Adam M. Shienvold, Esq. |
| Date:  July 3, 2003 | Counsel for Plaintiffs |