# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David B. Corneal and Sandra Y. Corneal, | : | No: 1:CV-00-1192 |
| Plaintiffs, | : | |
| | : | Judge Rambo |
| v. | : | |
| | : | |
| Jackson Township, et al., | : | ELECTRONICALLY FILED |
| Defendants. | | |

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS

Pursuant to Local Rule of Civil Procedure 54.3, and pursuant to the Court's instruction dated April 19, 2004, Plaintiffs, David B. and Sandra Y. Corneal, submit their objections to the Defendants' Bill of Costs, and in support thereof state:

1.     On August 11, 2003, Defendants Jackson Township, W. Thomas Wilson, Michael Yoder, Ralph Weiler, Barry Parks, David Van Dommelen, and Ann L. Wirth filed a Bill of Costs in the above-captioned matter, in the amount of Five Thousand Seven Hundred Thirty-three and 34/100 Dollars ($5,733.34).

2.     Defendants itemized their costs as follows:

| | |
|---|---|
| Fees for service, summons and subpoena | $   161.50 |
| Fees for the court reporter | $3,039.66 |
| Fees for witnesses[1] | $     60.00 |
| Other costs | $2,472.18 |

---

[1] Improperly identified on the Bill of Costs as fees for exemplification and copies of papers.

{L0279411.1}

    3.    Plaintiffs object to all costs identified on Defendants' Bill of Costs with the exception of the following:

| | |
|---|---|
| Witness fees | $     60.00 |
| Court reporter fees for depositions | $ 3,039.66 |

    4.    Defendants have attached to their Bill of Costs an "itemization and documentation", to which Plaintiffs will respond seriatim.

    5.    Plaintiffs object to Item No. 1, an invoice for surveying services from David Simpson in the amount of $83.19, because it is not one of the permissible categories of costs taxable under 28 U.S.C. §1920, Federal Rule of Civil Procedure 54, or Local Rule 54.4.  The local rules do not authorize taxation of costs for professional service fees.  Moreover, the rules do not permit taxation of costs of duplication of documents unless those documents are admitted into evidence.  See Local Rule 54.4(5).  This documentation does not identify the documents which were reproduced, or whether they were ever entered into evidence or necessarily attached to a document or made part of the deposition transcript.  Furthermore, the bill includes mileage to a deposition which would have been taxable as part of the witness fees set forth separately in the Bill of Costs.  Thus, the Clerk should refuse to tax costs against the Plaintiffs for the invoice from David A. Simpson.

    6.    Plaintiffs object to Item No. 2 in Defendants' Bill of Costs, an invoice from Copy Rite in the amount of $84.82.  One-half of the amount of this copy bill is referenced as being included in the invoice for surveying services from David A.

Simpson, which is attached to Defendants' Bill of Costs as Item No. 1. Defendants therefore are attempting to tax the same costs twice. Moreover, there is no indication of what copies were made, for what purpose they were made, or whether any such documents were ever admitted into evidence or attached to a deposition, as required by Local Rule 54.4(5). Consequently, the Clerk should refuse to tax the costs of copies made for the benefit of David A. Simpson to Plaintiffs.

7. Plaintiffs object to Item No. 3 in Defendants' Bill of Costs, an invoice from the Days Inn Penn State in the amount of $90.00. Local Rule 54.4(3) specifically states that expenses incurred in taking a deposition are not taxable. The $90.00 referenced in this line item of Defendants' Bill of Costs is a room fee charged to the Defendants in connection with the taking of a deposition. Consequently, the Clerk should refuse to tax the costs identified as Item No. 3 in Defendants' Bill of Costs to Plaintiffs.

8. Plaintiffs object to Item No. 4 in Defendants' Bill of Costs, an invoice from Capitol Copy Service in the amount of $1,202.25. The Bill of Costs contains no indication of what documents were reproduced, whether they were ever entered into evidence or necessarily attached to a document required to be filed with the court or to a deposition, as required by Local Rule 54.4(5). Consequently, the Clerk should refuse to tax the costs set forth as Item No. 4 of Defendants' Bill of Costs.

9. Plaintiffs object to Item No. 5 in Defendants' Bill of Costs, an invoice from Conlin's Copy Center in the amount of $271.66. Defendants have not identified what documents were duplicated or for what purpose, or whether any such documents were attached to any pleading or other paper filed with the court, or to a deposition, as required by Local Rule 54.4(5). Moreover, the invoice indicates that "six sets" of copies were made, and the rules prohibit the taxation of costs for any copies other than those necessarily required to be filed with the court. Local Rule 54.4(5). Finally, the invoice included in Defendants' Item No. 5 includes a fee for "pick up and delivery" which is not a fee necessarily incurred in the course of litigation, and therefore is inappropriate for inclusion in the Bill of Costs. Consequently, the Clerk should refuse to tax the costs requested for Item No. 5 of Defendants' Bill of Costs.

10. Plaintiffs object to Item No. 6 in Defendants' Bill of Costs which consists of two (2) invoices from Conlin's Copy Center for a total of $740.26. Defendants state that these costs were incurred for the reproduction of "trial exhibits," however, no trial ever occurred in this matter inasmuch as judgment was entered on Defendants' Motion for Summary Judgment. Consequently, none of the documents reproduced as "trial documents" were ever admitted into evidence or attached to any pleading filed with the court or attached to any deposition, and therefore are inappropriate for inclusion in the Bill of Costs. Local Rule 54.4(5).

The Clerk should refuse to tax the costs for Item No. 6 of Defendants' Bill of Costs.

11.  Plaintiffs object to Item No. 7 in Defendants' Bill of Costs, an invoice from State Constable Services in the amount of $161.50.  Defendants assert that this invoice is for service of four (4) subpoenas; however, the invoice indicates that it was for service of a single subpoena, for which there was a $50.00 up-charge for two (2) additional attempts to serve the subpoena.  It is inappropriate to tax the costs of ineffective service to the Plaintiffs in this matter, and the court should therefore refuse to charge the Corneals with the costs of ineffective service of a subpoena by the Defendants.

WHEREFORE, Plaintiffs respectfully request the Clerk of Court to refuse to tax the costs set forth in Defendants' Bill of Costs against the Plaintiffs.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

s/Adam M. Shienvold
Bridget E. Montgomery, Esquire
Supreme Court I.D. No. 56105
Adam M. Shienvold, Esquire
Supreme Court I.D. No. 81941
213 Market Street, Eighth Floor
Harrisburg, PA 17101
717.237.6000

Date:  April 27, 2004        Attorneys for Plaintiffs, David B. Corneal and Sandra Y. Corneal

# CERTIFICATE OF SERVICE

I certify that I delivered a copy of the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure.

<u>Via First Class Mail</u>
Anthony R. Sherr, Esquire
Mayers, Mennies & Sherr, LLP
3031 Walton Road, Building A
Suite 330, P.O. Box 1547
Blue Bell, Pennsylvania 19422-0440


s/Adam M. Shienvold
Adam M. Shienvold, Esquire

Date: April 27, 2004    Counsel for Plaintiffs, David B. Corneal and Sandra Y. Corneal