NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3587
_____

DAVID B. CORNEAL;
SANDRA Y. CORNEAL,

Appellants

v.

JACKSON TOWNSHIP, Huntingdon County, Pennsylvania;
W. THOMAS WILSON, Individually and in his Official
Capacity as Supervisor of Jackson Township;
MICHAEL YODER, Individually and in his Official
Capacity as Supervisor of Jackson Township;
RALPH WEILER, Individually and in his Official
Capacity as Supervisor of Jackson Township;
BARRY PARKS, Individually and in his Official
Capacity as Sewage Enforcement Officer of Jackson Township;
DAVID VAN DOMMELEN, Individually and in his Official
Capacity as Building Permit Officer;
ANN L. WIRTH, Individually and in her Official
Capacity as Secretary of Jackson Township;
LARRY NEWTON, Individually and in his Official Capacity as
Solicitor to Jackson Township
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 00-cv-01192)
District Judge: Honorable Sylvia H. Rambo
_____

Argued: March 30, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed April 13, 2004)

Bridget E. Montgomery (Argued)
Adam M. Shienvold
Eckert, Seamans, Cherin & Mellott
213 Market Street, 8th Floor
Harrisburg, PA  17101
	*Attorneys for Appellants*

Anthony R. Sherr (Argued)
Mayers, Mennies & Sherr
3031 Walton Road
Building A, Suite 330
P.O. Box 1547
Blue Bell, PA  19422
	*Attorney for Appellees, Township
	of Jackson, W. Thomas Wilson,
	Michael Yoder, Ralph Weiler,
	Barry Parks, David Van Dommelen,
	and Ann L. Wirth*

Kathryn L. Simpson (Argued)
Mette, Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA  17110-0950
	*Attorney for Appellee, Larry Newton*

_____

OPINION OF THE COURT
_____

FISHER, <u>Circuit</u> <u>Judge</u>.

David and Sandra Corneal appeal the district court's grant of summary judgment to Jackson Township and various officials on claims for substantive due process and tortious interference with contract. Plaintiffs also argue that the district court erred in

granting a motion to dismiss the Township solicitor from the case, and in the alternative, suggest that the court abused its discretion in denying leave to amend. We will affirm.

The parties are familiar with the facts and procedural history, which we will not recite except as necessary to the discussion. The Corneals argue that a jury must decide whether their substantive due process rights were violated by the enactment of a moratorium on subdivisions and other actions that allegedly interfered with the plaintiffs' attempts to subdivide, develop, and sell property they owned in Jackson Township. In <u>United Artists Theatre Circuit, Inc. v. Township of Warrington, Pa.</u>, we concluded that "executive action violates substantive due process only when it *shocks the conscience*." 316 F.3d 392, 399-400 (3d Cir. 2003) (emphasis added). Otherwise, federal courts could be "cast in the role of a zoning board of appeals." <u>Id.</u> at 402 (internal quotes removed).

We agree with the district court's discussion of <u>United Artists</u> and will not repeat what was addressed in the decision below. As noted by the district court, unless the defendants' actions were "completely unrelated in any way to a rational land use goal," there is no violation. <u>See</u> <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846 (1998) (due process protects against "exercise of power without any reasonable justification in the service of a legitimate governmental objective"). Although some conduct may evidence personal animus – such as calling Mr. Corneal "that trouble-making yuppie from over the

3

mountain" – under United Artists, mere improper motives are not conscious-shocking.[1] See United Artists, 316 F.3d at 400-01.

The enactment of the moratorium was related to rational land-use decisions, and as such, fails to shock the conscience. See Bituminous Materials, Inc. v. Rice County, 126 F.3d 1068, 1070-71 (8th Cir. 1997) (despite personal animus, zoning board "had rational bases" to restrict the plaintiff's permit). Although the moratorium might not have been in accordance with state law when enacted, even "[a] bad-faith violation of state law remains only a violation of state law." Chesterfield Development Corp. v. City of Chesterfield, 963 F.2d 1102, 1105 (8th Cir. 1992), cited in United Artists, 316 F.3d at 402. The defendants' subsequent actions were related to or stemmed from the moratorium, and also fail to shock the conscience, either individually or as a whole.

Detailed discussion of the plaintiffs' other contentions is not necessary. Plaintiffs claim that defendants interfered with the Corneals' contract to sell property to a third party, because the solicitor told the buyers' attorney that he doubted a subdivision ordinance would be adopted by the closing date and may have said that the supervisors would not grant plaintiffs subdivision approval. The buyers pulled out of the contract.

---

[1] Plaintiffs suggest that one of the defendants had a personal interest in the property, which had previously belonged to that defendant's grandfather in the 1960s. We agree with the district court that no reasonable jury could conclude that the purported motivation was determinative to the defendants' conduct. "Mere speculation about the possibility of the existence of such facts does not entitle [plaintiffs] to go to trial." Sterling Nat'l Mortgage Co., Inc. v. Mortgage Corner, Inc., 97 F.3d 39, 45 (3d Cir. 1996).

Such facts fail to show an intent to interfere and an absence of privilege or justification, both elements of an intentional interference claim. See <u>Triffin v. Janssen</u>, 626 A.2d 571, 574 (Pa. Super. 1993) (listing elements and holding that plaintiff failed to meet burden to show defendant lawyer's conduct was unprivileged or unjustified).[2]

Finally, as the claims in this case were properly dismissed, issues regarding the dismissal of the solicitor are moot. Amendment would be futile as it would not change the outcome. See <u>Krantz v. Prudential Invs. Fund Mgmt. LLC</u>, 305 F.3d 140, 144 (3d Cir. 2002) (futility justifies denial of leave to amend).

Accordingly, the judgment of the district court will be affirmed.

---

[2] The only state claim raised in this appeal is the interference with contracts claim. Although plaintiffs broadly pray for reversal of their "state law claims," such a passing reference is insufficient to bring unaddressed issues before this Court on appeal. <u>Simmons v. City of Phila.</u>, 947 F.2d 1042, 1066 (3d Cir. 1991).