IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID B. and SANDRA Y. CORNEAL** | : |
| **Plaintiffs** | : CIVIL ACTION 1:00-CV-1192 |
| | : (Judge Rambo) |
| v. | : |
| **JACKSON TOWNSHIP, ET AL** | : |
| **Defendants** | : |

### CLERK'S TAXATION OF COSTS

**February 14, 2005**

Pending for taxation is the defendants' bill of costs in the amount of $5,733.34 for subpoena service, deposition expenses, witness fees, copying charges and other costs. The plaintiffs have filed detailed objections, which were considered thoroughly in the resolution of this matter. For the following reasons, costs will be taxed against the plaintiffs and in favor of the defendants in the amount of $3,947.52.

In order to defeat a verified claim for costs under Federal Rule of Civil Procedure 54(d), the opposing party must establish that a claim is "incorrectly stated, unnecessary or unreasonable." In all cases, however, it is the prevailing party's duty to "establish to the court's satisfaction that the particular costs for which reimbursement is claimed are authorized by statute." Green Construction Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D.Kan. 1994).

There are six, narrow categories of taxable costs specified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the transcript necessarily obtained

for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Fees and disbursements for witnesses taxed under § 1920(e) are controlled by 28 U.S.C. § 1821.

The bill of costs contains a request to be reimbursed for private subpoena service in the amount of $161.50.  Private subpoena service is not taxable under §1920, either as a fee of the marshal or as a witness fee.  See Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987); United States v. Merritt Meridian Construction Co., 95 F.3d 153, 172 (2d Cir. 1996); In re Philadelphia Mortgage Trust v. Touche Ross & Co., 930 F.2d 306, 307 (3d Cir. 1991).  Therefore, costs taxed in favor of the defendants will not include their expenses for private service of process.

Also outside the boundaries of expenses that may be taxed under § 1920 are $60.41 of the $83.19 claimed for surveying services.[1]  A $90.00 room charge connected to taking a deposition likewise is not taxable under the applicable standards.

The bill of costs itemizes copying charges totaling $2,214.17.  Of this amount, $1,473.91 are

---

1.   This line item contains what appears to be $22.78 in taxable witness expenses.

connected with papers that have not been described in any meaningful detail. By declining either to identify any of the photocopied documents or to explain how such documents were used in the course of the litigation, the defendants have not met their burden to establish that these costs were necessary to the case. See Northbrook Excess & Surplus v. Proctor & Gamble, 924 F.2d 633, 643 (7th Cir. 1991) (prevailing party required to provide accurate breakdown of exemplification costs from available records); Zapata Gulf Marine v. Puerto Rico Maritime Shipping Authority, 133 F.R.D. 481, 484 (E.D.La. 1990) (costs for photocopies disallowed where there was "no information about what was copied or how the copy was used"). Accordingly, taxable costs for the defendants' photocopying expenses will be limited, over plaintiffs' objections, to $740.26 claimed for trial exhibits. See McIlveen v. Stone Container Corporation, 910 F2d. 1581, 1584 (7th Cir. 1990) (not necessary that trial exhibits be introduced as evidence in order for copying charges to be taxed).

As the remaining items claimed are taxable under 28 U.S.C. §1920 and the Local Rules of Court, **IT IS HEREBY ORDERED THAT** costs be taxed against the plaintiffs and in favor of the defendants in the amount of $3,947.52.

Any party may appeal this decision to the court within five days of taxation. Written specifications of the items objected to and the grounds of objections must be filed and served within five days. LR 54.3.

                                              **s/ Mary E. D'Andrea**
                                              MARY E. D'ANDREA, Clerk